ORIGINAL

PATRICK J. CULLEN (240207)
ROBERT N. MACKAY (192423)
NEIL A. WARHEIT (133218)
WILLIAM M. PATE, JR. (45734)
National Labor Relations Board, Region 21
888 South Figueroa Street, 9th Floor
Los Angeles, CA 90017-5449
Telephone: (213) 894-7016
Facsimile: (213) 894-2778
E-mail: Patrick.Cullen@nlrb.gov

Attorneys for the NLRB



FILED

JAN 1 0 2008

CLERK, U.S. DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA
BY _____ DEPUTY

# UNITED STATES DISTRICT COURT

## SOUTHERN DISTRICT OF CALIFORNIA

|  |  |
|---|---|
| NATIONAL LABOR RELATIONS BOARD, <br><br> Applicant, <br><br> v. <br><br> BCI COCA-COLA BOTTLING COMPANY, <br><br> Respondent. | Case No.: **'08 CV 0055 WQH NLS** <br><br> Notice of Motion of Application and NLRB's Application For Order Requiring Compliance With Administrative Subpoena Duces Tecum <br><br> Date: <br><br> Time: <br><br> Judge: <br><br> Courtroom: |

To Respondent BCI Coca-Cola Bottling Company:

You are hereby notified that on the ___ day of _____ 2008, or as soon thereafter as the matter may be heard, Applicant National Labor Relations Board, will move this Court for an application for an order requiring compliance with an administrative subpoena duces tecum.

The National Labor Relations Board, hereinafter referred to as the Board, an administrative agency of the Federal Government, created pursuant to the National Labor Relations Act, as amended (29 U.S.C. § 151 et seq.), hereinafter referred to as the Act, respectfully applies to this honorable court, pursuant to Section 11(2) of the Act (29 U.S.C. § 161(2)), for an order requiring Respondent BCI Coca-Cola Bottling Company to comply with a subpoena duces tecum issued by the Board and duly served on Respondent in the manner provided by law. In support of this application, upon information and belief, the Board respectfully shows as follows:

(1) This Court has jurisdiction of the subject matter of the proceeding and of Respondent by virtue of Section 11(2) of the Act. Respondent resides within this judicial district at 3900 Ocean Ranch Boulevard, Oceanside, California, and Respondent is engaged in business within this judicial district.

(2) Pursuant to the provisions of Section 6 of the Act, the Board has issued Rules and Regulations hereinafter referred to as the Rules, governing the conduct of its operations, which Rules have been duly published in the Federal Register (24 F.R. 9095), as provided for in the Administrative Procedures Act (5 U.S.C. § 552). This court may take judicial notice of the Rules by virtue of 44 U.S.C. § 1507.

(3) This application arises as a result of events in two unfair labor practice charges currently pending before the Board pursuant to Section 10(b) of the Act (29 U.S.C. §160(b)). These charges are: Coca-Cola Bottling Company of San Diego, Case 21-CA-37682, and BCI Coca-Cola Bottling Company of Los Angeles, t/a, Coca-Cola Bottling Company of Southern California, Case 21-CA-37683. Attached as Exhibit 1 are true and correct copies of the underlying unfair labor practice charges and amendments to those charges in these matters. (See Declaration of Patrick J. Cullen). The investigation of these charges involves allegations that Coca-Cola Bottling Company of San Diego and BCI Coca-Cola Bottling Company of Los Angeles, trading as Coca-Cola Bottling Company of Southern California (collectively, the Charged Parties) have violated the Act by

- 2 -

failing and refusing to bargain in good faith with the exclusive collective-bargaining representatives of their respective employees regarding the transfer of bargaining-unit employees to a facility in Oceanside, California, and regarding the effects of opening the Oceanside, California, facility on bargaining-unit employees at the Charged Parties' facilities in San Diego, Orange, and Rancho Cucamonga, California. It is alleged that Respondent has information relevant to the Board's completion of these investigations and the determinations on the merits of the charges, including whether a complaint should issue against either or both of the Charged Parties.

(4)  In relation to the charges described in paragraph (3) above, the Board did cause to be issued on August 7, 2007, at the written request of a representative of the General Counsel of the Board, a subpoena duces tecum directed to Respondent's Custodian of Records, requiring Respondent's Custodian of Records to appear before the Regional Director for Region 21 at 9:30 a.m., on August 21, 2007, at the Regional offices of Region 21 of the National Labor Relations Board, 888 South Figueroa Street, 9th floor, Conference Room A, Los Angeles, California (the Regional Office), and to then and there give testimony and provide documents relevant to the unfair labor practice charges under investigation.  The subpoena was issued under the authority of, and in the manner and form provided for in Section 11(1) of the Act and Section 102.31 of the Rules. True and correct copies of the subpoena and certification of return of service are attached as Exhibit 2. (See Declaration of Patrick J. Cullen).

(5)  The subpoena described above in paragraph (4) was duly served on Respondent on August 7, 2007. Respondent acknowledged receipt on August 13, 2007. Service and receipt complied with Section 11(4) of the Act and Section 102.113 of the Rules. True and correct copies of the certified mail receipt and return receipt are attached as Exhibit 3. (See Declaration of Patrick J. Cullen).

(6) On August 20, 2007, Respondent filed a petition to revoke the subpoena described above in paragraph (4), as provided by Section 11(1) of the Act and Section 102.31(b) of the Rules. Respondent's petition to revoke was denied by the Board in an order dated November 20, 2007. True and correct copies of the petition to revoke the subpoena and the Board's order denying the petition to revoke are attached as Exhibits 4 and 5, respectively.

(7) By an order dated December 5, 2007, the Regional Director ordered Respondent's Custodian of Records to appear at the Regional Office at 9:00 a.m. on December 20, 2007, to provide testimony and documents as described in the subpoena identified above in paragraph (4). A true and correct copy of the Regional Director's order is attached as Exhibit 6. By mutual agreement between Respondent and the Regional Director, the date and time for Respondent's Custodian of Records to provide testimony and documents was rescheduled for 9:00 a.m. on December 21, 2007. (See Exhibit 7, page 0032, lines 2-9.)

(8) On December 21, 2007, Respondent's Custodian of Records failed to appear at the Regional Offices of Region 21 of the National Labor Relations Board. The transcript of the examination and supporting exhibits are attached as Exhibit 7. (See Declaration of Patrick J. Cullen). Although Respondent's Custodian of Records did not appear at the examination, one of Respondent's attorneys was present in his capacity as Respondent's legal counsel, and not as its custodian of records. (See page 0032, lines 10-18 in Exhibit 7.) At the examination, Respondent's attorney presented some redacted documents to the Board, and acknowledged that there were additional documents responsive to the subpoena, but those additional documents and the information redacted from the presented documents were being withheld because they allegedly contain proprietary trade secrets. (See page 0046, line 24 to page 0047, line 12 in Exhibit 7.) This objection of Respondent, along with all of its other objections, was rejected by the Board's denial of Respondent's petition to revoke. Regarding the documents presented at

the examination, Respondent's counsel stated that he has no personal knowledge regarding their contents, was not involved in their creation, and is not responsible for maintaining these documents on behalf of Respondent. (See page 0039, lines 10-22 in Exhibit 7.)

(9)  The failure of Respondent to comply with the subpoena duces tecum, constitutes contumacious conduct within the meaning of Section 11(2) of the Act. Furthermore, Respondent's conduct has impeded and continues to impede the Board in the investigation of the unfair labor practice matters before it, and is preventing the Board from carrying out its duties and functions under the Act.

///

///

///

///

///

///

///

///

///

///

///

///

///

///

///

///

///

///

///

WHEREFORE, in view of Respondent's contumacious conduct, the applicant, National Labor Relations Board, respectfully prays:

(1)  That an order issue requiring Respondent, BCI Coca-Cola Bottling Company's Custodian of Records to appear before the Regional Director for Region 21 of the Board, or his agent, at such time and place as the Regional Director may designate, and to produce the subpoenaed records, give testimony, and answer any and all questions relevant and material to the matters under investigation and in question in the proceedings before the Board; and

(2)  That the Applicant, National Labor Relations Board, have such other and further relief as may be necessary and appropriate.

Dated at Los Angeles, California, this 10th day of January, 2008.

Respectfully submitted,

**National Labor Relations Board**
William M. Pate, Jr.
Neil A. Warheit
Robert N. MacKay
Patrick J. Cullen

By: _Patrick J. Cullen_
Patrick J. Cullen
Attorneys for Applicant
National Labor Relations Board

- 6 -

| Exhibit No. | Page | Description |
|---|---|---|
| 1 | 1 | Unfair Labor Practice Charges and Amendments |
| 2 | 5 | Subpoena Duces Tecum |
| 3 | 11 | Certified Mail Receipt and Return Receipt |
| 4 | 15 | Respondent's Petition to Revoke Subpoena |
| 5 | 21 | Board's Order Denying Petition to Revoke |
| 6 | 23 | Regional Director's Order Setting Date for Testimony |
| 7 | 25 | Transcript of Subpoena Examination and Exhibits |

MAR 02 2007 14:09 FR NLRB SAN DIEGO   619 557 6358 TO REGION 21   P.02.03

INTERNET
FORM NLRB-501
(11-84)

FORM EXEMPT UNDER 44 U.S.C 3512

UNITED STATES OF AMERICA
NATIONAL LABOR RELATIONS BOARD
**CHARGE AGAINST EMPLOYER**

| DO NOT WRITE IN THIS SPACE | |
|---|---|
| Case 21-CA-37682 | Date Filed 3-2-07 |

INSTRUCTIONS:
File an original and 4 copies of this charge with NLRB Regional Director for the region in which the alleged unfair labor practice occurred or is occurring.

| 1. EMPLOYER AGAINST WHOM CHARGE IS BROUGHT | | |
|---|---|---|
| a. Name of Employer<br>Coca-Cola Bottling Company of San Diego | | b. Number of Workers Employed<br>Approx 300 |
| c. Address (street, city, State, ZIP, Code)<br>1348 - 47th Street, San Diego, Ca. 92102 | d. Employer Representative<br><br>Brian J. Sasadu, Dir. Labor Relations | e. Telephone No.<br>213-744-8779<br>Fax No.<br>213-744-8765 |
| f. Type of Establishment (factory, mine, wholesaler, etc.)<br>Retail and Wholesale Beverage Distribution Centers | g. Identify Principal Product or Service<br>retail and wholesale soft drink beverage warehousing and distribution | |
| h. The above-named employer has engaged in and is engaging in unfair labor practices within the meaning of Section 8(a), subsections (1) and (list subsections) (3) and (5) of the National Labor Relations Act, and these unfair labor practices are unfair practices affecting commerce within the meaning of the Act. | | |

2. Basis of the Charge (set forth a clear and concise statement of the facts constituting the alleged unfair labor practices.)

Since on or about December 1, 2006, and continuing thereafter, BCI Coca-Cola Bottling Company of Los Angeles, a wholly owned subsidiary of Coca-Cola Enterprises, Inc., trading as, Coca-Cola Bottling Company of San Diego, an Employer ("the Employer"), by and through its agents and supervisors, interfered with, restrained and coerced employees in the exercise of their rights under Section 7 of the Act, discriminated against employees engaging in concerted activities because they assisted Teamsters Local Union No. 683 in order to discourage employees from engaging in these activities, and failed and refused to bargain in good faith with Teamsters Local Union No. 683 ("the Union") as the recognized, exclusive collective bargaining representative of said employees in an appropriate unit, by and through the following acts and conduct:

(a) On or about December 1, 2006, and thereafter, the Employer, refused to hire or transfer, or consider for hire or transfer, employees currently performing services at its San Diego, California facility to a facility at Oceanside, California because said employees were represented for the purposes of collective bargaining by Teamsters Local No. 683, and since such date said Employer has discriminatorily sought to avoid hiring or transferring individuals who are members of or represented by Teamsters Local Union No. 683 in order to avoid its bargaining obligations at the Oceanside, California facility;

(b) Since December 1, 2006, and thereafter, the Employer has conditioned negotiations on mandatory bargaining subjects regarding transfer of bargaining unit employees to the Oceanside, California facility and the effects of the opening of the Oceanside facility on the bargaining unit operations at San Diego, California upon the Union's acceptance of unlawful subjects, such as barring employee's access to the procedures under Section 10 of the NLRA;

(c) Since December 1, 2006, the Employer has failed to comply with its obligations under Section 8(a) (5) of the Act by failing and refusing to bargain in good faith with representatives of the Union on mandatory bargaining subjects regarding transfer of bargaining unit employees to the Oceanside, California facility and the effects of the opening of the Oceanside facility on the bargaining unit operations at San Diego, California.

(d) Since on or about January 15, 2007, the above-named Employer has interfered with, restrained and coerced employees selected for employment at its Oceanside, California facility by, but not limited to, impliedly conditioning employment upon the agreement by employees not to designate Teamsters Local Union No. 683 as their collective-bargaining representative, directing employees to refuse all contacts with Teamsters representatives and impliedly conditioning continued employment at the Oceanside, California facility on employees' rejection of representation by Teamsters Local Union No. 683.

By the above and other acts, the above-named employer has interfered with, restrained, and coerced employees in the exercise of the rights guaranteed in Section 7 of the Act.

| 3. Full name of party filing charge (if labor organization, give full name, including local name and number)<br>Salesdrivers, Helpers and Dairy Employees Local Union No. 683 | | |
|---|---|---|
| 4a. Address (street and number, city, State, and ZIP Code)<br>2731 B Street, San Diego, Ca. 92102-1098 | | 4b. Telephone No.<br>619-232-7903<br>Fax No. |

5. Full name of national or international labor organization of which it is an affiliate or constituent unit (to be filled in when charge is filed by a labor organization)
International Brotherhood of Teamsters

**6. DECLARATION**
I declare that I have read the above charge and that the statements are true to the best of my knowledge and belief.

| By _[signature]_<br>(Signature of representative or person making charge) | Attorney | |
|---|---|---|
| | (Title, if any) | |
| Address Tosdal,Smith,Steiner&Wax,600BSt,Ste2100,San Diego,CA.92101 | Fax No. 619-239-7200<br>(Telephone No.) | March 2, 2007<br>Date |

WILLFUL FALSE STATEMENTS ON THIS CHARGE CAN BE PUNISHED BY FINE AND IMPRISONMENT (U.S. CODE, TITLE 18, SECTION 101)

**EXHIBIT 1**
0001

FORM NLRB-501
(11-98)

UNITED STATES OF AMERICA
NATIONAL LABOR RELATIONS BOARD

FIRST AMENDED   CHARGE AGAINST EMPLOYER

| DO NOT WRITE IN THIS SPACE | |
|---|---|
| Case 21-CA-37682 | Date Filed 4-11-07 |

INSTRUCTIONS:
File an original together with four copies and a copy for each additional charged party named in item 1 with NLRB Regional Director for the region in which the alleged unfair labor practice occurred or is occurring.

## 1. EMPLOYER AGAINST WHOM CHARGE IS BROUGHT

| a. Name of Employer | b. Number of workers employed |
|---|---|
| Coca-Cola Bottling Company of San Diego | |

| c. Address (Street, city, state, and ZIP code) | d. Employer Representative | e. Telephone No. (213)744-8779 |
|---|---|---|
| 1348 47th Street San Diego        CA        92102- | Brian Sasadu Director of Labor Relations | Fax No. (213)744-4765 |

| f. Type of Establishment (factory, mine, wholesaler, etc.) | g. Identify principal product or service |
|---|---|
| Retail & Wholesale Beverage Distribution | Retail & Wholesale Beverage Warehousing and Distribution |

h. The above-named employer has engaged in and is engaging in unfair labor practices within the meaning of section 8(a), subsections (1) and (list subsections) **(3) and (5)** of the National Labor Relations Act, and these unfair labor practices are practices affecting commerce within the meaning of the Act.

2. Basis of the Charge (set forth a clear and concise statement of the facts constituting the alleged unfair labor practices)

Within the past six months, the above-named Employer has refused to hire or transfer, or consider for hire or transfer, employees currently performing services at its San Diego, California facilities to its new facility at Oceanside, California because those employees were represented for the purposes of collective-bargaining by the Union. Additionally, the Employer has discriminatorily sought to avoid hiring or transferring individuals who are members of or represented by the Union in order to avoid its bargaining obligations at the Oceanside facility.

Within the past six months, the Employer has conditioned negotiations on mandatory subjects of bargaining concerning the transfer of bargaining unit employees to the Oceanside facility and the effects of the opening of this facility on the bargaining unit operations at the San Diego facilities, upon the Union's acceptance of unlawful subjects, such as barring employees' access to the procedures under the NLRA. The Employer has also failed and refused to bargain in good faith with the Union on mandatory subjects of bargaining regarding the transfer of bargaining unit employees to the Oceanside facility, and the effects of the opening of the Oceanside facility on the bargaining unit operations at the San Diego facilities.

Within the past six months, the Employer has interfered with, restrained and coerced employees elected for employment at its Oceanside facility by, among other things, impliedly conditioning employment upon the agreement by employees not to designate Teamsters Local 683 as their collective-bargaining representative, directing employees to refuse all contacts with Teamsters representatives, and impliedly conditioning continued employment at the Oceanside facility on employees' rejection of representation by Local 683.

Within the past six months, the Employer has failed and refused to furnish the Union with information necessary to discharge its representational obligations, and/or unlawfully delayed the furnishing of that information.

By the above and other acts, the above-named employer has interfered with, restrained, and coerced employees in the exercise of the rights guaranteed in Section 7 of the Act.

| 3. Full name of party filing charge (if labor organization, give full name, including local name and number) |
|---|
| Salesdrivers, Helpers and Dairy Employees Local Union No. 683 |

| 4a. Address (Street and number, city, state, and ZIP code) | 4b. Telephone No. (619)232-7903 |
|---|---|
| 2731 B Street San Diego        CA        92102- | Fax No. ( ) - |

5. Full name of national or international labor organization of which it is an affiliate or constituent unit (to be filled in when charge is filed by a labor organization) International Brotherhood of Teamsters

## 6. DECLARATION

I declare that I have read the above charge and that the statements are true to the best of my knowledge and belief.

| By (signature of representative or person making charge) | Fern        M        Steiner | Attorney (Print/type name and title or office, if any) |
|---|---|---|
| Address San Diego   600 B. Street, Ste 2100        CA        92101- | (tel) (619)239-6048 (619)239-7200 (Telephone No.) | 4/11/07 (date) |

WILLFUL FALSE STATEMENTS ON THIS CHARGE CAN BE PUNISHED BY FINE AND IMPRISONMENT (U.S. CODE, TITLE 18, SECTION 1001)

21-2007-1600

TOTAL

EXHIBIT 1

0002

MAR 02 2007 14:09 FR NLRB SAN DIEGO    619 557 6358 TO REGION 21    P.03.03

FORM NLRB-601
(11-84)

UNITED STATES OF AMERICA
NATIONAL LABOR RELATIONS BOARD
**CHARGE AGAINST EMPLOYER**

FORM EXEMPT UNDER 44 U.S.C. 3512

| DO NOT WRITE IN THIS SPACE | |
|---|---|
| Case 21-CA-37683 | Date Filed 3-2-07 |

INSTRUCTIONS:
File an original and 4 copies of this charge with NLRB Regional Director for the region in which the alleged unfair labor practice occurred or is occurring.

**1. EMPLOYER AGAINST WHOM CHARGE IS BROUGHT**

| a. Name of Employer | | |
|---|---|---|
| BCI Coca-Cola Bottling Company of Los Angeles, t/a, Coca-Cola Bottling Company of Southern Calif | | b. Number of Workers Employed Approx: 300 |

| c. Address (street, city, State, ZIP, Code) | d. Employer Representative | e. Telephone No. 213-744-8779 |
|---|---|---|
| 1334 South Central Avenue Los Angeles, CA 90021 | Brian J. Sasadu, Dir. Labor Rel. | Fax No. 213-744-8765 |

| f. Type of Establishment (factory, mine, wholesaler, etc.) retail and wholesale beverage distribution centers | g. Identify Principal Product or Service retail and wholesale soft drink beverage warehousing and distribution |
|---|---|

h. The above-named employer has engaged in and is engaging in unfair labor practices within the meaning of Section 8(a), subsections (1) and (list subsections) **(3) and (5)** of the National Labor Relations Act, and these unfair labor practices are unfair practices affecting commerce within the meaning of the Act.

2. Basis of the Charge (set forth a clear and concise statement of the facts constituting the alleged unfair labor practices.)

Since on or about December 1, 2006, and continuing thereafter, BCI Coca-Cola Bottling Company of Los Angeles, a wholly owned subsidiary of Coca-Cola Enterprises, Inc., trading as, Coca-Cola Bottling Company of Southern California, an Employer ("the Employer"), by and through its agents and supervisors, has interfered with, restrained and coerced employees in the exercise of their rights under Section 7 of the Act, discriminated against employees engaging in concerted activities because they assisted Teamsters Local Union No. 952 so as to discourage employees from engaging in these activities, and failed and refused to bargain in good faith with Teamsters Local Union No. 952 ("the Union") as a recognized, exclusive collective bargaining representative of said employees in an appropriate unit, by and through the following acts and conduct:

(a) On or about December 1, 2006, and thereafter, the Employer, refused to hire or transfer, or consider for hire or transfer, employees currently performing services at its Orange, California and Rancho Cucamonga, California facilities to a facility at Oceanside, California because said employees were represented for the purposes of collective bargaining by Teamsters Local Union No. 952, and since such date said Employer has discriminatorily sought to avoid hiring or transferring individuals who are members of or represented by Teamsters Local Union No. 952 in order to avoid its bargaining obligations at the Oceanside, California facility;

(b) Since December 1, 2006, and thereafter, the Employer has conditioned negotiations on mandatory bargaining subjects regarding transfer of bargaining unit employees to the Oceanside, California facility and the effects of the opening of the Oceanside facility on the bargaining unit operations at Orange, California and Rancho Cucamonga, California upon the Union's acceptance of unlawful subjects, such as barring employee's access to the procedures under Section 10 of the NLRA;

(c) Since December 1, 2006, the Employer has failed to comply with its obligations under Section 8(a) (5) of the Act by failing and refusing to bargain in good faith with representatives of the Union on mandatory bargaining subjects regarding transfer of bargaining unit employees to the Oceanside, California facility and the effects of the opening of the Oceanside facility on the bargaining unit operations at Orange, California and Rancho Cucamonga, California;

(d) Since on or about January 15, 2007, the above-named Employer has interfered with, restrained and coerced employees selected for employment at its Oceanside, California facility by, but not limited to, impliedly conditioning employment upon the agreement by employees not to designate a Teamsters Local Union as their collective-bargaining representative, directing employees to refuse all contacts with Teamsters representatives and impliedly conditioning continued employment on employees' rejection of representation by Teamsters Local Unions.

By the above and other acts, the above-named employer has interfered with, restrained, and coerced employees in the exercise of the rights guaranteed in Section 7 of the Act.

| 3. Full name of party filing charge (if labor organization, give full name, including local name and number) General Truck Drivers, Office, Food & Warehouse Union Local No. 952 | | |
|---|---|---|
| 4a. Address (street and number, city, State, and ZIP Code) 140 S. Marks Way, Orange, CA 92868-2698 | | 4b. Telephone No. 714-978-6111 Fax No. |

| 5. Full name of national or international labor organization of which it is an affiliate or constituent unit (to be filled in when charge is filed by a labor organization) International Brotherhood of Teamsters |
|---|

**6. DECLARATION**

I declare that I have read the above charge and that the statements are true to the best of my knowledge and belief.

| By _M. [signature]_ (Signature of representative or person making charge) | Attorney for Charging Party IBT Local 952 (Title, if any) |
|---|---|
| Address 600 B Street, Suite 2100, San Diego, CA 92101-4508 | Fax No. 619-239-7200 (Telephone No.)    March 2, 2007 (Date) |

WILLFUL FALSE STATEMENTS ON THIS CHARGE CAN BE PUNISHED BY FINE AND IMPRISONMENT (U.S. CODE, TITLE 18, SECTION 1001)

**EXHIBIT 1**

0003

** TOTAL PAGE 03

APR-11-2007  14:04          NLRB                                    21 58948396   P.02/03

FORM NLRB-501
(11-86)
UNITED STATES OF AMERICA
NATIONAL LABOR RELATIONS BOARD
**FIRST AMENDED CHARGE AGAINST EMPLOYER**

| DO NOT WRITE IN THIS SPACE | |
|---|---|
| Case | Date Filed |
| 21-CA-37683 | 4-11-07 |

INSTRUCTIONS:
File an original together with four copies and a copy for each additional charged party named in item 1 with NLRB Regional Director for the region in which the alleged unfair labor practice occurred or is occurring.

## 1. EMPLOYER AGAINST WHOM CHARGE IS BROUGHT

| a. Name of Employer | | b. Number of workers employed |
|---|---|---|
| BCI Coca-Cola Bottling Company of Los Angeles, t/a Coca-Cola Bottling Company of Southern California | | |

| c. Address (Street, city, state, and ZIP code) | d. Employer Representative | e. Telephone No. |
|---|---|---|
| 1334 South Central Avenue | Brian J. Sasadu | (213)744-8779 |
| Los Angeles        CA      90021- | Director of Labor Relations | Fax No. (213)744-8765 |

| f. Type of Establishment(factory, mine, wholesaler, etc.) | g. Identify principal product or service |
|---|---|
| Retail & Wholesal Beverage Distribution | Retail & Wholesal Beverage Warehousing and Distribution |

h. The above-named employer has engaged in and is engaging in unfair labor practices within the meaning of section 8(a), subsections (1) and (list subsections) **(3) and (5)** of the National Labor Relations Act, and these unfair labor practices are practices affecting commerce within the meaning of the Act.

**2. Basis of the Charge** (set forth a clear and concise statement of the facts constituting the alleged unfair labor practices)

Within the past six months, the above-named Employer has refused to hire or transfer, or consider for hire or transfer, employees currently performing services at its Orange and Rancho Cucamonga, California facilities, to its new facility at Oceanside, California because said employees were represented for the purposes of collective-bargaining by Teamsters Local 952. Additionally, the Employer has discriminatorily sought to avoid hiring or transferring individuals who are members of, or represented by, the Union in order to avoid its bargaining obligations at the Oceanside facility.

Within the past six months, the Employer has conditioned negotiations on mandatory subjects of bargaining concerning the transfer of bargaining unit employees to the Oceanside facility and the effects of the opening of this facility on the bargaining unit operations at the Orange and Rancho Cucamonga facilities, upon the Union's acceptance of unlawful subjects, such as barring employees' access to the procedures under the NLRA. The Employer has also failed and refused to bargain in good-faith with representatives of the Union on mandatory subjects regarding transfer of bargaining unit employees to the Oceanside, facility and the effects of the opening of this facility on the bargaining unit operations at the Orange and Rancho Cucamonga facilities.

Within the past six months, the Employer has also interfered with, restrained, and coerced employees selected for employment at its Oceanside facility by, among other things, impliedly conditioning employment upon the agreement by employees not to designate a Teamsters Local Union as their collective-bargaining representative, directing employees to refuse all contact with Teamsters representatives and impliedly conditining continued employment on employees' rejection of representation by Teamsters Local Unions.

Within the past six months, the Employer has failed and refused to furnish the Union with information necessary to discharge its bargaining obligations, and/or unlawfully delayed the furnishing of that information to the Union.

By the above and other acts, the above-named employer has interfered with, restrained, and coerced employees in the exercise of the rights guaranteed in Section 7 of the Act.

**3. Full name of party filing charge** (if labor organization, give full name, including local name and number)
General Truck Drivers, Office, Food & Warehouse Union Local No. 952

| 4a. Address (Street and number, city, state, and ZIP code) | | 4b. Telephone No. (714)978-6111 |
|---|---|---|
| 140 South Marks Way | | |
| Orange        CA      92862-2698 | | Fax No. ( ) - |

**5. Full name of national or international labor organization of which it is an affiliate or constituent unit** (to be filled in when charge is filed by a labor organization) International Brotherhood of Teamsters

## 6. DECLARATION

I declare that I have read the above charge and that the statements are true to the best of my knowledge and belief.

| By _(signature)_ | Fern    M.    Steiner | Attorney |
|---|---|---|
| (signature of representative or person making charge) | (Print/type name and title or office, if any) | |
| 600 B. Street, Suite 2100 | (tax) ( 61)239-6048 | 4 /11/07 |
| Address San Diego        CA    92101-4508 | (619)239-7200 (Telephone No.) | (date) |

WILLFUL FALSE STATEMENTS ON THIS CHARGE CAN BE PUNISHED BY FINE AND IMPRISONMENT (U.S. CODE, TITLE 18, SECTION 1001)

21-2007-1608

EXHIBIT 1

0004

tabbies

FORM NLRB-31
(1, J3)

## SUBPOENA DUCES TECUM

### UNITED STATES OF AMERICA
### NATIONAL LABOR RELATIONS BOARD

To

**Custodian of Records**
**BCI Coca-Cola Bottling Company**
**3900 Ocean Ranch Boulevard**
**Oceanside, CA 92056**

As requested by  _Tirza Castellanos, Field Examiner, Region 21_

whose address is  __888 South Figueroa St., 9th Floor,__   __Los Angeles,__        __California__      __90017-5449__
                        (Street)                              (City)                    (State)           (ZIP)

YOU ARE HEREBY REQUIRED AND DIRECTED TO APPEAR BEFORE _____

__William M. Pate, Acting Regional Director, Region 21_____  of the National Labor Relations Board

at  __888 South Figueroa Street, 9th Floor, Conference Room A_____

in the City of  __Los Angeles, California_____

on the  ___21st__ day of ____August_____  20__07__  at  __9:30____  (a.m.) ~~(p.m.)~~ or any adjourned

or rescheduled date to testify in  __Coca-Cola Bottling Company, Inc._____

__Cases  21-CA-37682 and 21-CA-37683__

(Case Name and Number)

And you are hereby required to bring with you and produce at said time and place the following books, records, correspondence, and documents:  **See Attachment**

In accordance with the Board's Rules and Regulations, 29 C.F.R. Section 102.31(b) (unfair labor practice proceedings) and/or 29 C.F.R. Section 102.66(c) (representation proceedings), objections to the subpoena must be made by a petition to revoke and must be filed as set forth therein. Petitions to revoke must be received within five days of your having received the subpoena. 29 C.F.R. Section 102.111(b) (3). Failure to follow these regulations may result in the loss of any ability to raise such objections in court.

**B- 442930**                     Under the seal of the National Labor Relations Board, and by direction of the Board, this Subpoena is

Issued at              **Los Angeles, California**

this  __7th__ day of      **August**                          20__07__

_Robert J Battista_

EXHIBIT 2

0005

NOTICE TO WITNESS. Witness fees for attendance, subsistence, and mileage under this subpoena at whose request the witness is subpoenaed. A witness appearing at the request of the General Couns Relations Board shall submit this subpoena with the voucher when claiming reimbursement.

## RETURN OF SERVICE

I certify that, being a person over 18 years of age, I duly served a copy of this subpoena

(Check method used.)

☐ by person
☒ by certified mail
☐ by registered mail
☐ by telegraph
☐ by leaving copy at principal office or place of business at:

_____

_____

on the named person on 7007 0710 0000 5984 144

8-7-07

(Month, day, and year)

_Williard Washington_

(Name of person making service)

_Secretary to the Regional Atty._

(Official title, if any)

---

### CERTIFICATION OF ATTENDANCE

I certify that the named person was in attendance as a witness at

_____

on _____

(Month, day or days, and year)

_____

(Name of person certifying)

_____

(Official title)

---

U.S. Postal Service™
**CERTIFIED MAIL™ RECEIPT**
(Domestic Mail Only; No Insurance Coverage Provided)

For delivery information visit our website at www.usps.com®

OFFICIAL USE

| | |
|---|---|
| Postage | $ |
| Certified Fee | |
| Return Receipt Fee (Endorsement Required) | |
| Restricted Delivery Fee (Endorsement Required) | |
| Total Postage & Fees | $ |

Postmark Here

CUSTODIAN OF RECORDS
BCI COCA-COLA BOTTLING COMPANY
3900 OCEAN RANCH BOULEVARD
OCEANSIDE CA 92056

PS Form 3800, August 2006                    See Reverse for Instructions

**EXHIBIT 2**

0006

BCI Coca-Bottling Company
Case Nos. 21-CA-37682
        21-CA-37683

## <u>Subpoena Duces Tecum Attachment #B-442930</u>

## <u>DEFINTIONS & INSTRUCTIONS</u>:

1.   When used in this subpoena, the word "document" or
"documents" means any existing printed, typewritten, handwritten
or otherwise recorded material of whatever character, including,
but not limited to, letters, correspondence, memoranda,
telegrams, mailgrams, minutes, notes, statements, affidavits,
agreements, summaries, records of telephone conversations,
telephone bills, recordations of personal conversations,
interviews or meetings, transcripts, diaries, reports, charts,
contracts, calendars, interoffice communications, books,
records, tax records, bookkeeping and/or accounting work papers,
canceled checks, accounts, account receivable records, ledgers,
journals, purchase orders, invoices, bills of lading, billing
slips, delivery records, receiving records, photographs,
microfilm, audio or video tapes, computer tapes or disks and
electronic mail, and all data contained thereon that may be
retrieved, including material stored on hard disks, and any
carbon, photographic or other duplicate copy of such material in
the possession of, control of, or available to the subpoenaed
party or any attorney, agent, representative or other person
acting in cooperation within concert with, or on behalf of the
subpoenaed party.

2.   The term "person" or "persons" means natural persons,
corporations, partnerships, sole proprietorships, associations
or any other kind of entity.

3.   Whenever used in this subpoena, the singular shall be
deemed to include the plural, and vice versa; the present tense
shall be deemed to include the past tense and vice versa;
references to parties shall be deemed to include any and all of
their officers, agents and representatives; the masculine shall
be deemed to include the feminine and vice versa; the
disjunctive "or" shall be deemed to include the conjunctive .
"and" and vice versa; and each of the words "each," "any,"
"every," and "all" shall be deemed to include each of the other
words.



EXHIBIT 2

0007

4.   Any copies of original documents which are different in any way from the original, whether by interlineation, receipt, stamp, notations, indication of copies sent or received, or otherwise, shall themselves be considered original documents and must be produced separately from the originals or copies of originals.

5.   This request contemplates production of responsive documents in their entirety, without abbreviation or expurgation.

6.   If any document responsive to any request herein was withheld from production on the asserted ground that it is privileged, identify and describe:

     (a)   the author
     (b)   the recipient
     (c)   the date of the original document
     (d)   the subject matter of the document

7.   If any document responsive to any request herein was, but no longer is, in your possession, custody, or control, identify the document (stating its date, author, subject, recipients and intended recipients); explain the circumstances by which the document ceased to be in your possession, custody or control, and identify (stating the person's name, employer title, business address, home address, and telephone number) all persons known or believed to have the document or a copy thereof in their possession, custody or control.

8.   If any document responsive to any request herein was destroyed, discarded, or otherwise disposed of for whatever reasons, identify the document (stating its date, author, subject, recipients and intended recipients), explain the circumstances surrounding the destruction, discarding, or disposal of the documents, including the timing of the destruction, discharging or disposal of the document, and identify all persons known or believed to have the document or a copy thereof in their possession, custody or control.

9.   This request is continuing in character and if additional responsive documents come to your attention following the date of production, such documents must be promptly produced.

10.  BCI Coca-Cola Bottling Company, will be referred to as "Coca-Cola" in this subpoena.



**EXHIBIT 2**

0008

2

11.   Unless otherwise stated, the term **"Oceanside Facility"** refers to Coca-Cola's facility located at 3900 Ocean Ranch, Boulevard, Oceanside, California.

12.   Unless otherwise stated, the term **"San Diego Facility"** refers to Coca-Cola's facility located at 1348 47th Street, San Diego, California.

13.   Unless otherwise stated, the term **"Rancho Cucamonga Facility"** refers to Coca-Cola's facility located at 10670 6th Street, Rancho Cucamonga, California.

14.   Unless otherwise stated, the term **"Orange Facility"** refers to Coca-Cola's facility located at 700 West Grove, Orange, California.

15.   Unless otherwise stated, the term **"Local 683"** refers to Salesdrivers, Helpers and Dairy Workers, Local 683, International Brotherhood of Teamsters.

16.   Unless otherwise stated, the term **"Local 952"** refers to General Truck Drivers, Office, Food & Warehouse Union, Local 952, International Brotherhood of Teamsters.

17.   **All documents** produced pursuant to this subpoena should be organized by the subpoena paragraph to which each document or set of documents is responsive.


**DOCUMENTS TO BE PRODUCED:**


1.   Documents, including studies, surveys, statistics, or reports relied upon by Coca-Cola in its decision to move work to the Oceanside Facility, which had been performed at or originated out of, its San Diego, Rancho Cucamonga, or Orange facilities.

2.   Documents, including studies, surveys, statistics, reports, letters, or internal memorandums that reveal, discuss, or describe the population growth and commercial development in the Oceanside, California area, which were considered by Coca-Cola in its decision to move work to the Oceanside facility which had been performed at or originated out of, its San Diego, Rancho Cucamonga, or Orange facilities.

3

EXHIBIT 2

0009

3.  Documents, including studies, surveys, statistics, reports,
    letters, or internal memorandums that reveal, discuss, or
    describe Coca-Cola's strategy for market penetration in the
    Oceanside, California area, which was considered by Coca-
    Cola in its decision to move work to the Oceanside facility
    which had been performed at or originated out of, its
    San Diego, Rancho Cucamonga, or Orange facilities.

4.  Documents, including internal memorandums or reports that
    reveal, discuss, or describe warehouse overcapacity at the
    San Diego, Rancho Cucamonga and Orange facilities, which
    were considered by Coca-Cola in its decision to move work
    to the Oceanside facility.

5.  Documents showing the annual labor costs at the San Diego,
    Rancho Cucamonga and Orange facilities, for the years 2004,
    2005 and 2006.

6.  Documents showing the projected annual labor costs at the
    Oceanside facility.

7.  Documents that demonstrate, discuss, or describe any net
    savings in facility costs to be realized by Coca-Cola's
    decision to move work to the Oceanside facility, which had
    been performed at or originated out of, its San Diego,
    Rancho Cucamonga, or Orange facilities.

8.  Documents that demonstrate, discuss, or describe any net
    losses in facility costs to be incurred by Coca-Cola's
    decision to move work to the Oceanside facility, which had
    been performed at or originated out of, its San Diego,
    Rancho Cucamonga, or Orange facilities.

**EXHIBIT 2**

0010

**U.S. Postal Service** [TM]
**CERTIFIED MAIL [TM] RECEIPT**
*(Domestic Mail Only; No Insurance Coverage Provided)*

For delivery information visit our website at www.usps.com®

# OFFICIAL USE

| | |
|---|---|
| Postage | $ |
| Certified Fee | |
| Return Receipt Fee (Endorsement Required) | |
| Restricted Delivery Fee (Endorsement Required) | |
| Total Postage & Fees | $ |

Postmark
Here

7007 0710 0000 5959 9144

CUSTODIAN OF RECORDS
BCI COCA-COLA BOTTLING COMPANY
3900 OCEAN RANCH BOULEVARD
OCEANSIDE CA 92056

PS Form 3800, August 2006                    See Reverse for Instructions

**EXHIBIT 3**

0011

**Name and Address of Sender**
NATIONAL LABOR RELATIONS BOARD
REGION 21
888 SOUTH FIGUEROA STREET 9TH FLOOR
LOS ANGELES, CA 90017-5455

□Check type of mail or service:

□Certified
□COD
□Delivery Confirmation
□Express Mail
□Insured

□Recorded Delivery (International)
□Registered
□Return Receipt for Merchandise
□Signature Confirmation

**Affix Stamp Here**
(If issued as a
certificate of mailing,
or for additional
copies of this bill)
Postmark and
Date of Receipt

| Article Number | Addressee (Name Street City State & Zip Code) | Postage | Fee | Handling | Actual Value | Insured | Due Sender if COD | DC Fee | SC Fee | SH Fee | RD Fee | RD Fee |
|---|---|---|---|---|---|---|---|---|---|---|---|---|
| 7007 0710 0000 5959 9144 | CUSTODIAN OF RECORDS<br>BCI COCA-COLA BOTTLING COMPANY<br>3900 OCEAN RANCH BOULEVARD<br>OCEANSIDE CA 92056 | $5.55 | | | | | | | | 8-7-07 | | |
| 2. | | | | | | | | | | | | |
| 3. | | | | | | | | | | | | |
| 4. | | | | | | | | | | | | |
| 5. | | | | | | | | | | | | |
| 6. | | | | | | | | | | | | |
| 7. | | | | | | | | | | | | |
| 8. | | | | | | | | | | | | |

Total Number of Pieces
Listed by Sender

Total Number of Pieces
Received at Post Office

Postmaster, Per (Name of receiving employee)

Compiled by Typewriter, Ink, or Ball Point Pen

PS Form 3877, February 2002 (Page 1 of 2)

See Privacy Act Statement on Reverse

EXHIBIT 3
0012

| SENDER: *COMPLETE THIS SECTION* | COMPLETE THIS SECTION ON DELIVERY |
|---|---|
| ■ Complete items 1, 2, and 3. Also complete item 4 if Restricted Delivery is desired.<br>■ Print your name and address on the reverse so that we can return the card to you.<br>■ Attach this card to the back of the mailpiece, or on the front if space permits. | A. Signature<br>X _____  ☐ Agent  ☐ Addressee<br>B. Received by ( *Printed Name*)   C. Date of Delivery |
| 1. Article Addressed to:<br><br>CUSTODIAN OF RECORDS<br>BCI COCA-COLA BOTTLING COMPANY<br>3900 OCEAN RANCH BOULEVARD<br>OCEANSIDE CA  92056 | D. Is delivery address different from item 1? ☐ Yes<br>If YES, enter delivery address below: ☐ No<br><br>3. Service Type<br>☐ Certified Mail  ☐ Express Mail<br>☐ Registered  ☐ Return Receipt for Merchandise<br>☐ Insured Mail  ☐ C.O.D.<br>4. Restricted Delivery? (*Extra Fee*)  ☐ Yes |
| 2. Article Number<br>7007 0710 0000 5959 9144 | |
| PS Form 3811, February 2004   Domestic Return Receipt | 102595-02-M-1540 |

EXHIBIT 3

0013



COCA-COLA BOTTLING COMPANY

UNITED STATES POSTAL SERVICE

SAN DIEGO CA

21-CA-37682
21-CA-37683   07PM

INVEST
SUB DUES
TECHN

First-Class Mail
Postage & Fees Paid
USPS
Permit No. G-10

• Sender: Please print your name, address, and ZIP+4 in this box •

NATIONAL LABOR RELATIONS BOARD
REGION 21
888 FIGUEROA STREET, NINTH FLOOR
LOS ANGELES, CA 90017- 5449

43

EXHIBIT 3
0014
tabbies

ORIGINAL

## UNITED STATES OF AMERICA
### BEFORE THE NATIONAL LABOR RELATIONS BOARD
### REGION 21

| | | |
|---|---|---|
| COCA-COLA BOTTLING COMPANY, OF SAN DIEGO | ) ) ) | |
| Respondent, | ) ) | |
| and | ) ) | Case Nos.    21-CA-37682 |
| | ) | 21-CA-37683 |
| SALES DRIVERS, HELPERS AND DAIRY EMPLOYEES LOCAL UNION NO. 683, | ) ) ) | |
| and | ) ) | |
| GENERAL TRUCK DRIVERS, OFFICE, FOOD & WAREHOUSE UNION LOCAL 952, | ) ) ) | |
| Charging Parties. | ) ) | |

### RESPONDENT'S PETITION
### TO REVOKE SUBPOENA DUCES TECUM

COMES NOW Respondent, Coca-Cola Bottling Company of San Diego ("Respondent"), appearing by and through counsel, and timely files this Petition to Revoke Subpoena Duces Tecum No. B-442930, pursuant to the Board's Rules and Regulations, as set forth at 29 C.F.R. §§ 102.66(c) and 102.111(b)(3). In support of this Petition, Respondent shows the following:

### BACKGROUND

Each of the above-styled unfair labor practice charges were filed on or about March 2nd, 2007, and amended on April 11th, 2007. Respondent subsequently cooperated with the Region's efforts to investigate said charges in all substantive respects, as most recently evidenced by its submission of a series of comprehensive and supplemental position statements, supporting documents and correspondence and the Board affidavit of Labor Relations Director, Brian Sasadu. Since that time, Respondent has continued to maintain a cooperative stance with the Region. No complaint has issued in connection with either of the above-styled charges.

**EXHIBIT 4**

0015

On August 13, 2007, Region 21, through its field examiner, Tirza Castellanos, served an investigative Subpoena Duces Tecum upon the Custodian of Records of BCI Coca-Cola Bottling Company, herein identified as Coca-Cola Bottling Company of San Diego.

### GENERAL OBJECTIONS TO ALL DOCUMENT REQUESTS

As is apparent from the face of the document itself, the Subpoena seeks a potentially voluminous amount of irrelevant documents, all of which impose an onerous burden upon Respondent, and much of which further fails to describe the evidence whose production is sought with sufficient particularity. This flies in the face of the Board's own guidelines, which mandate that "documentary evidence sought to be adduced by enforcement of a subpoena must be relevant to the matter under investigation or in question before the Board." NLRB Casehandling Manual, ¶ 11796 (citing Oklahoma Press Publishing Co., 327 U.S. 186 (1946)).

Furthermore, the subpoena fails to provide for any durational limits whatsoever. Consequently, the requests set forth therein are so broad in time that they bear no reasonable relationship to any facts at issue in this case, are so vague and overbroad in scope that any attempted response would inflict an unreasonable burden upon Respondent. It should be noted that the Board expressly precludes use of subpoenas for this purpose, and directs the Region to carefully draft subpoenas to describe the information sought "with certainty and particularity both with reference to content and time period." NLRB Casehandling Manual ¶ 11798 (citing Hale v. Henkel, 264 U.S. 298, and progeny).

The requests seek documents protected by the attorney-client privilege, and as such, the subpoena must also be revoked. See Upjohn Co. v. United States, 449 U.S. 393 (1981).

There has been no suggestion that Respondent's relocation decision was motivated by a desire to reduce labor costs. There has been no assertion by any party that labor costs were a motivating factor underlying Respondent's decision to open a new facility in Oceanside. Consequently, the requests seek documents which are irrelevant to the instant charges.

The documents sought in the subpoena are confidential and proprietary.



EXHIBIT 4

0016

OBJECTIONS TO DOCUMENTS TO BE PRODUCED

PARAGRAPH NO. 1

This request is vague as to time and is overbroad and unduly burdensome. Moreover, it seeks confidential market information of a highly proprietary nature. The request set forth in paragraph 1 of the Subpoena pertains broadly to all "documents, including studies, surveys, statistics, or reports relied upon by Coca-Cola in its decision to move *work* to the Oceanside Facility" that had previously been performed at its San Diego, Rancho Cucamonga or Orange facilities. Taken to its logical extreme, this request could conceivably extend to literally each and every document that has ever been reviewed in contemplation of a potential business decision to relocate *any and all* operations from the aforementioned facilities to the Oceanside Facility, including work performed by employees outside of the bargaining unit. Consequently, this request must be considered invalid and unenforceable.

OBJECTIONS TO DOCUMENTS TO BE PRODUCED

PARAGRAPH NO. 2

This request is vague as to time and is overbroad and unduly burdensome. It also seeks confidential information of a highly proprietary nature, none of which relates to any matter under investigation in this matter. See Objections to Documents to be Produced, Paragraph 1, as the same arguments apply. Paragraph 2 seeks any and all documents pertaining to population growth and commercial development that were considered in connection with Respondent's decision "to move *work* to the Oceanside facility." As is apparent from the breadth of this language, no effort was made to establish reasonable parameters upon the duration or scope of this request. The sheer expansiveness of this request renders it invalid as unduly burdensome. Moreover, in its refusal to make any effort to impose reasonable boundaries upon the scope of this request, the Region has also invalidated it by failing to describe the information sought with sufficient particularity. Consequently, the request set forth in Paragraph 2 is also plainly invalid.

EXHIBIT 4

0017

3

## OBJECTIONS TO DOCUMENTS TO BE PRODUCED

### PARAGRAPH NO. 3, 4, 5, 6, 7 and 8

These requests are vague as to time and is overbroad and unduly burdensome. They also seek confidential documents of a highly proprietary nature, none of which relate to any matter under investigation in this matter. The documents sought in paragraphs 3, 4, 5, 6, 7, and 8 of the subpoena are also invalid to the extent they seek confidential information of a highly proprietary nature, none of which relates to any matter under investigation in this matter. The Subpoena seeks a potentially voluminous amount of irrelevant documents, all of which impose an onerous burden upon Respondent, and much of which further fails to describe the evidence whose production is sought with sufficient particularity. Moreover, they are overly broad in scope, to the extent they encompass any and all documents pertaining to Respondent's "decision to move *work* to the Oceanside facility." For example, paragraph 3 seeks highly confidential documents revealing Respondent's "strategy for market penetration in the Oceanside, California area," to the extent it was considered by Respondent in its decision to "move work." Paragraph 4 seeks internal memoranda describing warehouse overcapacity at the three unionized facilities that was considered by Respondent in its decision to "move work." Paragraph 7 seeks documents describing "any net savings in facility costs to be realized by Coca-Cola's decision to move work." Paragraph 8 seeks documents describing "any net losses in facility costs to be incurred by Coca-Cola's decision to move work." Consequently, the requests set forth in Paragraphs 3, 4, 5, 6, 7 and 8 of the subpoena are also invalid.

## ADDITIONAL OBJECTIONS TO DOCUMENTS TO BE PRODUCED

### PARAGRAPHS 5, 6, and 8

These requests are vague as to time and are overbroad and unduly burdensome. They also seeks confidential documents of a highly proprietary nature, none of which relate to any matter under investigation in this matter. Request number 8 is vague as to time and is overbroad and unduly burdensome. Request numbers 5 and 6 are further invalid to the extent that they seek irrelevant documents that cannot reasonably be calculated to relate to any matter in question in

EXHIBIT 4

tabbies

0018

these proceedings. Paragraph 5 seeks documents reflecting annual labor costs at the San Diego, Rancho Cucamonga and Orange facilities, despite the fact that there has been no assertion by any party that labor costs were a motivating factor underlying Respondent's decision to open a new facility in Oceanside. By the same token, paragraph 6 seeks documents reflecting the projected annual labor costs at the Oceanside facility. Again, however, there has been no suggestion that Respondent's relocation decision was motivated by a desire to reduce labor costs, and Respondent would affirmatively deny any assertion to that effect. Consequently, the requests set forth in paragraphs 5, 6 and 8 of the subpoena are invalid for these reasons as well.

CONCLUSION

For all of the reasons set forth herein, Respondent respectfully requests that its Petition to Revoke Subpoena Duces Tecum be granted in its entirety.

FISHER & PHILLIPS, LLP        By:
Suite 400
18400 Von Karman Ave.               Warren L. Nelson, Esq.
Irvine, California 92612             For Coca-Cola Company of San Diego
(959) 851-2424


MILLER & MARTIN PLLC        By:
Suite 1000 Volunteer Bldg.
832 Georgia Ave.                   John Bode, Esq.
Chattanooga, TN 37402              For Coca-Cola Company of San Diego
(423) 785-8320

EXHIBIT 4
tabbies
0019

1

## PROOF OF SERVICE
(CCP § 1013(a) and 2015.5)

2

3    I, the undersigned, am employed in the County of Orange, State of California. I am over the age of 18 and not a party to the within action; am employed with the Law Offices of FISHER &

4    PHILLIPS LLP and my business address is 18400 Von Karman Avenue, Suite 400, Irvine, California, 92612.

5    On **August 20, 2007**, I served the foregoing document entitled **RESPONDENT'S PETITION TO REVOKE SUBPOENA DUCES TECUM**, on all the appearing and/or interested parties in this

6    action by placing ☐ *the original* ☒ *a true copy* thereof enclosed in sealed envelope(s) addressed as follows:

7

8    | Mr. William Pate | |
| National Labor Relations Board, Region 21 | |
| 888 S. Figueroa St., 9th Floor | |
| Los Angeles, CA  90017-5449 | |

9

10   **[by MAIL]**    I am readily familiar with the firm's practice of collection and processing correspondence for mailing.  Under that practice it would be deposited with the U.S. Postal

11   Service on that same day with postage thereon fully prepaid at Irvine, California in the ordinary course of business.  I am aware that on motion of the party served, service is presumed invalid if

12   postage cancellation date or postage meter date is more than one day after date of deposit for mailing this affidavit.

13

14   ☒    **[by PERSONAL SERVICE]** I caused to be delivered by messenger such envelope(s) by hand to the office of the addressee(s).

15

16   ☒    **STATE**  -  I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

17   ☐    **FEDERAL**  -  I declare that I am employed in the office of a member of the bar of this Court at whose direction the service was made.

18

19   Executed on **August 20, 2007**, at Irvine California.

20   MELODY PRUSAK _____    By: _____
          Print Name                                                    Signature

21

22

23

24

25

26

27

28

**EXHIBIT 4**

0020

UNITED STATES OF AMERICA
BEFORE THE NATIONAL LABOR RELATIONS BOARD

BCI COCA-COLA BOTTLING COMPANY

     and                         Case  21-CA-37682

SALESDRIVERS, HELPERS AND DAIRY
EMPLOYEES LOCAL UNION NO. 683

BCI COCA-COLA BOTTLING COMPANY

     and                         Case  21-CA-37683

GENERAL TRUCK DRIVERS, OFFICE, FOOD
& WAREHOUSE UNION LOCAL 952

### ORDER

The Employer's Petition to Revoke subpoena duces tecum B-442930 is denied.[1]  The subpoena seeks information relevant to the matter under investigation and the Employer has failed to establish any legal basis for revoking the subpoena.  See generally *NLRB v. North Bay Plumbing, Inc.*, 102 F.3d 1005 (9th Cir. 1996); *NLRB v. Carolina Food Processors, Inc.*, 81 F.3d 507 (4th Cir. 1996).

---

[1] The Region has indicated that it will modify the temporal scope of Requests No. 1-4 and 7-8 to seek documents from January 1, 2003 through September 1, 2006.  The Region has also indicated that it will modify the temporal scope for Request No. 6 to seek documents showing the projected annual labor costs at the Oceanside facility for 2007 and 2008.  In considering the petition to revoke, we have evaluated the subpoena as modified in this manner.

EXHIBIT 5

0021

Dated, Washington, D.C., November 20, 2007.

ROBERT J. BATTISTA,          CHAIRMAN

WILMA B. LIEBMAN,            MEMBER

PETER C. SCHAUMBER,          MEMBER

EXHIBIT 5
tabbies
0022

UNITED STATES OF AMERICA
BEFORE THE NATIONAL LABOR RELATIONS BOARD
Region 21

BCI COCA-COLA BOTTLING COMPANY

     and                  Case  21-CA-37682

SALESDRIVERS, HELPERS AND DAIRY
EMPLOYEES LOCAL UNION NO. 683

     and                  Case 21-CA-37683

GENERAL TRUCK DRIVERS, OFFICE, FOOD
& WAREHOUSE UNION LOCAL 952

**ORDER**

On November 20, 2007, the Board issued an Order denying the Employer's Petition to Revoke Subpoena Duces Tecum B-442930. The Board further noted that production of the documents would be pursuant to the Regional Director's modifications as to the scope of Requests 1-4 and 7-8, to only seek documents from January 1, 2003 through September 1, 2006. Similarly, Request No. 6 is modified to only seek documents showing the projected annual labor costs at the Oceanside facility for 2007 and 2008. Pursuant to the Board's Order,

**YOU ARE HEREBY DIRECTED** to appear on the 20th day of December 2007, at 9 a.m., PDT, in Conference

EXHIBIT 6

0023

tabbies

Room A, Ninth Floor, 888 South Figueroa Street, Los Angeles,

California, and to produce the information sought in

Subpoena Duces Tecum B-442930, modified as noted above.

       **DATED** at Los Angeles, California, this 5th day of

December, 2007.

                                   James F. Small
                                   Regional Director
                                   National Labor Relations Board
                                   Region 21

**EXHIBIT** 6

tabbies

0024

1

**BEFORE THE**

**NATIONAL LABOR RELATIONS BOARD**

<table>
<tr><td>In the Matter of:</td><td>)</td><td></td></tr>
<tr><td></td><td>)</td><td></td></tr>
<tr><td>BCI COCA-COLA BOTTLING COMPANY</td><td>)</td><td></td></tr>
<tr><td></td><td>)</td><td></td></tr>
<tr><td>and</td><td>)</td><td></td></tr>
<tr><td></td><td>)</td><td></td></tr>
<tr><td>SALESDRIVERS, HELPERS AND DAIRY<br>EMPLOYEES LOCAL UNION NO. 683</td><td>)<br>)</td><td>Case Nos. 21-CA-37682<br>21-CA-37683</td></tr>
<tr><td></td><td>)</td><td></td></tr>
<tr><td>BCI COCA-COLA BOTTLING COMPANY</td><td>)</td><td></td></tr>
<tr><td></td><td>)</td><td></td></tr>
<tr><td>and</td><td>)</td><td></td></tr>
<tr><td></td><td>)</td><td></td></tr>
<tr><td>GENERAL TRUCK DRIVERS, OFFICE, &<br>WAREHOUSE UNION LOCAL 952.</td><td>)<br>)<br>)</td><td></td></tr>
</table>

The above-entitled **DEPOSITION** came on, pursuant to notice,

before **PATRICK J. CULLEN, ESQUIRE,** at the National Labor

Relations Board, Region 21, 888 S. Figueroa Street, Los

Angeles, California 90017-5449, on Friday, December 21, 2007,

9:08 A. M.

EXHIBIT 7
0025

2

# A P P E A R A N C E S

1   **On Behalf of the National Labor Relations Board:**
2
3       **PATRICK J. CULLEN, ESQ.**
4       National Labor Relations Board - Region 212
5       888 S. Figueroa Street
6       Los Angeles, California 90017-5449
7       Tel.  213-894-7016
8       Fax.  213-894-2778
9
10  **On Behalf of the Employer:**
11
12      **WARREN L. NELSON, ESQ.**
13      Fisher & Phillips LLP
14      Suite 400
15      18400 Von Karman Avenue
16      Irvine, California 92612
17      Tel.  949-851-2424
18      Fax.  949-851-0152
19
20

EXHIBIT 7

0026

3

```
1                        I N D E X
2
3    DEPONENT                                        EXAM
4
5    (None)
```

Argie Reporting Service
22623 West 46th Terrace
Shawnee, Kansas 66226
(913) 422-5198

EXHIBIT 7

0027

4

```
1
2    EXHIBIT                        IDENTIFIED        IN EVIDENCE
3
4    Board
5
6        1 - 3                          5                 5
7
8        4 - 6                          6                 6
9
10       7 - 9                         13                13
11
12      10 and 11                      14                14
13
14      12                             15                15
15
16
17   Employer
18
19       A - D                         10
20
21       E                             11
```

EXHIBIT 7
0028

1      FIELD ATTORNEY PATRICK J. CULLEN:  My name is Patrick J.

2  Cullen, field attorney, for Region 21 of the National Labor

3  Relations Board.

4      We're here to take testimony from the custodian of records

5  in BCI Coca-Cola Bottling Company, Cases 21-CA-37682 and 21-CA-

6  37683.

7      I am the only person present along with the court

8  reporter.

9      I have here marked as Board Exhibit 1 a copy of a charge

10 and an amended charge in Case 21-CA-37682, which I'll make part

11 of the record.

12 **(Board Exhibit 1 marked for identification and received into**

13 **evidence)**

14     FIELD ATTORNEY CULLEN:  Next, I have Board Exhibit 2,

15 which is a copy of the original charge and an amended charge in

16 Case 21-CA-37683.

17 **(Board Exhibit 2 marked for identification and received into**

18 **evidence)**

19     FIELD ATTORNEY CULLEN:  Next is a copy of subpoena duces

20 tecum B442930.  It'll be entered as Board Exhibit 3.  This is a

21 subpoena in this matter for the custodian of records to produce

22 documents that are described in the attachment to the subpoena.

23 **(Board Exhibit 3 marked for identification and received into**

24 **evidence)**

25     FIELD ATTORNEY CULLEN:  Next is Board Exhibit 4, which is



EXHIBIT 7

0023

1    a copy of both sides of the certified mail green card, showing

2    delivery of the subpoena to the custodian of records of BCI

3    Coca-Cola Bottling Company.

4    **(Board Exhibit 4 marked for identification and received into**

5    **evidence)**

6        FIELD ATTORNEY CULLEN:  Next is Board Exhibit 5, which is

7    a copy of an order of the National labor Relations Board in

8    both Case 21-CA-37682 and Case 21-CA-37683, dated November 20th,

9    2007, denying the Employer's petition to revoke subpoena duces

10   tecum B442930.

11   **(Board Exhibit 5 marked for identification and received into**

12   **evidence)**

13       FIELD ATTORNEY CULLEN:  Finally, I have Board Exhibit 6,

14   which is an order of the regional director of Region 21, dated

15   December 5th, 2007, setting the date of production in these

16   cases for today, December 20th -- excuse me -- December 21st,

17   2007, at 9:00 A. M. in Conference Room A.

18   **(Board Exhibit 6 marked for identification and received into**

19   **evidence)**

20       FIELD ATTORNEY CULLEN:  Okay.  We'll go off the record.

21   (Off the record)

22       FIELD ATTORNEY CULLEN:  We're back on the record in Cases

23   21-CA-37682 and 37683.

24       Board Exhibit 6, so the record is clear, describes an

25   order ordering the production of documents on December 20th,



**EXHIBIT 7**

0030

7

1  2007, at 9:00 A. M., which was yesterday.  The deposition was

2  rescheduled for today at the request of the Employer's counsel,

3  Warren Nelson, in a conversation with Regional Director Small.

4      It is 9:20 and the Employer's custodian of records has

5  still not appeared.

6      Off the record.

7  (Off the record)

8      FIELD ATTORNEY CULLEN:  On the record.

9      It is now 10:01 A. M. and no one has appeared to represent

10  the Employer and the Employer's custodian of records is not

11  here, also.

12      Off the record.

13  (Off the record)

14      FIELD ATTORNEY CULLEN:  On the record.

15      It is 12:03 P. M. on Friday, December 21st.  Mr. Warren

16  Nelson has just arrived on behalf of Coca-Cola.

17      Mr. Nelson, I'm going to give you some copies of exhibits

18  that have already been introduced into the record.

19      This is Board Exhibit 1.  It's a copy of the charge and

20  amended charge in Case 87682.  Board Exhibit 2 is a copy of the

21  charge and amended charge in Case 87683.  Board Exhibit 3,

22  which is a copy of the subpoena duces tecum in B442930, with

23  the attachment.  Board Exhibit 4, which is a copy of both sides

24  of the certified mail green card for the subpoena.  Board

25  Exhibit 5, which is an order of the National Labor Relations

Argie Reporting Service
22623 West 46th Terrace
Shawnee, Kansas 66226
(913) 422-5198



EXHIBIT 7

0031

1   Board, denying the Employer's petition to revoke the subpoena

2   B44920, dated November 20th, 2007.  And Board Exhibit 6, which

3   is the regional director's order setting today's testimony for

4   December 20th, 2007, at 9:00 A. M.

5       And then my understanding is you had a conversation with

6   Regional Director Small, moving the date from yesterday to

7   today.  Is that correct?

8       MR. NELSON:  That is correct.  I had that conversation

9   with Mr. Small.

10      FIELD ATTORNEY CULLEN:  All right.  So I note that you are

11   here today by yourself.  Are you here in the capacity as the

12   Employer's attorney or as the custodian of records?

13      MR. NELSON:  As the employees' -- as the Employer's

14   attorney.

15      FIELD ATTORNEY CULLEN:  Is the custodian of records going

16   to appear today?

17      MR. NELSON:  There is no other party that will appear with

18   me today.

19      FIELD ATTORNEY CULLEN:  All right.  I know you have some

20   documents you said you wanted to provide.

21      MR. NELSON:  That's correct.

22      FIELD ATTORNEY CULLEN:  We'll turn first to subpoena Item

23   No. 1.  Subpoena Item No. 1 is modified by the Board's November

24   20th, 2007 order and requests the production of documents,

25   including studies, surveys, statistics, or reports replied upon



EXHIBIT 7

0032

1  by Coca-Cola in its decision to move Local 952 and Local 683

2  bargaining unit work to the Oceanside facility, which had been

3  performed at or originated out of its San Diego, Rancho

4  Cucamonga or Orange facility from January 1st, 2003 through

5  September 1st, 2006.

6      So at this time if you would produce any of those

7  documents.

8      MR. NELSON:  I have a cover letter, dated December 20th,

9  2007, addressed to Tirza Castellanos, who was originally going

10  to be the field examiner or representative of the region who

11  was going to be accepting evidence today and it covers the

12  Employer's position in regard to production of documents

13  pursuant to the subpoena.  In it, it describes various

14  documents that we have reproduced for you today and Exhibits A,

15  B, C, D, and E.

16      We believe that these documents that we've provided, that

17  I have with me today, which are Bates stamped 001 through 00106

18  are responsive to all of the sub -- elements of the subpoena,

19  with the exception, possibly, of request No. 5, although,

20  perhaps, some of these documents are responsive to No. 5.  And

21  I  an read onto the record what those documents are or we can

22  take note of my -- the documents that I'm going to be providing

23  labeled Exhibit A, B, C, D, and E.

24      FIELD ATTORNEY CULLEN:  So these would respond, these

25  documents in Exhibits A through E, would respond to all of the

EXHIBIT 7

0033

1    subpoena requests, with the exception of No. 5, which they

2    would possibly respond to.

3        MR. NELSON:  Yes.

4        FIELD ATTORNEY CULLEN:  Okay.

5        MR. NELSON:  And I can tell you that Exhibit a is an

6    October 4th summary review Power Point presentation.  It is

7    responsive to all individual requests, except for request No.

8    5, and it's Bates stamped 001 to 0024.

9    **(Employer Exhibit A marked for identification)**

10       MR. NELSON:  Exhibit B is a July, 2004 capital

11   appropriation request and it is responsive to all requests,

12   except for No. 5, and it is Bates stamped 0025 and to 0035.

13   **(Employer Exhibit B marked for identification)**

14       MR. NELSON:  The third exhibit is labeled Exhibit C.  It

15   is called Warehouse Capacity Analysis.  The document is

16   responsive to request No. 4, specifically, and is Bates stamped

17   labeled 036 through 039.

18   **(Employer Exhibit C marked for identification)**

19       MR. NELSON:  Exhibit D is a 2007 Oceanside cost and

20   savings analysis and it is responsive to requests No. 6 through

21   8 and that is Bates stamped 040.

22   **(Employer Exhibit D marked for identification)**

23       MR. NELSON:  We have Exhibit E, which is documents showing

24   the annual labor costs at San Diego, Rancho Cucamonga, Orange

25   for 2006 -- or 2004 through 2006, which are responsive the

EXHIBIT 7

0034

11

1    Request NO. 5, which are Bates stamped labeled 041 to 106.

2    **(Employer Exhibit E marked for identification)**

3        MR. NELSON:  And please note that the information

4    contained in the profit and loss reports also contained other

5    non-responsive irrelevant information that has been redacted.

6        Additionally, I would like to state that I have in my

7    possession and with me today copies of numerous documents which

8    contain relevant and irrelevant information and, possibly, non-

9    responsive information pursuant to all the information requests

10   contained in the subpoena.

11       These documents contain unredacted proprietary information

12   which the company holds to be extremely valuable and protected

13   by various statues, including the California Uniform Trade

14   Secrets Act, Civil Code Section 3426.1 et sec and we have

15   brought all documents that are in my possession right now and

16   which have been assembled by various managers at Coca-Cola and

17   have been reviewed by John Bode, B-o-d-e, of Miller & Martin,

18   the law firm which is also counsel to Coca-Cola Bottling

19   Company of Southern California, which is the Employer in this

20   case.

21       These documents are in my possession right now.  These

22   documents are in a box and these documents may be reviewed by

23   any member of your staff who you would designate to look at

24   these.

25       They have not been redacted at this time.  They have

Argie Reporting Service
22623 West 46th Terrace
Shawnee, Kansas 66226
(913) 422-5198



EXHIBIT 7

0035

1  considerable proprietary information contained in them and it's

2  the Employer's position that these are such critical

3  proprietary and sensitive information that we cannot leave them

4  in the possession of any third party, period.  However, we do

5  not have any issue with yourself or anyone else from the Region

6  examining these documents today, examining these documents at a

7  later time that is more convenient with you, and making

8  inquiries about the identity or meaning of any of the documents

9  and they are in my possession right now.  They are, in terms of

10  documents, there are probably 12 inches of documents.  Many of

11  these documents are -- contain duplicative information relative

12  to the documents in Exhibit A through E, but they are here for

13  you to be reviewed today.  If you care to do that, let me know

14  and I can be here for the balance of the day and for the

15  balance of other days next week or at the leisure of the

16  Region.

17      FIELD ATTORNEY CULLEN:  Thank you.

18      Let me ask you briefly do you have copies of the Exhibits

19  A through E that you're going to provide at this time?

20      MR. NELSON:  I'm going to give you the documents A through

21  E at this time and a copy of the letter that -- the cover

22  letter which identifies these documents.  It's signed by me,

23  it's from my firm, and it's submitted in conjunction with and

24  on behalf of Miller & Martin, also counsel for the Employer.

25      FIELD ATTORNEY CULLEN:  All right.



EXHIBIT 7

0036

13

1    MR. NELSON:  You have spoken to John Bode before, I

2  believe, and his associate Philip Byrum.

3    FIELD ATTORNEY CULLEN:  I haven't personally spoken with

4  them, but someone in the office may have.

5    MR. NELSON:  Sure.

6    FIELD ATTORNEY CULLEN:  So I have here then a letter on

7  Fisher & Phillips LLP letterhead, dated December 20th, 2007.

8  It's three pages long.  And I'll mark that as Board Exhibit 7.

9  **(Board Exhibit 7 marked for identification and received into**

10  **evidence)**

11    MR. NELSON:  These are attachments which arrived in the

12  mail today, which I brought to you.

13    FIELD ATTORNEY CULLEN:  Okay.  Next is the document

14  labeled Exhibit A.  Let me just check to make sure all the

15  pages are here, which is numbered 000 -- excuse me -- 001

16  through 024, and that'll be marked as Board Exhibit 8.

17  **(Board Exhibit 8 marked for identification and received into**

18  **evidence)**

19    FIELD ATTORNEY CULLEN:  Next is Exhibit B, which will be

20  marked as Board Exhibit 9 and this is stamped from 025 to 035.

21  **(Board Exhibit 9 marked for identification and received into**

22  **evidence)**

23    FIELD ATTORNEY CULLEN:  The next document is identified as

24  Exhibit C, which will be received as Board Exhibit 10 and this

25  is stamped from 036 to 039.

EXHIBIT 7

0037

1  **(Board Exhibit 10 marked for identification and received into**

2  **evidence)**

3      FIELD ATTORNEY CULLEN:  Exhibit D will be marked and

4  received as Board Exhibit 11 and this is Bates stamped Page

5  040.

6  **(Board Exhibit 11 marked for identification and received into**

7  **evidence)**

8      FIELD ATTORNEY CULLEN:  And finally is Exhibit E, which

9  will be marked as Board Exhibit 12, which begins on Page 041

10 and goes to 050.  I don't have Page 051.  It goes from 050 to

11 052,

12     MR. NELSON:  And this is in Exhibit?

13     FIELD ATTORNEY CULLEN:  E.

14     MR. NELSON:  Exhibit --

15     FIELD ATTORNEY CULLEN:  It's Page 051.

16     MR. NELSON:  I have no knowledge of why that would not be

17 there.  Perhaps, there was a mis-stamp.  I'll find out.

18     FIELD ATTORNEY CULLEN:  Similarly, Page 058 is missing.

19 Page 065.  Oh, excuse me.  Page 065 is here.  It's a smaller

20 page than the --

21     MR. NELSON:  You might check and see if that's the same

22 page.

23     FIELD ATTORNEY CULLEN:  Okay.  Page 051 is here.  It's an

24 8 ½ x 11 page.  The rest of the exhibit is on much larger

25 paper.  And the other one, I think, was here, 58, which is



EXHIBIT 7

0038

1   here.  Again, it's a small paper inside the larger pieces of

2   paper.

3        MR. NELSON:  Did you have 058?  Was that in there?  Did

4   you find that?

5        FIELD ATTORNEY CULLEN:  So far, everything is here.  Okay.

6   So I've reviewed the document.  Exhibit E goes continuously

7   from Bates 041 to 160, with no missing pages.

8   **(Board Exhibit 12 marked for identification and received into**

9   **evidence)**

10        FIELD ATTORNEY CULLEN:  Mr. Nelson, do you have any

11   personal knowledge regarding the contents of any of these

12   documents?

13        MR. NELSON:  I have only that of the person who has

14   reviewed them himself, reviewed them and looked at them.

15        FIELD ATTORNEY CULLEN:  Okay.  Were you involved in the

16   creation of any of these documents?

17        MR. NELSON:  No, I was not.

18        FIELD ATTORNEY CULLEN:  And are you responsible for

19   maintaining any of these documents on behalf of Coca-Cola?

20        MR. NELSON:  Not within the record keeping systems of

21   Coca-Cola, but, as their attorney, I have received them and

22   transmitted them to you.

23        FIELD ATTORNEY CULLEN:  Okay.  Next I'd like to move on to

24   the other documents that you say you have besides these

25   exhibits that you say that the Board could examine, excuse me,



EXHIBIT 7

0039

1    but you do not want them or rather your client did not want

2    them in the possession of a third party because it is your

3    contention that these contain privileged information.

4         MR. NELSON:  Privileged and proprietary information.

5         FIELD ATTORNEY CULLEN:  Are you willing to allow these

6    documents to be copied?

7         MR. NELSON:  Not today.  We can have them reviewed and you

8    can make requests for those documents and we can redact certain

9    information and we will submit to you those documents properly

10   redacted.

11        FIELD ATTORNEY CULLEN:  All right.  Let's go off the

12   record for a minute.

13   (Off the record)

14        FIELD ATTORNEY CULLEN:  All right.

15        Mr. Nelson, I'd like to focus on some documents you

16   described earlier as a 12 inch stack of documents that were not

17   going to be left here or photocopies, but you offered to have

18   them reviewed by staff.

19        MR. NELSON:  Uh huh.

20        FIELD ATTORNEY CULLEN:  Okay.  So, again, if you can just

21   generally describe what these documents are.

22        MR. NELSON:  Okay.  A general description I'll give you.

23   Okay?  They are notes from an infrastructure review meeting.

24   They are status reports regarding -- regarding the building of

25   various facilities that are in the distribution network of



EXHIBIT 7

0040

1    Coca-Cola.

2        FIELD ATTORNEY CULLEN:  Do those include the facilities at

3    Oceanside?

4        MR. NELSON:  Yes.

5        FIELD ATTORNEY CULLEN:  Orange?

6        MR. NELSON:  Yes.

7        FIELD ATTORNEY CULLEN:  San Diego?

8        MR. NELSON:  Yes.

9        FIELD ATTORNEY CULLEN:  And Rancho Cucamonga?

10       MR. NELSON:  Yes.

11       FIELD ATTORNEY CULLEN:  And, when you say status reports,

12   what would that show the status of?

13       MR. NELSON:  The decision to make -- to allocate resources

14   to various warehouse facilities.

15       FIELD ATTORNEY CULLEN:  And what is the resource that

16   you're talking about?  People, equipment, or --

17       MR. NELSON:  People.  Equipment.  Material handling

18   meeting documents.

19       FIELD ATTORNEY CULLEN:  What would those documents

20   describe generally?

21       MR. NELSON:  Just decisions.  Decisions,

22       FIELD ATTORNEY CULLEN:  What type of materials are these?

23   Is this --

24       MR. NELSON:  A lot of it has to do with just routing

25   issues.

Argie Reporting Service
22623 West 46th Terrace
Shawnee, Kansas 66226
(913) 422-5198



EXHIBIT 7

0041

1       FIELD ATTORNEY CULLEN:  For deliveries of --

2       MR. NELSON:  Yes.

3       FIELD ATTORNEY CULLEN:  So do they distribute other things

4   beside soft drinks?

5       MR. NELSON:  No.  Facility program -- facility security

6   guidelines.

7       FIELD ATTORNEY CULLEN:  This is a general note.  You use

8   the word facility.  Do these policies apply to all of the

9   facilities that are the subject of this dispute?

10      MR. NELSON:  And others.

11      FIELD ATTORNEY CULLEN:  Okay.  So that would -- if there's

12  a facility that specifically applies for, say, Oceanside or

13  Rancho Cucamonga, would you let me know that?  Otherwise, I'll

14  assume it applies to all the facilities.

15      MR. NELSON:  Most of these apply to all.

16      FIELD ATTORNEY CULLEN:  Is that it?

17      MR. NELSON:  These documents are really so voluminous that

18  it's very difficult to say exactly what they are and what

19  they're relevant to.  That's one of the issues that we had is

20  that they're very broad and they may or may not have

21  information in them that you believe to be relevant.  The

22  documents which were provided in Exhibits 1 through 5 build on

23  the information contained in these documents.

24      FIELD ATTORNEY CULLEN:  Let me just correct.  You said 1

25  through 5.  A through E, I guess you mean.

EXHIBIT 7

0042

exhibit

1    MR. NELSON:  A through E, yes.  Which are Board Exhibits 8

2    through 12.

3    FIELD ATTORNEY CULLEN:  Right.

4    MR. NELSON:  Given the broad nature of the subpoena, we

5    felt like we needed to provide information that -- or

6    information was requested that would be considered a study, a

7    survey, a statistical report on an aspect of warehousing and

8    the warehousing decision.  So that's why it was included.

9    I would suggest the best way to go through these would be

10   to set a time to have you look through...

11   FIELD ATTORNEY CULLEN:  Can we go off the record just for

12   a minute, please?

13   (Off the record)

14   FIELD ATTORNEY CULLEN:  On the record.

15   We had a little bit of an off the record discussion about

16   the remaining documents that have not been provided.

17   Mr. Nelson, if you'd like to elaborate on the reasons

18   they're not being provided, I'll give you a chance at this

19   time.

20   MR. NELSON:  The documents are responsive to the subpoena

21   and the broad reaches of the subpoena.  We have reports in here

22   which are directly related to the costs which were evaluated in

23   the decision to establish the Oceanside facility.  They're

24   costs that are related to real estate.  There are studies of

25   population growth and customer, potential customer, growth in



EXHIBIT 7

0043

1    San Diego County.  There are documents relating -- contract

2    documents relating to the leasing and purchase of property in

3    various locations.

4        All of these documents or many of these documents took

5    considerable time and effort to -- to assemble by the makers

6    because they are documents that reflect an analysis of sales,

7    analysis of, again, like population trends, that either inside

8    or outside experts had to undertake.

9        These non-labor related, non-labor cost related, issues

10   were at the core of the decision to open the Oceanside

11   location.  These are the decisions that, you know, are possibly

12   at the heart of the charge, but we were -- we brought documents

13   that reflected the analysis done by Coca-Cola and that's why

14   they contain, you know, numerous statistical documents going on

15   for page after page after page.  They talk about packaging.

16   They talk about hygiene.  They talk about routes.  They talk

17   about traffic patterns.  They talk about population growth.

18       And all of these documents or many of these documents are

19   relatively fresh and still have relevance to our competitors

20   and they are at the heart of our competitive advantage or

21   disadvantage in relation to our customers.

22       This information is information which is a virtual

23   blueprint of how and why we do business in southern California

24   and contains information that is at the heart of our successes

25   in southern California.

Argie Reporting Service
22623 West 46th Terrace
Shawnee, Kansas 66226
(913) 422-5198

EXHIBIT 7

0044

tabbies

1    We think the information, if it were to get into the hands

2    of our competitors would be very helpful to them to recreate

3    the success or duplicate the success that Coca-Cola has in its

4    logistical and sales process and at no cost to themselves.

5        And we would like to give the Region the opportunity to

6    review these, see the analysis, the broad analysis, that the

7    Employer has gone through to make sure that it had -- that it

8    selected and constructed the very best distribution center it

9    could given traffic patterns, given population growth, given

10   the issues which were relevant to a decision to move to -- move

11   the facility or create a facility in Oceanside, California.

12   And because of the proprietary nature of these documents and

13   the information within the documents, we don't want to leave it

14   to chance that these documents will not be seen and the

15   information will not be utilized by our competitors through

16   mistake or through -- through, you know, deliberate misuse.  So

17   that's why we brought them today and would like to have a set

18   time for the Region to review them.

19       FIELD ATTORNEY CULLEN:  Thank you.  Mr. Nelson, were you

20   involved, personally involved, in any of the decision making

21   process to open the Oceanside facility?

22       MR. NELSON:  No, I was not.  I'm simply the attorney

23   representing Coca-Cola in this Board charge and in relation to

24   this information request.

25       FIELD ATTORNEY CULLEN:  You mentioned that the

Argie Reporting Service
22623 West 46th Terrace
Shawnee, Kansas 66226
(913) 422-5198



EXHIBIT 7

0045

1   documents -- we haven't really identified them -- we'll just

2   keep referring to them as this 12 inch stack of documents --

3       MR. NELSON:  Yes.

4       FIELD ATTORNEY CULLEN:  -- as you described earlier -- you

5   said that those documents would be available for review by the

6   Region at a mutually convenient time.

7       MR. NELSON:  Yes, sir.

8       FIELD ATTORNEY CULLEN:  Following that review by the

9   Region, would these documents be permitted to be photocopies at

10  the regional office?

11      MR. NELSON:  If requests were made regarding specific

12  documents, I would be able to contact the Employer and ask if

13  the document could be copied and left with you as responsive to

14  the subpoena and what information would need to be redacted

15  from these specific documents.

16      FIELD ATTORNEY CULLEN:  So it'd be on a case-by-case

17  basis?

18      MR. NELSON:  Yes.  But I'm optimistic that there would not

19  be a problem.  But there are so many documents and so much

20  critical information that we did not have the opportunity to

21  redact each document to keep it -- to insure its -- to insure,

22  A, it's relevance, and B, take out the documents which would be

23  of use to competitors.

24      FIELD ATTORNEY CULLEN:  And the documents that have been

25  introduced into the record, Exhibits A through E, there are



EXHIBIT 7

0046

23

1    some redactions in those documents?

2        MR. NELSON:  Yes.

3        FIELD ATTORNEY CULLEN:  Are these reasons for those

4    redactions the same as the reasons for withholding the

5    documents in the 12 inch stack?

6        MR. NELSON:  Right.  They're proprietary information which

7    could be utilized by our competitors for sales, marketing,

8    logistics, distribution, et cetera.

9        FIELD ATTORNEY CULLEN:  Are there any other reasons that

10   that information is being withheld?

11       MR. NELSON:  Not that I am aware of at this time.  It's

12   the proprietary nature of the information contained.

13       FIELD ATTORNEY CULLEN:  Is there a reason that you'd like

14   to state on the record why the Employer's custodian of records

15   is not here today?

16       MR. NELSON:  These documents were assembled by various

17   managers in response to directions from supervisors at various

18   facilities, but were assembled by Philip Byrum and John Bode,

19   of Miller & Martin.  There is possibly and probably no single

20   person who could identify and authenticate all documents.

21       FIELD ATTORNEY CULLEN:  Mr. Bode -- you said there was

22   another person?

23       MR. NELSON:  Philip Byrum and other members of the firm of

24   Miller & Martin out of Nashville, Chattanooga, and Atlanta.

25       FIELD ATTORNEY CULLEN:  To your knowledge, are any of the



EXHIBIT 7

0047

1    attorneys at Miller & Martin responsible for the preparation of

2    these documents?

3        MR. NELSON:  In terms of the makers of the documents

4    themselves?

5        FIELD ATTORNEY CULLEN:  Yes.

6        MR. NELSON:  No, they are not.

7        FIELD ATTORNEY CULLEN:  Are any of those attorneys at

8    Miller & Martin responsible for the maintenance of these

9    documents in the ordinary course of business of Coca-Cola?

10       MR. NELSON:  I can't answer that question.  I don't -- I

11   don't have the information to answer that question.

12       FIELD ATTORNEY CULLEN:  To your knowledge, do you know?

13       MR. NELSON:  I have no knowledge either way.

14       FIELD ATTORNEY CULLEN:  Those are all the questions I

15   have.  I think we'll go off the record briefly before we close

16   the record to make sure we have all the copies made and the

17   other matters.

18       Is there anything else before we go off the record?

19       MR. NELSON:  I would just say that we want to be as

20   helpful as possible.  If you look at the size of the box of

21   documents that I have with me, you'll see that there was a lot

22   of diligent work that went into the assembly of these

23   documents.  You can understand why we would not have had the

24   time or the resources to redact any and all relevant

25   proprietary information and - -but we also think that, if you



EXHIBIT 7

0048

1    review the documents that have been submitted, you will find

2    that they have a comprehensive nature that responds to each of

3    the elements of the subpoena and explain to the reader the

4    essence of the decision of the Employer to open the Oceanside

5    facility.

6        FIELD ATTORNEY CULLEN:  Okay.  We'll go off the record.

7    (Off the record)

8        FIELD ATTORNEY CULLEN:  On the record.

9        MR. NELSON:  In discussions with Mr. Cullen, I repeated

10   the offer to come back and have him or another representative

11   of the Region review these documents and Mr. Cullen said he

12   would get back to me on this and I appreciate that.

13       FIELD ATTORNEY CULLEN:  Again, referring to the 12 inch

14   stack of documents?

15       MR. NELSON:  The 12 inch stack.

16       FIELD ATTORNEY CULLEN:  All the other documents have been

17   photocopied and they have been entered into the record.

18       MR. NELSON:  I guess on the record I need to say there was

19   no one at the facility -- at the Region today who could review

20   these documents because of --

21       FIELD ATTORNEY CULLEN:  I think it would be better to say

22   it would be more convenient for the Region to make those

23   arrangements after the Christmas holiday than it would be

24   today.

25       MR. NELSON:  All right.  Thank you very much.

Argie Reporting Service
22623 West 46th Terrace
Shawnee, Kansas 66226
(913) 422-5198



EXHIBIT 7

0049

26

1       FIELD ATTORNEY CULLEN:  All there.  That being it, then

2   this deposition will be closed.

3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27

EXHIBIT 7

tabbies

0050

# C E R T I F I C A T E

This is to certify that the attached

proceedings before the NATIONAL LABOR RELATIONS

BOARD, REGION ___21___.

In the Matter of:


BCI COCA-COLA BOTTLING COMPANY,

              and

SALESDRIVERS, HELPERS AND DAIRY EMPLOYEES LOCAL
UNION NO. 683,

              and

GENERAL TRUCK DRIVERS, OFFICE, FOOD & WAREHOUSE
UNION LOCAL 952


Date: December 21, 2007

Place: Los Angeles, California

were held as therein appears, and that this is the

original transcript thereof for the files of the

Board.

OFFICIAL REPORTER

EXHIBIT 7

0051

MAR 02 2007 14:09 FR NLRB SAN DIEGO    619 557 6358 TO REGION 21    P.02.03

INTERNET
FORM NLRB-501
(11-84)

FORM EXEMPT UNDER 44 U.S.C 3512

UNITED STATES OF AMERICA
NATIONAL LABOR RELATIONS BOARD
**CHARGE AGAINST EMPLOYER**

| DO NOT WRITE IN THIS SPACE | |
|---|---|
| Case<br>21-CA-37682 | Date Filed<br>3-2-07 |

**INSTRUCTIONS:**
File an original and 4 copies of this charge with NLRB Regional Director for the region in which the alleged unfair labor practice occurred or is occurring.

| 1. EMPLOYER AGAINST WHOM CHARGE IS BROUGHT | | |
|---|---|---|
| a. Name of Employer<br>Coca-Cola Bottling Company of San Diego | | b. Number of Workers Employed<br>Approx 300 |
| c. Address (street, city, State, ZIP, Code)<br>1348 - 47th Street, San Diego, Ca. 92102 | d. Employer Representative<br><br>Brian J. Sasadu, Dir. Labor Relations | e. Telephone No.<br>213-744-8779<br>Fax No.<br>213-744-8765 |
| f. Type of Establishment (factory, mine, wholesaler, etc.)<br>Retail and Wholesale Beverage Distribution Centers | g. Identify Principal Product or Service<br>retail and wholesale soft drink beverage warehousing and distribution | |

h. The above-named employer has engaged in and is engaging in unfair labor practices within the meaning of Section 8(a), subsections (1) and (list
subsections)  **(3) and (5)**    of the National Labor Relations Act, and these unfair labor
practices are unfair practices affecting commerce within the meaning of the Act.

2. Basis of the Charge (set forth a clear and concise statement of the facts constituting the alleged unfair labor practices.)

Since on or about December 1, 2006, and continuing thereafter, BCI Coca-Cola Bottling Company of Los Angeles, a wholly owned subsidiary of Coca-Cola Enterprises, Inc., trading as, Coca-Cola Bottling Company of San Diego, an Employer ("the Employer"), by and through its agents and supervisors, interfered with, restrained and coerced employees in the exercise of their rights under Section 7 of the Act, discriminated against employees engaging in concerted activities because they assisted Teamsters Local Union No. 683 in order to discourage employees from engaging in these activities, and failed and refused to bargain in good faith with Teamsters Local Union No. 683 ("the Union") as the recognized, exclusive collective bargaining representative of said employees in an appropriate unit, by and through the following acts and conduct:
(a) On or about December 1, 2006, and thereafter, the Employer, refused to hire or transfer, or consider for hire or transfer, employees currently performing services at its San Diego, California facilities to a facility at Oceanside, California because said employees were represented for the purposes of collective bargaining by Teamsters Local No. 683, and since such date said Employer has discriminatorily sought to avoid hiring or transferring individuals who are members of or represented by Teamsters Local Union No. 683 in order to avoid its bargaining obligations at the Oceanside, California facility;
(b) Since December 1, 2006, and thereafter, the Employer has conditioned negotiations on mandatory bargaining subjects regarding transfer of bargaining unit employees to the Oceanside, California facility and the effects of the opening of the Oceanside facility on the bargaining unit operations at San Diego, California upon the Union's acceptance of unlawful subjects, such as barring employee's access to the procedures under Section 10 of the NLRA;
(c) Since December 1, 2006, the Employer has failed to comply with its obligations under Section 8(a) (5) of the Act by failing and refusing to bargain in good faith with representatives of the Union on mandatory bargaining subjects regarding transfer of bargaining unit employees to the Oceanside, California facility and the effects of the opening of the Oceanside facility on the bargaining unit operations at San Diego, California.
(d) Since on or about January 15, 2007, the above-named Employer has interfered with, restrained and coerced employees selected for employment at its Oceanside, California facility by, but not limited to, impliedly conditioning employment upon the agreement by employees not to designate Teamsters Local Union No. 683 as their collective-bargaining representative, directing employees to refuse all contacts with Teamsters representatives and impliedly conditioning continued employment at the Oceanside, California facility on employees' rejection of representation by Teamsters Local Union No. 683.

By the above and other acts, the above-named employer has interfered with, restrained, and coerced employees in the exercise of the rights guaranteed in Section 7 of the Act.

| 3. Full name of party filing charge (if labor organization, give full name, including local name and number)<br>Salesdrivers, Helpers and Dairy Employees Local Union No. 683 | |
|---|---|
| 4a. Address (street and number, city, State, and ZIP Code)<br><br>2731 B Street, San Diego, Ca. 92102-1098 | 4b. Telephone No.<br>619-232-7903<br>Fax No. |

5. Full name of national or international labor organization of which it is an affiliate or constituent unit (to be filled in when charge is filed by a labor organization)
International Brotherhood of Teamsters

6. DECLARATION
I declare that I have read the above charge and that the statements are true to the best of my knowledge and belief.

By  _H. Steiner_ (Signature of representative or person making charge)

Attorney

(Title, if any)

Tosdal, Smith, Steiner & Wax, 600 B St, Ste 2100, San Diego, CA. 92101
Address

Fax No.
619-239-...

EXHIBIT 7

0052

Bd. Exh.
No. ___

WILLFUL FALSE STATEMENTS ON THIS CHARGE CAN BE PUNISHED BY FINE AND IMPRISON... ON 100...

FORM NLRB-501
(11-88)

UNITED STATES OF AMERICA
NATIONAL LABOR RELATIONS BOARD
FIRST AMENDED   CHARGE AGAINST EMPLOYER

| DO NOT WRITE IN THIS SPACE | |
|---|---|
| Case<br>21-CA-37682 | Date Filed<br>4-11-07 |

**INSTRUCTIONS:**
File an original together with four copies and a copy for each additional charged party named in item 1 with NLRB Regional Director for the region in which the alleged unfair labor practice occurred or is occurring.

## 1. EMPLOYER AGAINST WHOM CHARGE IS BROUGHT

| a. Name of Employer<br>Coca-Cola Bottling Company of San Diego | | b. Number of workers employed |
|---|---|---|
| c. Address (Street, city, state, and ZIP code)<br>1348 47th Street<br>San Diego          CA    92102- | d. Employer Representative<br>Brian<br>Sasadu<br>Director of labor Relations | e. Telephone No.<br>(213)744-8779<br>Fax No.<br>(213)744-4765 |
| f. Type of Establishment (factory, mine, wholesaler, etc.)<br>Retail & Wholesale Beverage Distribution | g. Identify principal product or service<br>Retail & Wholesale Beverage Warehousing and Distribution | |

h.  The above-named employer has engaged in and is engaging in unfair labor practices within the meaning of section 8(a), subsections (1)
and (list subsections)  **(3) and (5)**                                  of the National Labor Relations Act,
and these unfair labor practices are practices affecting commerce within the meaning of the Act.

2.  Basis of the Charge (set forth a clear and concise statement of the facts constituting the alleged unfair labor practices)

Within the past six months, the above-named Employer has refused to hire or transfer, or consider for hire or transfer, employees currently performing services at its San Diego, California facilities to its new facility at Oceanside, California because those employees were represented for the purposes of collective-bargaining by the Union. Additionally, the Employer has discriminatorily sought to avoid hiring or transferring individuals who are members of or represented by the Union in order to avoid its bargaining obligations at the Oceanside facility.

Within the past six months, the Employer has conditioned negotiations on mandatory subjects of bargaining concerning the transfer of bargaining unit employees to the Oceanside facility and the effects of the opening of this facility on the bargaining unit operations at the San Diego facilities, upon the Union's acceptance of unlawful subjects, such as barring employees' access to the procedures under the NLRA. The Employer has also failed and refused to bargain in good faith with the Union on mandatory subjects of bargaining regarding the transfer of bargaining unit employees to the Oceanside facility, and the effects of the opening of the Oceanside facility on the bargaining unit operations at the San Diego facilities.

Within the past six months, the Employer has interfered with, restrained and coerced employees slected for employment at its Oceanside facility by, among other things, impliedly conditioning employment upon the agreement by employees not to designate Teamsters Local 683 as their collective-bargaining representative, directing employees to refuse all contacts with Teamsters representatives, and impliedly conditioning continued employment at the Oceanside facility on employees' rejection of representation by Local 683.

Within the past six months, the Employer has  failed and refused  to furnish  the Union with information necessary to discharge its representational obligations, and/or unlawfully delayed the furnishing of that information.

By the above and other acts, the above-named employer has interfered with, restrained, and coerced employees in the exercise of the rights guaranteed in Section 7 of the Act.

| 3. Full name of party filing charge (if labor organization, give full name, including local name and number)<br>Salesdrivers, Helpers and Dairy Employees Local Union No. 683 | |
|---|---|
| 4a. Address (Street and number, city, state, and ZIP code)<br>2731 B. Street<br>San Diego                              CA      92102- | 4b. Telephone No.<br>(619)232-7903<br>Fax No<br>( )  - |

5.  Full name of national or international labor organization of which it is an affiliate or constituent unit (to be filled in when charge is filed by a labor organization) International Brotherhood of Teamsters

## 6. DECLARATION
I declare that I have read the above charge and that the statements are true to the best of my knowledge and belief.

| By  _[signature]_<br>(signature of representative or person making charge) | Fern      M      Steiner | Attorney<br>(Print/type name and title or office, if any) |
|---|---|---|
| Address San Diego     CA    92101-<br>600 B. Street, Ste 2100 | (fax) (619)239-6048<br>(619)239-7200<br>(Telephone No.) | 4/11/07<br>(date) |

WILLFUL FALSE STATEMENTS ON THIS CHARGE CAN BE PUNISHED BY FINE AND IMPRISONMENT (U.S. CODE, TITLE 18, SECTION 1001)

21-2007-1600



EXHIBIT  7

0053

MAR 02 2007 14:09 FR NLRB SAN DIEGO    619 557 6358 TO REGION 21    P.03.03

FORM NLRB-501
(1-44)

FORM EXEMPT UNDER 44 U.S.C. 3512

UNITED STATES OF AMERICA
NATIONAL LABOR RELATIONS BOARD
**CHARGE AGAINST EMPLOYER**

| DO NOT WRITE IN THIS SPACE | |
|---|---|
| Case 21-CA-37683 | Date Filed 3-2-07 |

INSTRUCTIONS:
File an original and 4 copies of this charge with NLRB Regional Director for the region in which the alleged unfair labor practice occurred or is occurring.

| 1. EMPLOYER AGAINST WHOM CHARGE IS BROUGHT | | |
|---|---|---|
| a. Name of Employer BCI Coca-Cola Bottling Company of Los Angeles, t/a, Coca-Cola Bottling Company of Southern Calif | | b. Number of Workers Employed Approx: 300 |
| c. Address (street, city, State, ZIP, Code) 1334 South Central Avenue Los Angeles, CA 90021 | d. Employer Representative Brian J. Sasadu, Dir. Labor Rel. | e. Telephone No. 213-744-8779 |
| | | Fax No. 213-744-8765 |
| f. Type of Establishment (factory, mine, wholesaler, etc.) retail and wholesale beverage distribution centers | g. Identify Principal Product or Service retail and wholesale soft drink beverage warehousing and distribution | |

h. The above-named employer has engaged in and is engaging in unfair labor practices within the meaning of Section 8(a), subsections (1) and (list subsection(s)) (3) and (5) of the National Labor Relations Act, and these unfair labor practices are unfair practices affecting commerce within the meaning of the Act.

2. Basis of the Charge (set forth a clear and concise statement of the facts constituting the alleged unfair labor practices.)

Since on or about December 1, 2006, and continuing thereafter, BCI Coca-Cola Bottling Company of Los Angeles, a wholly owned subsidiary of Coca-Cola Enterprises, Inc., trading as, Coca-Cola Bottling Company of Southern California, an Employer ("the Employer"), by and through its agents and supervisors, has interfered with, restrained and coerced employees in the exercise of their rights under Section 7 of the Act, discriminated against employee engaging in concerted activities because they assisted Teamsters Local Union No. 952 so as to discourage employees from engaging in these activities, and failed and refused to bargain in good faith with Teamsters Local Union No. 952 ("the Union") as a recognized, exclusive collective bargaining representative of said employees in an appropriate unit, by and through the following acts and conduct:

(a) On or about December 1, 2006, and thereafter, the Employer, refused to hire or transfer, or consider for hire or transfer, employees currently performing services at its Orange, California and Rancho Cucamonga, California facilities to a facility at Oceanside, California because said employees were represented for the purposes of collective bargaining by Teamsters Local Union No. 952, and since such date said Employer has discriminatorily sought to avoid hiring or transferring individuals who are members of or represented by Teamsters Local Union No. 952 in order to avoid its bargaining obligations at the Oceanside, California facility;

(b) Since December 1, 2006, and thereafter, the Employer has conditioned negotiations on mandatory bargaining subjects regarding transfer of bargaining unit employees to the Oceanside, California facility and the effects of the opening of the Oceanside facility on the bargaining unit operations at Orange, California and Rancho Cucamonga, California upon the Union's acceptance of unlawful subjects, such as barring employee's access to the procedures under Section 10 of the NLRA;

(c) Since December 1, 2006, the Employer has failed to comply with its obligations under Section 8(a) (5) of the Act by failing and refusing to bargain in good faith with representatives of the Union on mandatory bargaining subjects regarding transfer of bargaining unit employees to the Oceanside, California facility and the effects of the opening of the Oceanside facility on the bargaining unit operations at Orange, California and Rancho Cucamonga, California;

(d) Since on or about January 15, 2007, the above-named Employer has interfered with, restrained and coerced employees selected for employment at its Oceanside, California facility by, but not limited to, impliedly conditioning employment upon the agreement by employees not to designate a Teamsters Local Union as their collective-bargaining representative, directing employees to refuse all contacts with Teamsters representatives and impliedly conditioning continued employment on employees' rejection of representation by Teamsters Local Unions.

By the above and other acts, the above-named employer has interfered with, restrained, and coerced employees in the exercise of the rights guaranteed in Section 7 of the Act.

| 3. Full name of party filing charge (if labor organization, give full name, including local name and number) General Truck Drivers, Office, Food & Warehouse Union Local No. 952 | | |
|---|---|---|
| 4a. Address (street and number, city, State, and ZIP Code) 140 S. Marks Way, Orange, CA 92868-2698 | | 4b. Telephone No. 714-978-6111 |
| | | Fax No. |

5. Full name of national or international labor organization of which it is an affiliate or constituent unit (to be filled in when charge is filed by a labor organization)
International Brotherhood of Teamsters

| 6. DECLARATION | |
|---|---|
| I declare that I have read the above charge and that the statements are true to the best of my knowledge and belief. By [signature] M. Kuney (Signature of representative or person making charge) | Attorney for Charging Party IBT Local 952 (Title, if any) |
| Address 600 B Street, Suite 2100, San Diego, CA 92101-4508 | Fax No. 619-239-7200 (Telephone No.) March 2, 2007 Date |

WILLFUL FALSE STATEMENTS ON THIS CHARGE CAN BE PUNISHED BY FINE AND IMPRISONMENT (U.S. CODE, TITLE 18, SECTION 1001)

EXHIBIT 7
0054

Bd. Exh.
NO. 2

CARDELL 1-800-785-5009

** TOTAL PAGE 03 **

APR-11-2007  14:04          NLRB                        2138948396   P.02/03

FORM NLRB-501
(11-86)
UNITED STATES OF AMERICA
NATIONAL LABOR RELATIONS BOARD
**FIRST AMENDED CHARGE AGAINST EMPLOYER**

| DO NOT WRITE IN THIS SPACE | |
|---|---|
| Case | Date Filed |
| 21-CA-37683 | 4-11-07 |

**INSTRUCTIONS:**
File an original together with four copies and a copy for each additional charged party named in Item 1 with NLRB Regional Director for the region in which the alleged unfair labor practice occurred or is occurring.

### 1. EMPLOYER AGAINST WHOM CHARGE IS BROUGHT

| a. Name of Employer | b. Number of workers employed |
|---|---|
| BCI Coca-Cola Bottling Company of Los Angeles, t/a Coca-Cola Bottling Company of Southern California | |

| c. Address (Street, city, state, and ZIP code) | d. Employer Representative | e. Telephone No. |
|---|---|---|
| 1334 South Central Avenue | Brian J. Sasadu | (213)744-8779 |
| Los Angeles        CA        90021- | Director of Labor Relations | Fax No. (213)744-8765 |

| f. Type of Establishment (factory, mine, wholesaler, etc.) | g. Identify principal product or service |
|---|---|
| Retail & Wholesal Beverage Distribution | Retail & Wholesal Beverage Warehousing and Distribution |

h. The above-named employer has engaged in and is engaging in unfair labor practices within the meaning of section 8(a), subsections (1) and (list subsections) (3) and (5) of the National Labor Relations Act, and these unfair labor practices are practices affecting commerce within the meaning of the Act.

**2. Basis of the Charge** (set forth a clear and concise statement of the facts constituting the alleged unfair labor practices)

Within the past six months, the above-named Employer has refused to hire or transfer, or consider for hire or transfer, employees currently performing services at its Orange and Rancho Cucamonga, California facilities, to its new facility at Oceanside, California because said employees were represented for the purposes of collective-bargaining by Teamsters Local 952. Additionally, the Employer has discriminatorily sought to avoid hiring or transferring individuals who are members of, or represented by, the Union in order to avoid its bargaining obligations at the Oceanside facility.

Within the past six months, the Employer has conditioned negotiations on mandatory subjects of bargaining concerning the transfer of bargaining unit employees to the Oceanside facility and the effects of the opening of this facility on the bargaining unit operations at the Orange and Rancho Cucamonga facilities, upon the Union's acceptance of unlawful subjects, such as barring employees' access to the procedures under the NLRA. The Employer has also failed and refused to bargain in good-faith with representatives of the Union on mandatory subjects regarding transfer of bargaining unit employees to the Oceanside, facility and the effects of the opening of this facility on the bargaining unit operations at the Orange and Rancho Cucamonga facilities.

Within the past six months, the Employer has also interfered with, restrained, and coerced employees selected for employment at its Oceanside facility by, among other things, impliedly conditioning employment upon the agreement by employees not to designate a Teamsters Local Union as their collective-bargaining representative, directing employees to refuse all contact with Teamsters representatives and impliedly conditing continued employment on employees' rejection of representation by Teamsters Local Unions.

Within the past six months, the Employer has failed and refused to furnish the Union with information necessary to discharge its bargaining obligations, and/or unlawfully delayed the furnishing of that information to the Union.

By the above and other acts, the above-named employer has interfered with, restrained, and coerced employees in the exercise of the rights guaranteed in Section 7 of the Act.

| 3. Full name of party filing charge (if labor organization, give full name, including local name and number) |
|---|
| General Truck Drivers, Office, Food & Warehouse Union Local No. 952 |

| 4a. Address (Street and number, city, state, and ZIP code) | 4b. Telephone No. |
|---|---|
| 140 South Marks Way | (714)978-6111 |
| Orange        CA        92862-2698 | Fax No. ( ) - |

| 5. Full name of national or international labor organization of which it is an affiliate or constituent unit (to be filled in when charge is filed by a labor organization) International Brotherhood of Teamsters |
|---|

### 6. DECLARATION

I declare that I have read the above charge and that the statements are true to the best of my knowledge and belief.

| By  *[signature]*  Fern  M.  Steiner | Attorney |
|---|---|
| (signature of representative or person making charge) (Print/type name and title or office, if any) | |
| 600 B. Street, Suite 2100 | (fax) ( 61 )239-6048 |
| Address San Diego        CA        92101-4508 | (619)239-7200        4 /11/07 |
| | (Telephone No.)        (date) |

**WILLFUL FALSE STATEMENTS ON THIS CHARGE CAN BE PUNISHED BY FINE AND IMPRISONMENT (U.S. CODE, TITLE 18, SECTION 1001)**

21-2007-1608

EXHIBIT 7
0055

FORM NLRB-31
(1, J3)

## SUBPOENA DUCES TECUM

## UNITED STATES OF AMERICA
## NATIONAL LABOR RELATIONS BOARD

To    Custodian of Records
      BCI Coca-Cola Bottling Company
      3900 Ocean Ranch Boulevard
      Oceanside, CA 92056

As requested by   Tirza Castellanos, Field Examiner, Region 21

whose address is   888 South Figueroa St., 9th Floor,   Los Angeles,      California        90017-5449
                   (Street)                    (City)               (State)         (ZIP)

YOU ARE HEREBY REQUIRED AND DIRECTED TO APPEAR BEFORE _____

William M. Pate, Acting Regional Director, Region 21 _____ of the National Labor Relations Board

at   888 South Figueroa Street, 9th Floor, Conference Room A

in the City of   Los Angeles, California

on the  21st  day of  August  20 07  at  9:30  (a.m.) ~~(p.m.)~~ or any adjourned

or rescheduled date to testify in   Coca-Cola Bottling Company, Inc.

Cases  21-CA-37682 and 21-CA-37683

(Case Name and Number)

And you are hereby required to bring with you and produce at said time and place the following books, records, correspondence, and documents:    **See Attachment**

In accordance with the Board's Rules and Regulations, 29 C.F.R. Section 102.31(b) (unfair labor practice proceedings) and/or 29 C.F.R. Section 102.66(c) (representation proceedings), objections to the subpoena must be made by a petition to revoke and must be filed as set forth therein. Petitions to revoke must be received within five days of your having received the subpoena. 29 C.F.R. Section 102.111(b) (3). Failure to follow these regulations may result in the loss of any ability to raise such objections in court.

**B- 442930**

Under the seal of the National Labor Relations Board, and by direction of the Board, this Subpoena is

Issued at        Los Angeles, California

this  7th  day of  August  20 07

_Robert_ (signature)

**EXHIBIT 7**
**0056**

Bd. Exh.
No. **3**

**NOTICE TO WITNESS.** Witness fees for attendance, subsistence, ~~...~~ena, at whose request the witness is subpoenaed. A witness appearing at t~~...~~uns~~...~~ Relations Board shall submit this subpoena with the voucher when clai~~...~~

## RETURN OF SERVICE

I certify that, being a person over 18 years of age, I duly served a copy of this subpoena

(Check method used.)

☐ by person
☒ by certified mail
☐ by registered mail
☐ by telegraph
☐ by leaving copy at principal office or place of business at:

on the named person on 7007 0710 0000 5954 944

8-7-07
(Month, day, and year)

_Willard Washington_
(Name of person making service)

_Secretary to The Regional Atty._
(Official title, if any)

### CERTIFICATION OF ATTENDANCE

I certify that the named person was in attendance as a witness at ____

on ____
(Month, day or days, and year)

____
(Name of person certifying)

____
(Official title)

---

**U.S. Postal Service™**
**CERTIFIED MAIL™ RECEIPT**
(Domestic Mail Only; No Insurance Coverage Provided)

For delivery information visit our website at www.usps.com®

OFFICIAL USE

| | |
|---|---|
| Postage | $ |
| Certified Fee | |
| Return Receipt Fee (Endorsement Required) | |
| Restricted Delivery Fee (Endorsement Required) | |
| Total Postage & Fees | $ |

Postmark Here

CUSTODIAN OF RECORDS
BCI COCA-COLA BOTTLING COMPANY
3900 OCEAN RANCH BOULEVARD
OCEANSIDE CA 92056

PS Form 3800, August 2006          See Reverse for Instructions

**EXHIBIT 7**

0057

BCI Coca-Bottling Company
Case Nos. 21-CA-37682
          21-CA-37683

## Subpoena Duces Tecum Attachment #B-442930


## DEFINTIONS & INSTRUCTIONS:

1.   When used in this subpoena, the word "document" or
"documents" means any existing printed, typewritten, handwritten
or otherwise recorded material of whatever character, including,
but not limited to, letters, correspondence, memoranda,
telegrams, mailgrams, minutes, notes, statements, affidavits,
agreements, summaries, records of telephone conversations,
telephone bills, recordations of personal conversations,
interviews or meetings, transcripts, diaries, reports, charts,
contracts, calendars, interoffice communications, books,
records, tax records, bookkeeping and/or accounting work papers,
canceled checks, accounts, account receivable records, ledgers,
journals, purchase orders, invoices, bills of lading, billing
slips, delivery records, receiving records, photographs,
microfilm, audio or video tapes, computer tapes or disks and
electronic mail, and all data contained thereon that may be
retrieved, including material stored on hard disks, and any
carbon, photographic or other duplicate copy of such material in
the possession of, control of, or available to the subpoenaed
party or any attorney, agent, representative or other person
acting in cooperation within concert with, or on behalf of the
subpoenaed party.

2.   The term "person" or "persons" means natural persons,
corporations, partnerships, sole proprietorships, associations
or any other kind of entity.

3.   Whenever used in this subpoena, the singular shall be
deemed to include the plural, and vice versa; the present tense
shall be deemed to include the past tense and vice versa;
references to parties shall be deemed to include any and all of
their officers, agents and representatives; the masculine shall
be deemed to include the feminine and vice versa; the
disjunctive "or" shall be deemed to include the conjunctive
"and" and vice versa; and each of the words "each," "any,"
"every," and "all" shall be deemed to include each of the other
words.

EXHIBIT 7

0058

4.   Any copies of original documents which are different in any way from the original, whether by interlineation, receipt, stamp, notations, indication of copies sent or received, or otherwise, shall themselves be considered original documents and must be produced separately from the originals or copies of originals.

5.   This request contemplates production of responsive documents in their entirety, without abbreviation or expurgation.

6.   If any document responsive to any request herein was withheld from production on the asserted ground that it is privileged, identify and describe:

    (a)   the author
    (b)   the recipient
    (c)   the date of the original document
    (d)   the subject matter of the document

7.   If any document responsive to any request herein was, but no longer is, in your possession, custody, or control, identify the document (stating its date, author, subject, recipients and intended recipients); explain the circumstances by which the document ceased to be in your possession, custody or control, and identify (stating the person's name, employer title, business address, home address, and telephone number) all persons known or believed to have the document or a copy thereof in their possession, custody or control.

8.   If any document responsive to any request herein was destroyed, discarded, or otherwise disposed of for whatever reasons, identify the document (stating its date, author, subject, recipients and intended recipients), explain the circumstances surrounding the destruction, discarding, or disposal of the documents, including the timing of the destruction, discharging or disposal of the document, and identify all persons known or believed to have the document or a copy thereof in their possession, custody or control.

9.   This request is continuing in character and if additional responsive documents come to your attention following the date of production, such documents must be promptly produced.

10.  BCI Coca-Cola Bottling Company, will be referred to as **"Coca-Cola"** in this subpoena.

EXHIBIT 7

0059

11.  Unless otherwise stated, the term **"Oceanside Facility"** refers to Coca-Cola's facility located at 3900 Ocean Ranch, Boulevard, Oceanside, California.

12.  Unless otherwise stated, the term **"San Diego Facility"** refers to Coca-Cola's facility located at 1348 47th Street, San Diego, California.

13.  Unless otherwise stated, the term **"Rancho Cucamonga Facility"** refers to Coca-Cola's facility located at 10670 6th Street, Rancho Cucamonga, California.

14.  Unless otherwise stated, the term **"Orange Facility"** refers to Coca-Cola's facility located at 700 West Grove, Orange, California.

15.  Unless otherwise stated, the term **"Local 683"** refers to Salesdrivers, Helpers and Dairy Workers, Local 683, International Brotherhood of Teamsters.

16.  Unless otherwise stated, the term **"Local 952"** refers to General Truck Drivers, Office, Food & Warehouse Union, Local 952, International Brotherhood of Teamsters.

17.  **All documents** produced pursuant to this subpoena should be organized by the subpoena paragraph to which each document or set of documents is responsive.

## DOCUMENTS TO BE PRODUCED:

1.  Documents, including studies, surveys, statistics, or reports relied upon by Coca-Cola in its decision to move work to the Oceanside Facility, which had been performed at or originated out of, its San Diego, Rancho Cucamonga, or Orange facilities.

2.  Documents, including studies, surveys, statistics, reports, letters, or internal memorandums that reveal, discuss, or describe the population growth and commercial development in the Oceanside, California area, which were considered by Coca-Cola in its decision to move work to the Oceanside facility which had been performed at or originated out of its San Diego, Rancho Cucamonga, or Orange facilities.

**EXHIBIT 7**

**0060**

3. Documents, including studies, surveys, statistics, reports, letters, or internal memorandums that reveal, discuss, or describe Coca-Cola's strategy for market penetration in the Oceanside, California area, which was considered by Coca-Cola in its decision to move work to the Oceanside facility which had been performed at or originated out of, its San Diego, Rancho Cucamonga, or Orange facilities.

4. Documents, including internal memorandums or reports that reveal, discuss, or describe warehouse overcapacity at the San Diego, Rancho Cucamonga and Orange facilities, which were considered by Coca-Cola in its decision to move work to the Oceanside facility.

5. Documents showing the annual labor costs at the San Diego, Rancho Cucamonga and Orange facilities, for the years 2004, 2005 and 2006.

6. Documents showing the projected annual labor costs at the Oceanside facility.

7. Documents that demonstrate, discuss, or describe any net savings in facility costs to be realized by Coca-Cola's decision to move work to the Oceanside facility, which had been performed at or originated out of, its San Diego, Rancho Cucamonga, or Orange facilities.

8. Documents that demonstrate, discuss, or describe any net losses in facility costs to be incurred by Coca-Cola's decision to move work to the Oceanside facility, which had been performed at or originated out of, its San Diego, Rancho Cucamonga, or Orange facilities.

EXHIBIT 7

tabbies

0061

**SENDER:** *COMPLETE THIS SECTION*

- Complete items 1, 2, and 3. Also complete item 4 if Restricted Delivery is desired.
- Print your name and address on the reverse so that we can return the card to you.
- Attach this card to the back of the mailpiece, or on the front if space permits.

1. Article Addressed to:

CUSTODIAN OF RECORDS
BCI COCA-COLA BOTTLING COMPANY
3900 OCEAN RANCH BOULEVARD
OCEANSIDE CA 92056

**COMPLETE THIS SECTION ON DELIVERY**

A. Signature
X _____    ☐ Agent  ☐ Addressee

B. Received by ( Printed Name)    C. Date of Delivery

D. Is delivery address different from item 1? ☑ Yes
   If YES, enter delivery address below:  ☐ No

3. Service Type
   ☑ Certified Mail  ☐ Express Mail
   ☐ Registered      ☐ Return Receipt for Merchandise
   ☐ Insured Mail    ☐ C.O.D.

4. Restricted Delivery? (Extra Fee)    ☐ Yes

2. Article Number    7007 0710 0000 5959 9144

PS Form **3811**, February 2004    Domestic Return Receipt    102595-02-M-1540



EXHIBIT 7

0062

Bd. Exh.
No. 4



COCA-COLA BOTTLING COMPANY

UNITED STATES POSTAL SERVICE

SAN DIEGO CA

21-CA-37682
21-CA-37682  07PM

INVEST
SUB Dues
Tacwet

First-Class Mail
Postage & Fees Paid
USPS
Permit No. G-10

• Sender: Please print your name, address, and ZIP+4 in this box •

NATIONAL LABOR RELATIONS BOARD
REGION 21
888 FIGUEROA STREET, NINTH FLOOR
LOS ANGELES, CA 90017- 5449

43

EXHIBIT 7
0063

UNITED STATES OF AMERICA
BEFORE THE NATIONAL LABOR RELATIONS BOARD

BCI COCA-COLA BOTTLING COMPANY

    and                                    Case  21-CA-37682

SALESDRIVERS, HELPERS AND DAIRY
EMPLOYEES LOCAL UNION NO. 683


BCI COCA-COLA BOTTLING COMPANY

    and                                    Case  21-CA-37683

GENERAL TRUCK DRIVERS, OFFICE, FOOD
& WAREHOUSE UNION LOCAL 952

### ORDER

The Employer's Petition to Revoke subpoena duces tecum B-442930 is denied.[1]  The subpoena seeks information relevant to the matter under investigation and the Employer has failed to establish any legal basis for revoking the subpoena.  See generally *NLRB v. North Bay Plumbing, Inc.*, 102 F.3d 1005 (9th Cir. 1996); *NLRB v. Carolina Food Processors, Inc.*, 81 F.3d 507 (4th Cir. 1996).

---

[1] The Region has indicated that it will modify the temporal scope of Requests No. 1-4 and 7-8 to seek documents from January 1, 2003 through September 1, 2006.  The Region has also indicated that it will modify the temporal scope for Request No. 6 to seek documents showing the projected annual labor costs at the Oceanside facility for 2007 and 2008.  In considering the petition to revoke, we have evaluated the subpoena as modified in this manner.

EXHIBIT 7

0064

Bd. Exh.

No. 5

Dated, Washington, D.C., November 20, 2007.

ROBERT J. BATTISTA,        CHAIRMAN

WILMA B. LIEBMAN,        MEMBER

PETER C. SCHAUMBER,        MEMBER

EXHIBIT 7

0065

UNITED STATES OF AMERICA
BEFORE THE NATIONAL LABOR RELATIONS BOARD
Region 21


BCI COCA-COLA BOTTLING COMPANY

     and                          Case   21-CA-37682

SALESDRIVERS, HELPERS AND DAIRY
EMPLOYEES LOCAL UNION NO. 683

     and                          Case 21-CA-37683

GENERAL TRUCK DRIVERS, OFFICE, FOOD
& WAREHOUSE UNION LOCAL 952


### ORDER

On November 20, 2007, the Board issued an Order
denying the Employer's Petition to Revoke Subpoena Duces
Tecum B-442930.  The Board further noted that production of
the documents would be pursuant to the Regional Director's
modifications as to the scope of Requests 1-4 and 7-8, to
only seek documents from January 1, 2003 through
September 1, 2006.  Similarly, Request No. 6 is modified to
only seek documents showing the projected annual labor costs
at the Oceanside facility for 2007 and 2008. Pursuant to the
Board's Order,

**YOU ARE HEREBY DIRECTED** to appear on the
20th day of December 2007, at 9 a.m., PDT, in Conference



EXHIBIT 7

0066

Bd. Exh.

No. 6

CARDELS 1-800-793-0399

Room A, Ninth Floor, 888 South Figueroa Street, Los Angeles,
California, and to produce the information sought in
Subpoena Duces Tecum B-442930, modified as noted above.

  **DATED** at Los Angeles, California, this 5th day of
December, 2007.


                                   James F. Small
                                   Regional Director
                                   National Labor Relations Board
                                   Region 21

2

EXHIBIT 7

0067