ORIGINAL

PATRICK J. CULLEN (240207)
ROBERT N. MACKAY (192423)
NEIL A. WARHEIT (133218)
WILLIAM M. PATE, JR. (45734)
National Labor Relations Board, Region 21
888 South Figueroa Street, 9th Floor
Los Angeles, CA 90017-5449
Telephone: (213) 894-7016
Facsimile: (213) 894-2778
E-mail: Patrick.Cullen@nlrb.gov

Attorneys for the NLRB



FILED

JAN 1 0 2008

CLERK, U.S. DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA
BY _____ DEPUTY

# UNITED STATES DISTRICT COURT

## SOUTHERN DISTRICT OF CALIFORNIA

|  |  |
|---|---|
| NATIONAL LABOR RELATIONS BOARD, <br><br>        Applicant, <br><br> v. <br><br> BCI COCA-COLA BOTTLING COMPANY, <br><br>        Respondent. | Case No.: <br> **'08 CV 0055 WQH NLS** <br><br> Memorandum Of Points And Authorities In Support Of NLRB's Application For Order Requiring Compliance With Administrative Subpoena Duces Tecum <br><br> Date: <br><br> Time: <br><br> Judge: <br><br> Courtroom: |

The National Labor Relations Board, herein referred to as the Board, an administrative agency of the Federal Government, having made an application for an order requiring compliance with an administrative subpoena duces tecum, submits this Memorandum of Points and Authorities in support of that application.

## I.     FACTS

On March 2, 2007, two unfair labor practice charges were filed with Region 21 of the National Labor Relations Board.[1] The charge in Case 21-CA-37682 was filed by Salesdrivers, Helpers and Dairy Employees, Local Union 683, International Brotherhood of Teamsters against Coca-Cola Bottling Company of San Diego. Similarly, General Truck Drivers, Office, Food & Warehouse Union Local No. 952, International Brotherhood of Teamsters filed a charge in Case 21-CA-37683 against BCI Coca-Cola Bottling Company of Los Angeles, trading as Coca-Cola Bottling Company of Southern California. Both charges were amended on April 11, 2007, and essentially allege that the Charged Parties have violated the Act by failing and refusing to bargain in good faith with the exclusive collective-bargaining representatives of their respective employees regarding the transfer of bargaining-unit employees to a facility in Oceanside, California, and regarding the effects of opening the Oceanside, California, facility on bargaining-unit employees at the Charged Parties' facilities in San Diego, Orange, and Rancho Cucamonga, California.

As a result of the filing of these charges, the Board commenced an investigation. On August 7, 2007, the Board issued a subpoena duces tecum to Respondent requiring its Custodian of Records to testify and produce documents relevant to the investigation of the unfair labor practice charges.

On August 20, 2007, as provided for in the Board's Rules and Regulations, Respondent filed with the Board a petition to revoke the subpoena duces tecum, claiming – largely without specificity – that the subpoena requests were irrelevant, vague, overbroad, unduly burdensome, sought proprietary information, and

---

[1] All facts are supported by Declaration of Patrick J. Cullen and NLRB's Application For Order Requiring Compliance with Administrative Subpoena Duces Tecum, filed concurrently herewith.

information protected by attorney-client privilege. However, in response to some of Respondent's concerns, the Regional Director of Region 21 agreed to limit the temporal scope of some of the subpoena requests. On November 20, 2007, the Board denied Respondent's petition to revoke the subpoena with the added temporal restrictions.

On December 5, 2007, the Regional Director ordered Respondent's Custodian of Records to appear at the Regional Office on December 21, 2007, at 9:00 a.m. to provide testimony and documents as described in the subpoena. By mutual agreement between Respondent and the Regional Director, the date and time for Respondent's Custodian of Records to provide testimony and documents was rescheduled for 9:00 a.m. on December 21, 20007.

On December 21, 2007, Respondent's Custodian of Records failed to appear at the Regional Office. Instead, Respondent's counsel appeared at 12:00 noon and presented some redacted documents to the Board. Respondent's counsel acknowledged that there were additional documents responsive to the subpoena, but those additional documents and the information redacted from the presented documents were being withheld because they allegedly contained proprietary trade secrets. Regarding the documents presented at the examination, Respondent's counsel stated that he has no personal knowledge regarding their contents, was not involved in their creation, and is not responsible for maintaining these documents on behalf of Respondent.

Presently, Respondent has not complied with the subpoena duces tecum as ordered by the Board.

///
///
///
///
///

- 3 -

## II.   ARGUMENT

### A.   This Court has Subject Matter Jurisdiction to Grant the Board's Application for Subpoena Enforcement.

Section 11 of the National Labor Relations Act, 29 U.S.C. § 161, et seq., (the Act), grants statutory authority to the Board for the exercise of subpoena power.

The district courts receive their power to order enforcement of subpoenas issued by the Board by virtue of Section 11(2) of the Act (29 U.S.C. § 161(2)).[2] In this matter, Respondent resides and transacts business within this judicial district. Accordingly, under Section 11(2) of the Act, the Court has jurisdiction to order compliance with the subpoena.

### B.   The Board's Application Procedure for Subpoena Enforcement is Appropriate.

The Board's subpoena-enforcement proceedings, authorized by Section 11(2) of the Act, are summary in nature. See *NLRB v. Frazier*, 966 F.2d 812, 817-18 (3d Cir. 1992). Section 11(2) specifically authorizes the Board to make an

---

[2] Section 11(2) of the Act provides:
In case of contumacy or refusal to obey a subpoena issued to any person, any district court of the United States or the United States courts of any Territory or possession, within the jurisdiction of which the inquiry is carried on or within the jurisdiction of which said person guilty of contumacy or refusal to obey is found or resides or transacts business, upon application by the Board shall have jurisdiction to issue to such person an order requiring such person to appear before the Board, its member, agent, or agency, there to produce evidence if so ordered, or there to give testimony touching the matter under investigation or in question; and any failure to obey such order of the court may be punished by said court as a contempt thereof.

- 4 -

"application" to the district courts for a summary disposition, on the sole issue of whether or not to enforce the Board subpoena.

It is well established that, in a Section 11(2) enforcement case, the district court should treat the Board's application as a dispositive matter, and not as a pre-trial discovery matter. *Frazier*, 966 F.2d at 817-818. For, as one court recognized, "[o]therwise, the enforcement proceedings may become a means for thwarting the expeditious discharge of the agency's responsibilities." *NLRB v. Interstate Dress Carriers, Inc.*, 610 F.2d 99, 112 (3d Cir. 1979). "[T]he question of whether or not to enforce the subpoena is the only matter before the court. The court's decision seals with finality the district court proceeding and is subject to appellate review." *Frazier*, 966 F.2d at 818. Indeed, the limited nature of Section 11(2)'s jurisdictional grant to the district court is a consequence of Congress' recognition of the importance of providing the Board with a means of prompt enforcement of its subpoenas so that it can effectively carry out its statutory mission.

Consistent with the authorization contained in Section 11(2) of the Act and the need to avoid unnecessary delay of the Board's processes, the Board's practice has long been to file an application with the district court to enforce the Board's subpoenas. Section 11(2) specifically provides that a subpoena-enforcement proceeding is commenced by an application, not by complaint or motion. As explained long ago by the Sixth Circuit in *Goodyear Tire & Rubber Co. v. NLRB*, 122 F.2d 450 (6th Cir. 1941), in a case challenging the Board's failure to serve a summons and complaint in a subpoena-enforcement proceeding:

> [T]he proceedings plainly are of a summary nature not requiring the issuance of process, hearing, findings of fact, and the elaborate process of a civil suit. We think the procedure to be followed in the district court is controlled by Section 11(2) of the Act . . . It is significant that the statute calls for an "application" rather than a petition, for an "order" rather than a judgment, and that it details no other procedural steps. Obviously, if the enforcement of valid subpoenas, the issuance

- 5 -

of which is a mere incidence in a case, were to require all of the formalities of a civil suit, the administrative work of the Board might often be subject to great delay. We think that such was not the intention of Congress.

Id. at 451; see also *Interstate Dress Carriers*, 610 F.2d at 112.

In recognition of the special nature of the Board's subpoena-enforcement proceedings, courts have not required that the Board strictly comply with the requirements of all matters of civil procedure. Federal Rule of Civil Procedure 81(a)(3) provides the authority by which district court judges, in agency subpoena-enforcement proceedings, allow a less formal application of the federal rules of civil procedure.[3]

Since Section 11 of the Act plainly provides that the Board's subpoena cases are to be commenced by application, it follows that this Court should consider the Board's application for an order requiring obedience to its subpoena, and make a prompt disposition so as to permit the resumption of the Board's pending administrative investigation.

The Board's application seeks to obtain an order requiring Respondent's compliance with the administrative subpoena duces tecum.

## C.     This Court Should Grant the Board's Application for Subpoena Enforcement.

Subpoenas from the Board are subject to limited judicial review. A district court will enforce a Board subpoena if the investigation is legitimate, the subpoena is not overly broad, and the records or testimony sought are relevant to the inquiry.

---

[3] Fed. R. Civ. P. 81(a)(3) provides, in pertinent part, that the federal rules of civil procedure apply to agency subpoena enforcement proceedings, except as otherwise provided by statute, rules of the district court, or by order of the court in the proceeding.

*NLRB v. North Bay Plumbing*, 102 F.3d 1005 (9th Cir. 1996); *NLRB v. International Medication Systems, Ltd.*, 640 F.2d 1110 (9th Cir. 1981).

The burden on a party seeking to evade compliance with a subpoena is not a meager one. The party must show that the subpoena serves purposes outside the realm of authority of the issuing agency. If this threshold is not reached, the court should enforce the subpoena. *Frazier*, 966 F.2d at 819.

Section 11 of the National Labor Relations Act provides the Board and its agents broad investigatory authority, including the power to subpoena any evidence "that relates to any matter under investigation or in question." 29 U.S.C. § 161(1); see also *NLRB v. North Bay Plumbing*, supra; *NLRB v. Interstate Material Corp.*, 930 F.2d 4, 6 (7th Cir. 1991) (describing the Board's broad Section 11 powers).

With regard to an administrative subpoena, "the notion of relevancy is a broad one. . . . So long as the material requested 'touches a matter under investigation,' an administrative subpoena will survive a challenge that the material is not relevant." *Sandsend Financial Consultants, Ltd. v. Federal Home Loan Bank Board*, 878 F.2d 875, 882 (5th Cir. 1989), and cases cited therein; *NLRB v. Carolina Food Processors, Inc.*, 81 F.3d 507, 511 (4th Cir. 1996); *NLRB v. Alaska Pulp Corp.*, 149 LRRM 2684, 2688 (D.D.C. 1995). An investigative subpoena may properly seek evidence regarding all issues under investigation, including potential defenses. *North Bay Plumbing*, supra, 102 F.3d at 1008. A party seeking to have a subpoena quashed must establish that "the subpoena is intended solely to serve purposes outside the purview of the jurisdiction of the agency." *Interstate Dress Carriers*, 610 F.2d at 112.

Also, the Board can issue subpoenas requiring both the production of evidence and testimony during the investigatory stages of an unfair labor practice proceeding. *North Bay Plumbing*, 102 F.3d at 1008. The courts have in fact interpreted Section 11 to permit the Board to obtain "everything it [could seek]

from an order compelling discovery" under the Federal Rules of Civil Procedure. *Interstate Material Corp.*, 930 F.2d at 6.

Finally, investigations by the Board and other administrative agencies may be conducted both pre- and post-complaint. *Alaska Pulp*, 149 LRRM at 2688 fn. 6.

In the present case, the Board's subpoena duces tecum seeks testimony and documents from Respondent's Custodian of Records that are relevant to the inquiry as to whether the Charged Parties violated the Act. This evidence is relevant and necessary to the Board's completion of its investigations and determinations on the merits of the charges before it, including whether to issue a complaint against one or both of the Charged Parties.

Here, Respondent has arrogated to itself a judgment on how it will comply with the Board's subpoena. Following the Board's denial of Respondent's petition to revoke, Respondent has continued to refuse to produce its Custodian of Records, and refused to produce all of the responsive subpoenaed materials. Instead, Respondent offered the Board only selected and redacted documents of its own choosing. Respondent's contumacious conduct has impeded and continues to impede the Board in the exercise of its statutory mandate to investigate unfair labor practice charges.

///
///
///
///
///
///
///
///
///
///

1
2

## III.   CONCLUSION

3
4
5

For the reasons set forth above and in its Application, the Board respectfully submits that the administrative subpoena at issue should be enforced and the relief sought in the Application should be granted.

6
7

Dated at Los Angeles, California, this 10th day of January, 2008.

8
9

Respectfully submitted,

10
11

**National Labor Relations Board**
William M. Pate, Jr.
Neil A. Warheit
Robert N. MacKay
Patrick J. Cullen

12
13
14
15

By:   *Patrick J. Cullen*

16
17

Patrick J. Cullen
Attorneys for Applicant
National Labor Relations Board

18
19
20
21
22
23
24
25
26
27
28

**PROOF OF SERVICE**

**STATE OF CALIFORNIA**                              )
                                                    ) SS:
**COUNTY OF LOS ANGELES**                            )

     I am employed in the City of Los Angeles, County of Los Angeles, California. I am over the age of 18 and not a party to the within action. My business address is 888 South Figueroa Street, Ninth Floor, Los Angeles, California 90017-5449.

     On January 10, 2008, I served the foregoing document(s):

1.    Memorandum Of Points And Authorities In Support Of NLRB's Application For Order Requiring Compliance With Administrative Subpoena Duces Tecum

on the interested parties in this action by placing a true copy thereof in a sealed envelope(s) addressed to:

Warren L. Nelson, Attorney at Law
Fisher & Phillips, LLP
18400 Von Karman Ave. Suite 400
Irvine, CA 92612

John R. Bode, Attorney at Law
Miller & Martin PLLC
832 Georgia Ave.
Suite 1000 Volunteer Bldg.
Chattanooga, TN 37402

     BY MAIL: I am employed in the office of a member of the bar of this court at whose direction the service was made. I am readily familiar with the firm's

- 1 -

practice of collection and processing of correspondence for mailing. This practice is as follows: In the ordinary course of business, items to be mailed are collected and deposited with the U.S. Postal Service on that same day with postage thereon fully prepaid at Los Angeles, California. The aforementioned envelope was placed for collection and mailing on this date under said practice. I am aware that on motion of the party served, service is presumed invalid if postal cancellation date or postage meter date is more than one day after date of deposit for mailing in affidavit.

**I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.**

Executed on January 10, 2008, at Los Angeles, California.

Mildred K. Washington
Type or Print Name

*Mildred K. Washington*
Signature