WARREN L. NELSON
State Bar No. 182178
FISHER & PHILLIPS LLP
18400 Von Karman Avenue, Suite 400
Irvine, CA 92612
Telephone: (949) 798-2111
Facsimile: (949) 851-0152

JENNIFER B. ROBINSON
State Bar No. 148333
JOSEPH Y. MCCOIN, III
TN State Bar No. 20203
(*Pro Hac Vice* to be Filed)
MILLER & MARTIN PLLC
1200 One Nashville Place
150 Fourth Avenue, North
Nashville, TN 37219-2433
Telephone: (615) 244-9270
Facsimile: (615) 256-8197

**Attorneys for Respondent**
BCI COCA-COLA BOTTLING COMPANY
OF LOS ANGELES

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| NATIONAL LABOR RELATIONS BOARD, | ) **CASE NO. 08 CV 0055 WQH NLS** |
| Applicant, | ) **OPPOSITION TO APPLICATION FOR ORDER REQUIRING COMPLIANCE WITH ADMINISTRATIVE SUBPOENA DUCES TECUM** |
| v. | ) |
| BCI COCA-COLA BOTTLING COMPANY, | ) Date: February 21, 2008 |
| Respondent. | ) Time: 10:30 a.m. |
| | ) Judge: Hon. Nita L. Stormes |
| | ) Courtroom: F |

Respondent, BCI COCA-COLA BOTTLING COMPANY OF LOS ANGELES ("BCI"), pursuant to Federal Rules of Civil Procedure 26(c)(7) and 81(a)(5), respectfully submits this

**Opposition to Application for Order Requiring**
**Compliance with Administrative Subpoena Duces Tecum**

4537930_1.DOC

FISHER & PHILLIPS LLP
Suite 400
18400 Von Karman Avenue
Irvine, CA 92612
Telephone: (949) 798-2111
Fax: (949) 851-0152

Opposition and related documents to the National Labor Relations Board's ("NLRB" or "the Board") Application for Order Requiring Compliance with Administrative Subpoena <u>Duces Tecum</u> (hereinafter "Application"):

## I.   INTRODUCTION

This case presents an unusual situation in that the NLRB seeks to have this Court enforce an investigative subpoena against BCI for documents to which BCI already has given it access. Indeed, while there are defects in the NLRB's Application (as well as concerns about the investigative subpoena process), the key issue in dispute is the NLRB's unwillingness to take any step to help ensure that BCI's proprietary information will remain confidential.

## II.   FACTS

On March 2, 2007, Teamsters Local No. 683 from San Diego, California and Teamsters Local No. 952 from Orange, California (collectively the "Charging Parties") filed coordinated unfair labor practice charges against BCI regarding the opening of BCI's Oceanside, California facility. Application, Exhibit 1, pages 0001 and 0003. These unfair labor practice charges remain under investigation even though the NLRB certified Teamsters Local No. 683 as the collective bargaining representative of the Oceanside facility on August 2, 2007 and even though both Charging Parties are participating in collective bargaining for the Oceanside facility. Declaration of Warren Nelson at ¶3 (attached as "Exhibit 1").

During this protracted investigation, BCI has provided the NLRB with access to a great deal of information. Indeed, in addition to submitting written statements in response to the Board's queries, BCI's Director of Labor Relations Brian Sasadu participated in an investigative interview at the NLRB's offices and voluntarily signed an affidavit regarding his disclosures. <u>Id.</u> at ¶¶4, 12 and Exhibits A-I. However, given the fact that the Charging Parties deal directly on a

- 2 -

FISHER & PHILLIPS LLP
Suite 400
18400 Von Karman Avenue
Irvine, CA 92612
Telephone: (949) 798-2111
Fax: (949) 851-0152

4537930_1.DOC

**Opposition to Application for Order Requiring
Compliance with Administrative Subpoena <u>Duces</u> <u>Tecum</u>**

regular basis with BCI's competitors (namely Southern Californian Pepsi bottlers), BCI was not agreeable to handing over any proprietary information requested by the Board absent some assurance that the information would remain confidential. Declaration of Robert T. Coyle at ¶3 (attached as "Exhibit 2"). The Board then issued the subpoena <u>duces tecum</u> in question on August 7, 2007 seeking documents containing proprietary information and confidential details about BCI's distribution model in Southern California.[1] Application, Exhibit 2, page 5; Declaration of Robert T. Coyle at ¶4.

BCI filed a petition to revoke the Board's subpoena <u>duces tecum</u> with the NLRB, which rejected the petition without benefit of a hearing on November 20, 2007. Application, Exhibits 4 and 5; Declaration of Warren Nelson at ¶5. Regional Director James Small issued an order on December 5, 2007 directing that requested information be produced at the NLRB's offices on December 20, 2007. Counsel for BCI spoke with Regional Director Small shortly thereafter. Declaration of Warren Nelson at ¶6. During this conversation, BCI committed only that it would produce documents at the NLRB's offices on December 21, 2007 (<u>i.e.</u>, as opposed to agreeing to provide documents <u>and</u> a deposition). <u>Compare</u> Declaration of Warren Nelson at ¶6 <u>with</u> Application, Exhibit 7, page 0032, lines 2-9.

Counsel for BCI appeared at the NLRB's offices on December 21, 2007 given BCI's concerns regarding the appropriateness of the Board's insistence on a deposition pursuant to an investigative subpoena. <u>Id.</u> at ¶7. Counsel for BCI presented the Board with redacted copies of documents representative of the requested information but also brought with him unredacted

---

[1] Disclosure of this information would inflict upon BCI the serious injury of competitors learning about BCI's volume predictions for various products and BCI's expansion plans. Equipped with such information, BCI's competitors would be positioned to pre-empt BCI's growth plans and/or piggyback with such plans without incurring the expense of BCI's logistics efforts. Declaration of Robert T. Coyle at ¶¶3-5.

- 3 -

**Opposition to Application for Order Requiring**
**Compliance with Administrative Subpoena <u>Duces Tecum</u>**

FISHER & PHILLIPS LLP
Suite 400
18400 Von Karman Avenue
Irvine, CA 92612
Telephone: (949) 798-2111
Fax: (949) 851-0152

4537930_1.DOC

versions of those documents in addition to the other duplicative documents. Id. at ¶8; Application, Exhibit 7, pages 0068-0069. Counsel for BCI presented the Board with the opportunity for an in camera inspection of all of the requested information that was withheld (i.e., unredacted versions of the copies and the other duplicative documents) and/or to receive copies of all of such information, upon receipt of a meaningful assurance that the Board would keep the information confidential. Declaration of Warren Nelson at ¶9; Application, Exhibit 7, pages 0068-0069. Unfortunately, the Board declined these offers. Id. Since then, in a good faith attempt to resolve the dispute, BCI has repeated these offers and attempted to find middle ground with the Board. Id. at ¶10 and Exhibit I. To date, these efforts have been rebuffed. Id.

## II.    ANALYSIS

A district court's scope of inquiry in an agency subpoena enforcement proceeding first looks: to whether Congress has granted the authority to investigate; to whether procedural requirements have been followed; and to whether the evidence is relevant and material to the investigation. NLRB v. North Bay Plumbing, Inc., 102 F.3d 1005, 1007 (9th Cir. 1996) (citing EEOC v. Children's Hosp. Med. Ctr. of Northern Cal., 719 F.2d 1426, 1428 (9th Cir. 1983) (en banc)). If these conditions are met, then the subpoena may be enforced unless the responding party can prove that the inquiry is unreasonable because it is unduly burdensome or overly broad. Id. at 1008. However, a district court's decision to enforce a subpoena does not preclude that court from limiting the dissemination of subpoenaed materials by use of a protective order. NLRB v. Cable Car Advertisers, Inc., 319 F. Supp.2d 991, 999 (N.D. Cal. 2004) (holding that employer's concerns over proprietary information "may be addressed by requiring production of the documents subject to a protective order"); NLRB v. SEIU, Local 521, 2008 WL 152176, at *3 (N.D. Cal. Jan 16, 2008) (holding that "to the extent that there are any confidentiality

- 4 -

FISHER & PHILLIPS LLP
Suite 400
18400 Von Karman Avenue
Irvine, CA 92612
Telephone: (949) 798-2111
Fax: (949) 851-0152

4537930_1.DOC

**Opposition to Application for Order Requiring
Compliance with Administrative Subpoena Duces Tecum**

concerns attendant to the disclosure of some information called for by the subpoenas, those concerns may be addressed by production subject to a protective order") (copy attached).

### A. The NLRB Has Not Established That It Met The Necessary Procedural Requirements.

#### 1. The NLRB has not provided adequate proof of the written application for a subpoena required by 29 C.F.R. § 102.31.

BCI acknowledges that Congress has given the Board investigative authority in this matter. See 29 U.S.C. §161(1). However, as a matter of procedure, the NLRB has failed to present adequate proof in support of its claim that it followed the requisite procedural guidelines. Before any NLRB subpoena issues, 29 C.F.R. § 102.31 specifically requires a written application for the subpoena, which consists of a Board agent's statement to the Regional Director detailing the scope of the information or documents sought and their relevance. 29 C.F.R. §102.31(a); NLRB Casehandling Manual at §1170.1 (copy attached). While the NLRB might simply show a written application from Field Examiner Tirza Castellanos to show compliance with the procedure of Section § 102.31, the NLRB has not yet proffered such proof. See Application, Exhibit 2.

#### 2. The NLRB's regulations preclude pre-complaint depositions.

As conceded by the Board, the subpoena in question is only an investigative subpoena (i.e., a subpoena necessary for gathering evidence to decide "whether a complaint or compliance specification should issue"). Application at ¶4; see NLRB Casehandling Manual at §1170 (copy attached). While it appears that the NLRB believes that it has the right to depose witnesses pursuant to an investigative subpoena, see 29 C.F.R. §120.31(b) (authorizing the use of subpoenas ad testificandum), the Board's regulations expressly limit the use of depositions "except for good cause shown after the issuance of a complaint." 29 C.F.R. §120.30 (emphasis

- 5 -

FISHER & PHILLIPS LLP
Suite 400
18400 Von Karman Avenue
Irvine, CA 92612
Telephone: (949) 798-2111
Fax: (949) 851-0152

4537930_1.DOC

**Opposition to Application for Order Requiring
Compliance with Administrative Subpoena Duces Tecum**

added). At most Sections 120.30 and 120.31 combine to allow the Board to compel a witness to appear to answer questions in an investigatory interview rather than providing the Board with a pre-complaint opportunity to hold a deposition. While the Board's self-imposed restriction may seem counterintuitive, it makes sense given the ostensible purpose of an investigative subpoena (i.e., to make a determination as to whether a complaint should issue rather than establishing proof), the possible due process concerns arising from permitting a one-sided discovery process, and the fact that a deposition can be held later if a complaint does issue.

The NLRB will likely argue that "29 C.F.R. §120.30 does not expressly prohibit the use of pre-complaint subpoenas requiring testimony" to dismiss the argument that Section §120.30 prohibits pre-complaint depositions. North Bay Plumbing, 102 F.3d at 1008. Again, however, BCI does not suggest that Section §120.30 prohibits pre-complaint subpoenas requiring an investigative interview, just pre-complaint subpoenas requiring a deposition. Thus, should an enforcement order issue, BCI requests that the order be limited to compelling an appropriate "custodian of records" to appear for an investigatory interview at a reasonable place and time.

### B. The Subpoena Is Overbroad Because It Ignores the Board's Actual Needs.

Relevancy may be established by the Board "so long as the material requested by subpoena 'touches a matter under investigation.'" Cable Car Advertisers, Inc., 319 F. Supp.2d at 998. That said, simply because documents are relevant does not mean that their production is necessary to satisfy the Board's investigatory mission. Again, an investigative subpoena serves the specific purpose of gathering evidence to decide "whether a complaint or compliance specification should issue." NLRB Casehandling Manual at §1170. Given that the Board has received an accurate and representative sampling of the available documents and has declined the opportunity to inspect remaining documents, it appears that any additional production will

- 6 -

FISHER & PHILLIPS LLP
Suite 400
18400 Von Karman Avenue
Irvine, CA 92612
Telephone: (949) 798-2111
Fax: (949) 851-0152

4537930_1.DOC

**Opposition to Application for Order Requiring
Compliance with Administrative Subpoena Duces Tecum**

not change the Board's inclination regarding whether a complaint should issue. Indeed, the Board has failed to claim that any additional information is even necessary for it to make a determination whether to issue a complaint. BCI respectfully submits that a subpoena that seeks information beyond what is actually needed is intrinsically overbroad.

### C. Even If Enforced, The Court Should Place Reasonable Limitations On The Dissemination Of The Requested Information.

The key issue though is that NLRB remains completely unconcerned that the documents it seeks contain sensitive proprietary information and confidential details about BCI's distribution model in Southern California. If this information is made available to BCI's competitors (e.g., via the Charging Parties), BCI will suffer. Despite BCI's concerns about the NLRB's execution of its subpoena power, BCI has offered to make all of the documents in question available for inspection to the Board either in camera or in copy, if given a meaningful assurance that the documents would be kept confidential by the Board. Regrettably, not only has the Board refused these offers, but it has failed to suggest any alternative short of outright submission.

While this inflexibility is unfortunate, it can be cured by the Court. Even when enforcement of a NLRB subpoena is appropriate, district courts address the confidentiality concerns of subpoenaed parties via the use of protective orders. Cable Car Advertisers, Inc., 319 F. Supp.2d at 999; SEIU, Local 521, 2008 WL 152176, at *3; see FED. RULE CIV. PRO. 26(c)(7); see generally 9 JAMES WM. MOORE ET AL., MOORE'S FEDERAL PRACTICE §45.04[2][b] (3d ed. 2007)(citing FED. RULE CIV. PRO. 81(a)(5)) ("Though the federal rules do not alter an agency's subpoena powers, the rules are applicable to actions to enforce an administrative subpoena"), and §81.05[3] (citing Donaldson v. U.S., 400 U.S. 517, 528 (1971) ("This rule gives the district court

- 7 -

FISHER & PHILLIPS LLP
Suite 400
18400 Von Karman Avenue
Irvine, CA 92612
Telephone: (949) 798-2111
Fax: (949) 851-0152

4537930_1.DOC

**Opposition to Application for Order Requiring
Compliance with Administrative Subpoena Duces Tecum**

a great deal of discretion to fashion rules appropriate to the situation")). Thus, BCI respectfully requests that, if the Court issues an enforcement order, it include a protective element limiting the NLRB from disclosing the requested information to anyone other than its own staff. This limitation, which would be subject to future modification as deemed prudent by the Court, would strike a reasonable balance between the investigatory needs of the Board and confidentiality concerns of BCI regarding its trade information.[2]

### III.   CONCLUSION

While BCI respects the Board's statutory mandate for the investigation of unfair labor practices, this respect does not translate into a blind acquiescence. The Board's Application overlooks the distinction between a party's good-faith objections and "contumacious conduct." In this situation there are legitimate concerns regarding the scope of the Board's authority to require a deposition, the Board's actual need for additional information, and, most importantly, BCI's desire to protect its proprietary information. Accordingly, BCI respectfully requests that Application be denied. In the alternative, BCI respectfully requests that the Application be denied to the extent that it seeks to impose a deposition requirement on BCI's designated "custodian of records" and/or investigative interview requirement at an unreasonable time or location; that the enforcement order contain a protective element limiting the NLRB from disclosing the requested information to anyone other than its own staff; and that public electronic access not be provided to the documents contained in Exhibit 7 to the Declaration of Patrick J. Cullen.

---

[2] Pursuant to this Court's General Order No. 514-C regarding Adopting a Policy on Privacy and Public Access to Electronic Case Files, BCI also respectfully requests that public electronic access not be provided to the documents contained in Exhibit 7 to the Declaration of Patrick J. Cullen (i.e., BCI's responses to the subpoena duces tecum). For good cause, BCI notes in addition to the arguments above that, in turning over such documents, BCI specifically sought protection from public disclosure pursuant to the Freedom of Information Act and/or similar inquiries. Declaration of Warren Nelson at ¶11, Application, Exhibit 7, pages 0068-0069.

- 8 -

FISHER & PHILLIPS LLP
Suite 400
18400 Von Karman Avenue
Irvine, CA  92612
Telephone:  (949) 798-2111
Fax:  (949) 851-0152

4537930_1.DOC

**Opposition to Application for Order Requiring
Compliance with Administrative Subpoena Duces Tecum**

Respectfully submitted,

DATED: February 1, 2008    MILLER & MARTIN PLLC

BY:  s/ Jennifer B. Robinson
     Jennifer B. Robinson

JENNIFER B. ROBINSON
State Bar No. 148333
JOSEPH Y. MCCOIN, III
TN State Bar No. 20203
(Pro Hac Vice to be Filed)

MILLER & MARTIN PLLC
1200 One Nashville Place
150 Fourth Avenue, North
Nashville, TN  37219-2433
Telephone:     (615) 244-9270
Facsimile:     (615) 256-8197

WARREN L. NELSON
State Bar No. 182178
FISHER & PHILLIPS LLP
18400 Von Karman Avenue, Suite 400
Irvine, CA  92612
Telephone:  (949) 798-2111
Facsimile:   (949) 851-0152

Attorneys for Respondent

FISHER & PHILLIPS LLP
Suite 400
18400 Von Karman Avenue
Irvine, CA  92612
Telephone:  (949) 798-2111
Fax:  (949) 851-0152

4537930_1.DOC

- 9 -

**Opposition to Application for Order Requiring
Compliance with Administrative Subpoena <u>Duces</u> <u>Tecum</u>**

# PROOF OF SERVICE

STATE OF TENNESSEE    )
                      )
COUNTY OF DAVIDSON    )

I am employed in the county of Davidson, State of Tennessee. I am over the age of 18 and not a party to the within action; my business address is: 1200 One Nashville Place, 150 Fourth Avenue, North, Nashville, TN 37219-2433

On February 1, 2008, I served the foregoing document described as **Opposition to Application for Order Requiring Compliance with Administrative Subpoena Duces Tecum** on the interested parties in this action by placing a true copy thereof enclosed in a sealed envelope addressed to the interested parties listed as follows:

Patrick J. Cullen
Robert N. MacKay
Neil A. Warheit
William M. Pate, Jr.
National Labor Relations Board, Region 21
888 South Figueroa Street, 9th Floor
Los Angeles, CA 90017-5449

☐ VIA FAX, I served this document on _____, on the interested parties at the facsimile number(s) listed above.

☐ VIA EMAIL, I served this document on _____, on the interested parties at the email address(es) listed above.

☒ BY MAIL, I deposited said envelope with postage thereon fully prepaid to be placed in the U.S. mail at Nashville, Tennessee.

☒ I am "readily familiar" with the firm's practice of collection and processing correspondence for mailing. Under that practice it would be deposited with U.S. Postal Service on that same day with postage thereon fully prepaid at Nashville, Tennessee, in the ordinary course of business. I am aware that on motion of the party served, service is presumed invalid if postal cancellation date or postage meter date is more than one day after date of deposit for mailing in affidavit.

☐ BY FEDERAL EXPRESS, I caused such envelope to be deposited for delivery by Federal Express to the offices of the addressee listed above.

☐ BY PERSONAL SERVICE, I caused such envelope to be delivered by hand to the addressee listed above.

☒ STATE    I declare under penalty of perjury under the laws of the State of Tennessee that the above is true and correct.

Executed on February 1, 2008, at Nashville, Tennessee.

s/ Jennifer B. Robinson

**Opposition to Application for Order Requiring
Compliance with Administrative Subpoena Duces Tecum**

FISHER & PHILLIPS LLP
Suite 400
18400 Von Karman Avenue
Irvine, CA 92612
Telephone: (949) 798-2111
Fax: (949) 851-0152

4537930_1.DOC