Slip Copy, 2008 WL 152176 (N.D.Cal.)

Motions, Pleadings and Filings

Only the Westlaw citation is currently available.
NOT FOR CITATION
United States District Court, N.D. California,
San Jose Division.
NATIONAL LABOR RELATIONS BOARD, Applicant,
v.
SERVICE EMPLOYEES INTERNATIONAL UNION, LOCAL 521, et al., Respondents.
No. C-07-80170MISC-JF.
Jan. 16, 2008.

Amy L. Berbower, Oakland, CA, for Applicant.

Vincent A. Harrington, Jr., Weinberg, Roger & Rosenfeld, Alameda, CA, for Respondents.

ORDER [FN1] ADOPTING RECOMMENDATION TO ENFORCE SUBPOENAS

FN1. This disposition is not designated for publication and may not be cited.

JEREMY FOGEL, District Judge.
　*1 Having reviewed the Report and Recommendations issued by Judge Howard L. Lloyd on August 28, 2007 this Court hereby adopts the recommendation. The Board's application to enforce the administrative subpoenas served on respondents is granted. The parties are directed to Judge Lloyd's order (attached) for compliance dates.

**REPORT AND RECOMMENDATION THAT BOARD'S APPLICATION TO ENFORCE SUBPOENAS BE GRANTED**

HOWARD R. LLOYD, United States Magistrate Judge.
　The National Labor Relations Board ("Board") applied for an order enforcing several administrative subpoenas it issued in connection with its investigation of certain charges of unfair labor practices. The matter was referred to the undersigned.[FN1] Pursuant to this court's July 2, 2007 Order to Show Cause, respondents answered the Board's application and opposed the request for enforcement. Upon consideration of the moving and responding papers, as well as the arguments presented at the August 14, 2007 motion hearing, this court issues the following report and recommendation that the Board's application be granted and that the subpoenas be enforced.

　　FN1. Because applications to enforce agency subpoenas have been deemed dispositive in nature, this court issues a report and recommendation as to the instant enforcement proceedings. See *NLRB v. Cable Car Advertisers, Inc.*, 319 F.Supp.2d 991, 995-96 (N.D.Cal.2004) (citing cases); *Strong v. United States*, 57 F.Supp.2d 908, 910-14 (N.D.Cal.1999) (citing cases).

**I. BACKGROUND**
　The instant dispute stems from a recent reorganization, evidently implemented in March 2007, of

the Service Employees International Union ("SEIU") in California. According to respondents, Local 715 was a labor organization representing employees in Santa Clara and San Mateo counties, and its clerical staff was represented by Office and Professional Employees International Union Local 29 ("Local 29"). Reportedly, as a result of the restructuring, Local 715 was reorganized into Local 521; and, Local 521 took over representation of Local 715 members and became the employer of Local 715's staff, including those employees who had previously been represented by Local 29. Local 29 subsequently brought charges before the Board, claiming that the reorganization resulted in numerous unfair labor practices-namely, that Locals 521 and 715 refused to recognize Local 29 and to honor its collective bargaining agreement.

In the course of its investigation into these charges, the Board issued subpoenas requiring the custodian(s) of records for Locals 521 and 715 to produce documents and provide testimony before the Board as to those documents. The Board also subpoenaed Kristy Sermersheim to appear and testify before it. (Sermersheim is identified as the Executive Secretary of Local 715, the personal Representative of SEIU's president for Local 521, and the Provisional President of Local 521). Respondents did not comply with the subpoenas; and, the Board filed the instant action to enforce them.

## II. LEGAL STANDARD

Under the National Labor Relations Act ("Act"), any district court "upon application by the Board shall have jurisdiction to issue to such person an order requiring such person to appear before the Board, its member, agent, or agency, there to produce evidence if so ordered, or there to give testimony touching the matter under investigation or in question ...." 29 U.S.C. § 161(2).

*2 The scope of the court's inquiry in an agency subpoena enforcement proceeding is narrow. See NLRB v. North Bay Plumbing, Inc., 102 F.3d 1005, 1007 (9th Cir.1996). The critical questions to be considered are (1) whether Congress has granted the authority to investigate; (2) whether procedural requirements have been followed; and (3) whether the evidence is relevant and material to the investigation. Id. Once the agency establishes these factors, the subpoena must be enforced unless the responding party proves that the subpoena unreasonable because it is overbroad or unduly burdensome. Id.

## III. DISCUSSION

### A. Whether Congress has granted the authority to investigate

There is no dispute that Congress has granted the NLRB the authority to investigate. Under the Act, "[t]he Board, or any member thereof, shall upon application of any party to such proceedings, forthwith issue to such party supenas requiring the attendance and testimony of witnesses or the production of any evidence in such proceeding or investigation ...." 29 U.S.C. § 161(1). "The language of [the Act] is clear. The Board may issue subpoenas requiring both the production of evidence and testimony during the investigatory stages of an unfair labor practice proceeding." North Bay Plumbing, Inc., 102 F.3d at 1008.

### B. Whether Procedural Requirements Have Been Followed

Respondents acknowledge that they did not avail themselves of the Board's administrative remedies to have the subpoenas revoked. See 29 U.S.C. § 161(1).[FN2] However, they argue that they were not able to do so because the subpoenas were not properly served. The Board has submitted documentation showing that the subpoenas were served by certified mail. See Application, Exs. 5(a)-(c); see also 29 U.S.C. § 161(4) ("Complaints, orders, and other process and papers of the Board ... may be served either personally or by registered or certified mail ...."). At oral argument, respondents clarified that service as to Sermersheim was inadequate because she did not personally sign the certified receipt. However, they have not cited any authority to support their proposition. Their assertions of procedural impropriety are therefore rejected.

> FN2. Title 29 United States Code, Section 161(1) provides, in relevant part:
>
> Within five days after the service of a subpena on any person requiring the production of any evidence in his possession or under his control, such person may petition the Board to revoke, and the Board shall revoke, such subpena if in its opinion the evidence whose production is required does not relate to any matter under investigation, or any matter in question in such proceedings, or if in its opinion such subpena does not describe with sufficient particularity the evidence whose production is required.
>
> 29 U.S.C. § 161(1).

The Board argues that, because respondents admittedly failed to exhaust their administrative remedies, they should be estopped from challenging the validity of the subpoenas. Here, it cites cases recognizing the general principle that a party failing to exhaust its administrative remedies may not later seek judicial relief. See, e.g., EEOC v. City of Milwaukee, 919 F.Supp. 1247, 1255 (E.D.Wis.1996) ("It is well established that a litigant will normally be denied judicial relief for injury until administrative remedies have been exhausted."); EEOC v. Roadway Express, 569 F.Supp. 1526, 1528 (N.D.Ind.1983) (same). Nevertheless, the language of the Act as to administrative challenges is permissive, not mandatory; and, at any rate, the Board does not contend that respondents' failure to exhaust their administrative remedies deprives this court of jurisdiction to enforce the subpoenas in question.

**C. Whether the Evidence is Relevant and Material to the Investigation**

*3 Evidence sought by the Board is relevant and material if it " 'relates to or touches on the matter under investigation.' " NLRB v. Dutch Boy, Inc., 606 F.2d 929, 930 (10th Cir.1979) (quoting Cudahy Packing Co. v. NLRB, 117 F.2d 692, 694 (10th Cir.1941)); see also EEOC v. Children's Hospital Med. Ctr. of Northern California, 719 F.2d 1426, 1429 (9th Cir.1983) (en banc) ("When ... '[t]he evidence sought by the subpoena was not plainly incompetent or irrelevant to any lawful purpose,' it should have been enforced.") (quoting Endicott v. Johnson Corp., 317 U.S. 501, 509, 63 S.Ct. 339, 87 L.Ed. 424 (1943)), abrogation on other grounds recognized by Prudential Ins. Co. of America v. Lai, 42 F.3d 1299, 1303 (9th Cir.1994)).

In this case, the materials and information sought by the Board are relevant and material to its investigation. The Board is investigating allegations that, following a union reorganization, Locals 521 and 715 unlawfully refused to recognize Local 29 and to honor its collective bargaining agreement. As part of that investigation, the Board apparently is also examining successorship issues, alter ego issues and any interrelatedness between employers. To further its investigation, the Board has subpoenaed evidence pertaining to the implementation of the reorganization, the bargaining obligations of Locals 521 and 715, and respondents' legal obligations (if any) to adhere to Local 29's collective bargaining agreement. In their opposition, respondents impliedly suggest that the evidence sought by the Board is irrelevant because Local 521 subsequently recognized Local 29 and currently is negotiating a new collective bargaining agreement. However, the Board states that the parties' *subsequent* negotiations are immaterial to its investigation into whether Local 521 was obliged to recognize Local 29, under previously established terms and conditions of employment, immediately upon implementation of the reorganization. This court agrees that Local 521's reported subsequent recognition of Local 29 does not eviscerate the underlying charges of unfair labor practices or the Board's need to investigate them.

This court finds that the Board has satisfied all requirements for enforcement of its subpoenas. Thus, the subpoenas must be enforced unless respondents can prove that the Board's inquiry is unduly burdensome or overbroad. North Bay Plumbing, Inc., 102 F.3d at 1007.

Respondents contend that the subpoenas should not be enforced because they call for privileged information as to its bargaining strategies. Respondents cite to several administrative decisions which generally recognize the confidentiality of such information. See generally Champ Corp., 291 NLRB 803, 817 (1988); Boise Cascade Corp., 279 NLRB 422, 432 (1986); Berbiglia, Inc., 233 NLRB 1476,

1495 (1977). However, those cases concern the disclosure of union bargaining-related information to employers. Here, it appears that the subpoenas in question may (incidentally) call for bargaining-related information. Nevertheless, respondents have not explained, much less demonstrated, how its negotiations will be compromised or threatened if such information is disclosed to the Board. To the extent there are any confidentiality concerns attendant to the disclosure of some information called for by the subpoenas, those concerns may be addressed by production subject to a protective order.

*4 Respondents next assert that the subpoenas are overbroad and unduly burdensome. However, in their papers, they failed to explain, or even to articulate, how these subpoenas constitute a "fishing expedition," or that the burden imposed by the subpoenas is undue. Indeed, at oral argument, respondents' counsel acknowledged that they could have been more specific. He nonetheless stated that they already produced some six inches of documents to the Board in response to an informal request for documents. (According to the Board, respondents have provided only a "small fraction" of the documents being sought. See Reichard Decl., ¶ 6). Respondents' counsel then ventured that responding to the subpoenas would require review of perhaps thousands more documents. That may well be, and the subpoenas do indeed seek a wide range of documents. However, all of the Board's document requests are fairly limited to the time period from June 9, 2006 (when the reorganization reportedly was in its early stages) to the present. Perhaps the subpoenas will require production of a considerable volume of documents (although respondents certainly have made no showing to that effect). But "[t]he mere fact that some compilation of data may be required does not render [a subpoena] excessively burdensome." Valley Industrial Servs., Inc. v. EEOC, 570 F.Supp. 902, 907 (N.D.Cal.1983). Having made no effort to substantiate their conclusory assertions, respondents have not met their burden to show that the subpoenas are unreasonable. See generally, e.g., Federal Deposit Ins. Corp. v. Garner, 126 F.3d 1138, 1146 (9th Cir.1997) ("Although the ... requests are extensive, we cannot hold that the subpoenas are overbroad or unduly burdensome absent a showing by Appellants of additional support for this position."); NLRB v. Frazier, 966 F.2d 812, 819 (3d Cir.1992) (the "[responding] party must come forward with facts suggesting that the subpoena is intended solely to serve purposes outside the purview of the jurisdiction of the issuing agency.").

## IV. RECOMMENDATION

For the foregoing reasons, this court recommends as follows:

1. The Board's application to enforce the administrative subpoenas served on respondents be granted.

2. espondent Local 521's custodian of records should be compelled to fully comply with NLRB Subpoena No. B-450889 by (a) producing all responsive documents within ten days of issuance of the district judge's order and (b) appearing before the Board to answer any and all questions relevant and material to the subpoenaed documents. The parties should meet-and-confer to agree upon a mutually agreeable date and time. However, the deposition should take place no later than thirty days after issuance of the district judge's order.

3. Respondent Local 715's custodian of records should be compelled to fully comply with NLRB Subpoena No. B-450891 by (a) producing all responsive documents within ten days of issuance of the district judge's order and (b) appearing before the Board to answer any and all questions relevant and material to the subpoenaed documents. The parties should meet-and-confer to agree upon a mutually agreeable date and time. However, the deposition should take place no later than thirty days after issuance of the district judge's order.

*5 4. Respondent Sermersheim should be compelled to fully comply with NLRB Subpoena No. A-740577 by appearing for deposition and answering all questions relevant and material to the matters under investigation. The parties should meet-and-confer to agree upon a mutually agreeable date and time. However, the deposition should take place no later than thirty days after issuance of the district judge's order.

N.D.Cal.,2008.

N.L.R.B. v. Service Employees Intern. Union, Local 521
Slip Copy, 2008 WL 152176 (N.D.Cal.)

Motions, Pleadings and Filings (Back to top)

- 5:07mc80170 (Docket) (Jun. 28, 2007)

END OF DOCUMENT

(C) 2008 Thomson/West. No Claim to Orig. US Gov. Works.