PATRICK J. CULLEN (240207)
ROBERT N. MACKAY (192423)
NEIL A. WARHEIT (133218)
WILLIAM M. PATE, JR. (45734)
National Labor Relations Board, Region 21
888 South Figueroa Street, 9th Floor
Los Angeles, CA  90017-5449
Telephone:  (213) 894-7016
Facsimile:   (213) 894-2778
E-mail: patrick.cullen@nlrb.gov

Attorneys for the NLRB

# UNITED STATES DISTRICT COURT

# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| NATIONAL LABOR RELATIONS BOARD, <br><br> Applicant, <br><br> v. <br><br> BCI COCA-COLA BOTTLING COMPANY, <br><br> Respondent. | Case No.:  08 CV 0055 WQH NLS <br><br> Reply to Opposition to Application for Order Requiring Compliance with Administrative Subpoena Duces Tecum <br><br> Date:  February 21, 2008 <br><br> Time:  10:30 a.m. <br><br> Judge:  Hon. Nita L. Stormes <br><br> Courtroom:  F |

## I.     INTRODUCTION

Respondent's Opposition to the Board's Application has two flaws: (1) it misapplies and mischaracterizes the Board's rules and procedures; and (2) it obfuscates Respondent's lack of cooperation during the administrative investigation. Moreover, Respondent has failed to substantiate its claims that the information sought is proprietary, or that such claims outweigh the

Board's need for the information to complete its investigation. Accordingly, the Board respectfully requests that its Application be granted.

## II. THE BOARD HAS FOLLOWED ITS PROCEDURAL REQUIREMENTS

### A. *The Board Has Not Sought to Use Pre-Complaint Depositions*

Respondent erroneously argues that the Board has failed to follow its procedural requirements by claiming that the Board's rules regarding post-complaint depositions preclude investigatory examinations under oath before a court reporter. Respondent misreads the Board's rules by confusing the pre-complaint investigatory subpoena at issue before the Court with post-complaint administrative proceedings.[1]

In this case, the Board is conducting an investigation into alleged unfair labor practices. Naturally, as part of that investigation, the Board gathers evidence from various sources to determine whether violations of the law have occurred. Some evidence is obtained voluntarily through witness affidavits,[2] while the production of other evidence is compelled using the Board's statutory subpoena power. Because the Board cannot compel a subpoenaed party cooperate in giving an affidavit, or to sign an affidavit, testimony and other evidence is taken under oath before a court reporter.

While this procedure is a deposition in the generic sense of the word, it is not a "deposition" within the meaning of the Board rules cited by Respondent. The post-complaint depositions provided for in the rules cited by Respondent (29 C.F.R. § 102.30) are used in special circumstances to secure testimony for an administrative trial in lieu of the witness's presence at the hearing, such as when a witness is seriously ill. (See Casehandling Manual § 10352 et seq.,

---

[1] Throughout this case, the term "Board" has been used to collectively describe the National Labor Relations Board and the General Counsel of the Board. Briefly, the NLRB is divided between the five-member Board, acting as a quasi-judicial body, and the General Counsel who is charged with investigating and prosecuting cases before the Board. Regional offices, headed by Regional Directors, are supervised by the General Counsel. Regional Directors have authority to issue investigative subpoenas in the name of the Board. Finally, the General Counsel represents the Board in federal court proceedings.

[2] Affidavits are prepared by Board agents in response to questions posed to the affiant. The affidavit is reviewed and corrected by the affiant, and sworn to by the affiant.

attached as Exhibit 1-A.) That is not the situation in this case. Here, the Board will properly use a court reporter to secure sworn testimony from an uncooperative respondent.[3]

### B. A Proper Subpoena Application Was Made

Respondent objects to the subpoena because the Board has not provided proof that an application for an investigative subpoena was made. No such proof is required.

Before the subpoena was issued, a proper application was made to the Regional Director of Region 21. (See Declaration of Regional Attorney William M. Pate, Jr., attached as Exhibit 2.) While the Board's rules require that such an application be made, there is no requirement that it be served on Respondent. (29 C.F.R. § 102.31). Subpoena applications are internal deliberative documents that are not publicly disclosed. (See Declaration of Regional Attorney William M. Pate, Jr., attached as Exhibit 2.) Further, Respondent did not raise this objection to the Regional Director, the Board, during the subpoena examination, or in any of the several letters attached to its Opposition. In fact, in its Opposition, Respondent fails to articulate how this purported lack of proof invalidates the subpoena; this claim should be rejected by the Court.

### C. Respondent Received Due Process Before the Board

Respondent appears to suggest that it was denied due process because the Board rejected its petition to revoke the subpoena without a hearing. Respondent's petition to revoke was duly considered by the Board, as demonstrated by the Board's modification of the subpoena in its Order. (Application Ex. 5). More importantly, Respondent cannot claim it was denied a hearing that it never requested. Nowhere in its petition before the Board does Respondent request a hearing. Nor has it pointed to any rule or regulation requiring a hearing. Thus, any claim by Respondent that the lack of a hearing before the Board denied it due process should be rejected.

---

[3] Respondent also appears to claim that the Board has not followed the procedures contained in its Casehandling Manual. While the Board's position is that all procedural requirements have been met, the Casehandling Manual, by its own terms, is not intended to be binding authority or rules of procedure. See Exhibit 1-B; *Superior Industries*, 289 NLRB 834, 835 fn. 13 (1988), enfd. mem. 902 F.2d 40, 41 (9th Cir. 1990).

**III.   RESPONDENT HAS NOT SUSTAINED ITS CLAIM OF CONFIDENTIALITY**

Respondent has refused to comply with the subpoena because of its claimed concerns about proprietary information. In *Federal Open Market Committee of Federal Reserve System v. Merrill*, 443 U.S. 340, 362 (1979), the Supreme Court stated, "As with most evidentiary and discovery privileges recognized by law, there is no absolute privilege for trade secrets and similar confidential information. The courts have not given trade secrets automatic and complete immunity against disclosure, but have in each case weighed their claim to privacy against the need for disclosure. Frequently, they have been afforded a limited protection." (internal citations and quotations omitted.) In this case, Respondent flatly claims that the information sought by the Board is confidential, and cannot be disclosed. In fact, Respondent has not presented any concrete evidence showing that the withheld information *is* confidential or proprietary. Instead, it expects the Court to rely on Respondent's conclusionary assertions. (See Opposition, Declaration of Robert Coyle ¶4-5) "The documents sought by the Board contain a great deal of highly sensitive proprietary information and confidential details…."

Even assuming for the sake of argument that some of the subpoenaed information might be confidential, Respondent has not presented any evidence showing how its claims of confidentiality outweigh the public's interest in investigating alleged violations of federal law. Two of the issues in the investigation are: (1) the reasons Respondent opened its facility in Oceanside; and (2) the extent of its duty to bargain with the unions over that decision, or the effects of that decision. The subpoena seeks evidence relevant to this legal issue, and Respondent has not presented evidence to prove that its interests in nondisclosure outweigh those of the public, as determined by Congress, that allegations of unfair labor practices be fully investigated and considered by the Board.[4]

Respondent also claims that the Board has been unwilling "to take any step to help ensure that [Respondent's] proprietary information will remain confidential." (Opposition p. 2).

---

[4] Contrary to Respondent's claims, it is irrelevant that Teamsters Local 683 has since been certified as the collective-bargaining representative of employees at the Oceanside facility, or that both Charging Parties are bargaining with Respondent. These recent circumstances are not pertinent to the determination of whether Respondent violated the law as alleged in the charges,

Specifically, Respondent claims the Board has wrongfully ignored its requests to keep information confidential under the Freedom of Information Act (FOIA) and California state law. These claims are baseless: federal preemption guards against state-law based inquiries, and the Regional Director cannot alter the types of documents that are disclosable under FOIA, which is an Act of Congress.

Regarding this proceeding before the district court, the Board's evidence in support of the filing is proper. The Board was not required to redact any information from its district court filing because the transcript and attachments from the subpoena examination are the record of an administrative or agency proceeding. Fed. R. Civ. P. 5.2(b)(2). Additionally, Respondent must have known there was a possibility that these documents would be made public, because it redacted information from them. Finally, but most importantly, the Board commenced this district court proceeding by asserting that Respondent has failed to comply with a subpoena. It is axiomatic that to properly support its Application, the Board must offer proof of how Respondent has failed to comply. In any event, this claim distracts from the crux of this case: Respondent's failure to present its Custodian of Records at the subpoena examination, or to fully comply by producing the requested documents.

**IV.    RESPONDENT HAS NOT COMPLIED WITH THE SUBPOENA**

In its Opposition, Respondent presents itself as having unsuccessfully tried to cooperate and reason with an unreasonable federal agency. However, the fact is that Respondent has improperly attempted to dictate how the Board's investigation should be conducted.

Respondent argues that it "presented the Board with redacted copies of documents representative of the requested information…." (Opposition p.3) This manner of compliance is illusory: if subpoenaed parties are permitted to determine what information should be redacted and what evidence is representative, appropriate and thorough administrative investigations would never occur. Moreover, the remaining documents offered by Respondent were produced on the same basis: Respondent would decide on a case-by-case basis which documents and what

---

especially where the statutory rights of employees at facilities other than the Oceanside facility are involved.

information the Board could use. (Application Ex. 7, pg 0046, lines 8-18.) Further, Respondent cannot claim that these documents would have been responsive to the subpoena, even had they been given to the Board:

> MR. NELSON: These documents are really so voluminous that it's *very difficult to say exactly what they are* and what they're relevant to. (emphasis added.) (Application Ex. 7, pg. 0042, lines 17-19.)

Yet Respondent claims that the Board has somehow failed to review these documents made available by Respondent. One of the fundamental purposes of the subpoena is to obtain only the information sought by the Board. The public interest would not be served if the Board were required to sift through a mass of documents that Respondent itself has not bothered to segregate and identify. The failure of Respondent's Custodian of Records to appear, and counsel's unfamiliarity with the documents, only adds to this ambiguity.

Respondent attempts to show its good faith during the investigation by proffering copies of correspondence to the Board, and mentioning that its Director of Labor Relations, Brian Sasadu, voluntarily provided an affidavit.[5] As an initial matter, Respondent's cooperation in one part of the investigation is irrelevant to the issue of whether it has complied with the subpoena. Second, representations contained in letters are just that – representations – and not the type of thorough evidence needed to complete the investigation. Finally, while it is true that Mr. Sasadu did provide an affidavit to the Board, that affidavit was limited in scope by its own terms to refusal-to-provide-information allegations, and not to Respondent's decision to open the Oceanside facility and its bargaining obligations, which is the heart of the investigation here.[6]

Respondent incorrectly contends that the Board has failed to claim that any additional information is necessary for the Regional Director to make merit determinations in the underlying charges. Issuing the subpoena, which was duly considered and enforced by the Board, shows that

---

[5] To help ensure a complete district court record, a copy of Regional Attorney William M. Pate, Jr.'s reply to Respondent's letter of January 18, 2008, is attached as Exhibit 3. (See Declaration of Regional Attorney William M. Pate, Jr., attached as Exhibit 2.)

[6] Respondent has a copy of Mr. Sasadu's affidavit. However, the affiant has been given assurances of confidentiality by the Board, and thus a copy is not attached to this filing. A true and correct copy of the affidavit can be provided to the Court for *in camera* review to verify the Board's representation about its contents, if necessary.

more evidence is needed. As the term suggests, investigative subpoenas are issued only when a merit determination cannot be made without additional information. Moreover, Respondent continues to arrogate to itself a judgment about what evidence the Regional Director needs to make merit determinations.

Of course, all of these arguments overlook Respondent's most glaring and unmitigated failure to comply: its Custodian of Records did not appear at the examination as directed by the subpoena. This fact alone evidences Respondent's contumacious conduct, and supports the Board's Application for an order requiring compliance with the subpoena.[7]

**V.     RESPONDENT HAS NOT ESTABLISHED THE NEED FOR A PROTECTIVE ORDER.**

Before the Court, and for the first time, Respondent seeks a protective order regarding the subpoenaed documents. In the administrative proceedings before the Board, Respondent did not ask for a protective order. (Application Ex. 4). While there is no specific Board rule regarding protective orders, the power to grant such protective orders is implicit in the Board's oversight of its subpoenas. As the Board has the authority to revoke or modify subpoenas, it naturally has the authority to limit the use of evidence produced under them. Therefore, it is respectfully submitted that Respondent has waived its argument in support of a protective order before this Court, because it did not seek such an order in the underlying administrative proceeding.

However, should the Court decide to grant a protective order, that order should be narrowly limited in scope to affect only the Board's investigation, and should not extend to any eventual trial.[8] If either or both of the underlying unfair labor practice charges proceed to complaint and trial, any limits on the public disclosure of documents should be left to the Board's

---

[7] Respondent's insinuations that Regional Director Small agreed to modify its duty to comply with the subpoena, or acquiesced to any of Respondent's requests to modify its duty to comply, are false. Director Small agreed only to reschedule the date of the subpoena examination from December 20 to December 21, 2007. (See Declaration of Regional Director James F. Small, attached as Exhibit 4.)

[8] No merit determination has been made on the underlying unfair labor practice charges. (See Declaration of Region Director James F. Small, attached as Exhibit 4.) Further, it is possible that

- 7 -
08 CV 0055 WQH NLS

administrative law judge. By leaving this determination to the ALJ, a prompt and decisive determination can be made by a judicial officer most familiar with the administrative complaint and the evidence relevant to that complaint, with minimal interruption of the underlying administrative trial, and eliminating any further burden on the district courts in collateral proceedings.

**VI.   CONCLUSION**

Respondent has failed to show why the Board's Application should not be granted. The Board's subpoena, properly issued, seeks relevant information necessary to the Board's administrative investigation. Respondent has failed to comply with the subpoena or to provide evidence that the withheld information is subject to any applicable privilege against disclosure. Accordingly, the Board respectfully requests that the Court grant its Application and issue an Order requiring Respondent to fully comply with the administrative subpoena duces tecum, at a place and time to be established by the Regional Director.

Dated at Los Angeles, California, this 12th day of February, 2008.

>   Respectfully submitted,
>
>   **National Labor Relations Board**
>   William M. Pate, Jr.
>   Neil A. Warheit
>   Robert N. MacKay
>   Patrick J. Cullen
>
>   s/ Patrick J. Cullen
>   By: _____
>   Patrick J. Cullen
>   Attorneys for Applicant
>   National Labor Relations Board
>   E-mail: patrick.cullen@nlrb.gov

---

at the conclusion of the investigation, a determination would be made to not issue a complaint against Respondent.

- 8 -

08 CV 0055 WQH NLS

PROOF OF SERVICE

STATE OF CALIFORNIA          )
                             ) SS:
COUNTY OF LOS ANGELES        )

I am employed in the City of Los Angeles, County of Los Angeles, California. I am over the age of 18 and not a party to the within action. My business address is 888 South Figueroa Street, Ninth Floor, Los Angeles, California 90017-5449.

On February 12, 2008, I served the foregoing document(s):

1. Reply to Opposition to Application for Order Requiring Compliance with Administrative Subpoena Duces Tecum.

2. Exhibits to Reply to Opposition to Application for Order Requiring Compliance with Administrative Subpoena Duces Tecum.

on the interested parties in this action by placing a true copy thereof in a sealed envelope(s) addressed to:

Warren L. Nelson, Attorney at Law
Fisher & Phillips, LLP
18400 Von Karman Ave. Suite 400
Irvine, CA 92612

Jennifer L. Robinson, Attorney at Law
Joseph Y. McCoin, III, Attorney at Law
Miller & Martin PLLC
1200 One Nashville Place
150 Fourth Avenue, North
Nashville, TN 37219-2433

-2-

      BY MAIL: I am employed in the office of a member of the bar of this court at whose direction the service was made. I am readily familiar with the firm's practice of collection and processing of correspondence for mailing. This practice is as follows: In the ordinary course of business, items to be mailed are collected and deposited with the U.S. Postal Service on that same day with postage thereon fully prepaid at Los Angeles, California. The aforementioned envelope was placed for collection and mailing on this date under said practice. I am aware that on motion of the party served, service is presumed invalid if postal cancellation date or postage meter date is more than one day after date of deposit for mailing in affidavit.

**I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.**

      Executed on February 12, 2008, at Los Angeles, California.

<u>Mildred K. Washington</u>

Type or Print Name                                 Signature