PATRICK J. CULLEN (240207)
ROBERT N. MACKAY (192423)
NEIL A. WARHEIT (133218)
WILLIAM M. PATE, JR. (45734)
National Labor Relations Board, Region 21
888 South Figueroa Street, 9th Floor
Los Angeles, CA  90017-5449
Telephone:  (213) 894-7016
Facsimile:   (213) 894-2778
E-mail: patrick.cullen@nlrb.gov

Attorneys for the NLRB

# UNITED STATES DISTRICT COURT

# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| NATIONAL LABOR RELATIONS BOARD, <br><br> Applicant, <br><br> v. <br><br> BCI COCA-COLA BOTTLING COMPANY, <br><br> Respondent. | Case No.:  08 CV 0055 WQH NLS <br><br> Exhibits to Reply to Opposition to Application for Order Requiring Compliance with Administrative Subpoena Duces Tecum <br><br> Date:  February 21, 2008 <br><br> Time:  10:30 a.m. <br><br> Judge:  Hon. Nita L. Stormes <br><br> Courtroom:  F |

To the Honorable Nita L. Stormes:

Attached are five exhibits in support of the NLRB's Reply to Opposition to Application for Order Requiring Compliance with Administrative Subpoena Duces Tecum, filed concurrently herewith. The table below lists each exhibit by exhibit number, and includes the page number of each exhibit. A brief description of each exhibit is also included.

08 CV 0055 WQH NLS

| Exhibit No. | Page | Description |
|---|---|---|
| 1-A | 1 | NLRB Casehandling Manual § 10352 et seq. |
| 1-B | 3 | NLRB Casehandling Manual Introduction |
| 2 | 6 | Declaration of Regional Attorney William M. Pate, Jr. |
| 3 | 8 | Letter dated January 23, 2008, from Regional Attorney William M. Pate, Jr. to Warren L. Nelson, Esq. |
| 4 | 10 | Declaration of Regional Director James F. Small |

Dated at Los Angeles, California, this 12th day of February, 2008.

                Respectfully submitted,

                **National Labor Relations Board**
                William M. Pate, Jr.
                Neil A. Warheit
                Robert N. MacKay
                Patrick J. Cullen

                s/ Patrick J. Cullen
By:   _____
                Patrick J. Cullen
                Attorneys for Applicant
                National Labor Relations Board
                E-mail: patrick.cullen@nlrb.gov

08 CV 0055 WQH NLS

Where feasible, the settlement judge may require that the parties or their representatives attend the settlement conference in person, since such a meeting provides the best opportunity to engage in a fruitful discussion. In addition, the alleged discriminatees should be encouraged to attend the conference. When only the representative of a party is present, the party, or an agent with full authority to settle, should be available by telephone. When personal attendance at a meeting is not feasible, the discussion could be conducted by conference call.

The Regional Office representative should be familiar with the facts and legal theory, as well as the settlement position of the charging party and the Regional Director. When discussing the facts, the Regional Office's representative needs to be prepared to discuss the nature of the evidence on specific violations, but should not reveal the names of possible witnesses. Sec. 10128 and especially 10128.3. Any settlement agreed upon is still subject to the approval of the Regional Director. If the Regional Director approves a unilateral settlement, the normal appeal procedure is available to an objecting party.

## 10352  Depositions in Lieu of Trial Testimony

### 10352.1  Depositions; General

The Federal Rules of Civil Procedure providing for various types of compulsory pretrial discovery are not applicable to Board proceedings. See *NLRB v. Robbins Tire & Rubber Co.,* 437 U.S. 214, 236–237 fn. 16 (1978). Therefore, depositions may not be used merely for purposes of pretrial discovery. They may be taken only for good cause shown after issuance of complaint. See Sec. 102.30, Rules and Regulations, for the general requirements and procedures to be followed.

### 10352.2  "Good Cause"

"Good cause" may arise from a variety of circumstances. It relates generally, however, to situations where the witness will not be available to testify at the hearing. The lack of availability may be due to serious illness of the witness or other extraordinary circumstances.

However, where it is anticipated that the testimony of the witness may conflict with other evidence or testimony, the use of depositions should be discouraged. A better alternative would be, where practicable, to request an adjournment of a portion of the hearing to a time and place at which the witness can testify.

### 10352.3  Application for Deposition

Sec. 102.30(a), Rules and Regulations, provides any party may make application for deposition to the Regional Director before hearing or, if the hearing has opened, to the Administrative Law Judge. An order granting the application will be served on the parties if, in the discretion of the Regional Director or Administrative Law Judge, good cause has been shown.

**10352.4  Order and Notice of Deposition**

The order and notice of deposition should set forth the name of the witness whose deposition is to be taken, the date, hour, and place of deposition, and the "officer" before whom the "witness" will testify.  Normally the "officer" will be counsel for the General Counsel, who will fully participate in the deposition.  All parties should be served with the order.

**10352.5  Taking of Deposition**

Sec. 102.30(b), Rules and Regulations, provides that the deposition may be taken before any officer authorized to administer oaths by the laws of the United States or of the place of deposition, including any Board agent authorized to administer oaths.  Sec. 102.30(c) provides that at the time and place specified, the officer should permit the witness to be examined and cross-examined under oath.

Sec. 102.30(c), Rules and Regulations, provides that all objections to questions or evidence shall be deemed waived unless made during the examination.  The officer shall not have the power to rule on any objections, but shall note them on the record.

**10352.6  Reporter and Transcript of Testimony**

The party seeking the deposition must arrange and pay for the reporter.  An original and two copies of the transcript of the testimony should be delivered to the Regional Director for prehearing depositions, or to the Administrative Law Judge during and subsequent to hearing.  The transcript must be signed by the witness, unless counsel by stipulation waive such signature.

**10352.7  Introduction into Evidence**

When a party wishes to introduce a deposition into evidence, the transcript should be marked for identification and offered into evidence as an exhibit.  If counsel for the General Counsel wishes to object to the introduction of all or a portion of the transcript, the attorney should present the objections with supporting legal argument.  The Administrative Law Judge will rule on the admissibility of the deposition or any part thereof.  Errors or irregularities in the transcript will be deemed to be waived, in the absence of a prompt motion to suppress part or all of a deposition.

## 10380–10409  THE HEARING

**10380  Role and Conduct of Trial Attorney**

The trial attorney is an advocate who prosecutes the case as set forth in the complaint on behalf of the General Counsel.  The trial attorney represents the public's interests by presenting evidence and arguments in support of the complaint with honesty and integrity.  In order to maximize the potential for success, the trial attorney should be guided by the recommendations and suggested practices set forth in the memoranda of

# INTRODUCTION

**PREFACE**

I am pleased to introduce this revised edition of the National Labor Relations Board Casehandling Manual for Unfair Labor Practice Proceedings.  Last revised in June 1989, this comprehensive revision is more accessible and useful, increasing its value as a resource for the Agency and the public.  This edition incorporates straightforward language to clarify instruction concerning ULP case processing; expands the scope of guidance in many areas and reorganizes the material to facilitate its use.  In addition, several new sections address existing casehandling procedures and recent developments and update existing sections to reflect current case law and General Counsel policies.

I anticipate that the guidelines set forth in this revision will enhance the quality of casehandling and assist the Agency in its mission to fairly and efficiently process and resolve unfair labor practice cases.

This revised manual was prepared by a field committee composed of Richard Ahearn, Regional Director in Region 9; Michael C. Joyce, Assistant to the Regional Director in Region 6; Rik Lineback, Regional Attorney in Region 25; and  Mark Carissimi, Deputy Regional Attorney in Region 8.  Ellen Farrell, Deputy Associate General Counsel, Division of Advice made a significant contribution to the Manual in several areas.  Individuals in Special Litigation Branch, Contempt Litigation and Compliance Branch and Regional Offices also played important roles in this project.  As Chairman of the Committee Richard Ahearn deserves special recognition for his leadership and coordination of the Committee's work.  Christina Stadtlander, Assistant Office Manager, Region 9, rendered invaluable assistance to the Committee in preparing this revision.  Assistant General Counsel Nelson Levin coordinated this substantial project for the Division of Operations-Management.  In closing, I wish to thank all the individuals who contributed to revising this Manual.

                                              Arthur Rosenfeld
                                              General Counsel
                                              September 2003

**PURPOSE OF THE MANUAL**

The Casehandling Manual is intended to provide procedural and operational guidance for the Agency's Regional Directors and their staffs when making decisions as to unfair labor practice and representation matters under the National Labor Relations Act. The Manual consists of three volumes: Part One—Unfair Labor Practice Proceedings; Part Two—Representation Proceedings; and Part Three—Compliance Proceedings.

This Manual has been prepared by the General Counsel for use by Agency personnel, pursuant to authority under Section 3(d) of the Act and as delegated by the Board. The Manual has been neither reviewed nor approved by the Board.

As to matters on which the Board has issued rulings, the Manual seeks to accurately describe and interpret Board law; while the Manual can thus be regarded as reflecting Board policies as of the date of its preparation, in the event of conflict, it is the Board's decisional law, not the Manual, that is controlling. Similarly, while the Manual reflects casehandling policies of the General Counsel as of the date of its preparation, such policies may be revised or amended from time-to-time.

The Manual is not a form of binding authority, and the procedures and policies set forth in the Manual do not constitute rulings or directives of the General Counsel or the Board. The Manual is also not intended to be a compendium of either substantive or procedural law, nor can it be a substitute for a knowledge of the law.

Although it is expected that the Agency's Regional Directors and their staffs will follow the Manual's guidelines in the handling of cases, it is also expected that in their exercise of professional judgment and discretion, there will be situations in which they will adapt these guidelines to circumstances. Thus, the guidelines are not intended to be and should not be viewed as binding procedural rules. Rather, they provide a framework for the application of the Board's decisional law and rules to the facts of the particular situations presented to the Regional Directors and their staffs, consistent with the purposes and policies of the Act.

**MANUAL FORM**

This Manual is available in printed form from the U.S. Government Printing Office and in electronic form at the Agency's web site (http://www.nlrb.gov/). (Agency employees also have access to the Manual on an Agency electronic Bulletin Board.)

**MODIFICATIONS TO THE MANUAL**

Modifications to the Manual will be announced by General Counsel memoranda. These memoranda are available to the public through the Agency's publication "Weekly Summary of NLRB Cases." At the time of announcement, the electronic versions of the Manual maintained on the Agency's web site (http://www.nlrb.gov/) and internal Bulletin

Board will be revised in accord with the modifications. All memoranda announcing modifications will be retained indefinitely at the website and Bulletin Board UPDATE PAGE.

Printed versions of the Manual available in Agency libraries will be kept current. Printed compilations of modifications will be prepared annually. Printed copies of the Manual distributed following its original publication date will contain the original Manual as well as all annual compilations.

**INSTRUCTIONS**

The Casehandling Manual consists of three volumes: Part One—Unfair Labor Practice Proceedings; Part Two—Representation Proceedings; and Part Three—Compliance Proceedings. The Compliance Manual was revised in 1993. The Representation Casehandling Manual was revised in 1999.

This Unfair Labor Practice Casehandling Manual revision was issued in 2002. This revision has updated the Common to All Cases Sections 117000–11886, which appear in both the Unfair Labor Practice Casehandling Manual and the Representation Casehandling Manual. Accordingly, the Common to All Cases portion of the Representation Casehandling Manual must be replaced with the version contained in this revision.

# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| NATIONAL LABOR RELATIONS BOARD, <br><br> Applicant, <br><br> v. <br><br> BCI COCA-COLA BOTTLING COMPANY, <br><br> Respondent. | Case No.: 08 CV 0055 WQH NLS <br><br> Declaration of Regional Attorney William M. Pate, Jr. <br><br> Date: February 21, 2008 <br><br> Time: 10:30 a.m. <br><br> Judge: Hon. Nita L. Stormes <br><br> Courtroom: F |

I, William M. Pate, Jr., hereby declare as follows:

1. I am the Regional Attorney of Region 21 of the National Labor Relations Board ("the Board"). The Board's Region 21 Regional Office is located in Los Angeles, California.

2. There are presently two unfair labor practice charges under investigation before Region 21 of the Board. These charges are: <u>Coca-Cola Bottling Company of San Diego</u>, Case 21-CA-37682, and <u>BCI Coca-Cola Bottling Company of Los Angeles, t/a, Coca-Cola Bottling Company of Southern California</u>, Case 21-CA-37683.

3. On August 7, 2007, I was serving as the Acting Regional Director of Region 21 of the Board.

4. On August 7, 2007, I received and approved an application for the issuance of investigative subpoena duces tecum #B-442930, as provided in the Board's rules. (29 C.F.R. § 102.31.)

5. Applications for the issuance of subpoenas are internal deliberative documents that are not disclosed to the public.

- 6 -
Exhibit 2

08 CV 0055 WQH NLS

6. Attached as Exhibit 3 is a true and correct copy of a letter sent to Respondent's attorney, Warren L. Nelson, on January 23, 2008.

In accordance with 28 U.S.C. Sec. 1746, I declare under the penalty of perjury that the foregoing is true and correct to the best of my knowledge and belief.

Executed at Los Angeles, California, on February 12, 2008.

*William M. Pate, Jr.*
William M. Pate, Jr.
Regional Attorney, Region 21
National Labor Relations Board

- 7 -
Exhibit 2

08 CV 0055 WQH NLS



**United States Government**

**NATIONAL LABOR RELATIONS BOARD**

**Region 21**

**888 South Figueroa Street, Ninth Floor**

**Los Angeles, CA 90017-5449**

Telephone: (213) 894-5206
Facsimile: (213) 894-2778

Resident Office:
555 W Beech Street - Suite 418
San Diego, CA 92101-2939
Telephone: (619) 557-6184
Facsimile: (619) 557-6358

January 23, 2008

**BY FACSIMILE AND US MAIL**

Warren L. Nelson, Attorney at Law
Fisher & Phillips, LLP
18400 Von Karman Avenue, Suite 400
Irvine, CA 92612

        Re:    Coca-Cola Bottling Company of San Diego
                  Case 21-CA-37682
                  BCI Coca-Cola Bottling Company
                  of Los Angeles, trading as Coca-Cola
                  Bottling Company of Southern California
                  Case 21-CA-37683

Dear Mr. Nelson:

This letter will serve to respond to your January 18, 2008 letter regarding the above-referenced cases. Regarding your offer to make documents available for inspection, the Region has carefully considered your offer and determined that it will not meet the needs of the investigation.

Based on my understanding of the investigation to date, the Employer was asked to voluntarily cooperate by providing documentary evidence during the investigation of these cases. In response to this request, the Employer provided some documentary evidence, but that evidence was heavily redacted and impaired the Region's ability to make merit determinations.

Accordingly, an investigative subpoena duces tecum was issued seeking documents and testimony from the Employer's custodian of records. In response to the subpoena, the Employer filed a petition to revoke and argued that the subpoena sought proprietary and confidential information. Both the petition and those very arguments were rejected by the Board.

Cases 21-CA-37682                                              - 2 -                                              January 23, 2008
      21-CA-37683

At the deposition on December 21, 2007, the custodian of records did not appear as required by the subpoena. Some redacted documents were offered into the record, and other documents were presented for off-the-record review only. It is the Region's position that the Employer cannot decide the manner in which it will comply with the subpoena, including which information is sufficiently confidential to withhold from the investigation. Based on what I have described above, the Region's position is that the Employer has not complied with the subpoena.

Also in your letter, you express disappointment about the contents of the Region's District Court filing. In particular, you allege that the Region introduced sensitive business information into the public record. As an initial matter, this particular information was already part of the public record once it was introduced into evidence at the deposition. Moreover, since the court filing alleges that the Employer has not cooperated with the Board's subpoena, it was necessary to introduce a complete record of the underlying administrative proceedings in regards to the subpoena to support these allegations.

Finally, the only basis on which the Region will reconsider its application to the District Court is if the Employer immediately and completely complies with the Board's subpoena duces tecum.

Please contact Field Attorney Patrick Cullen if the Employer wishes to make arrangements to provide the subpoenaed documents and testimony.

                                              Very truly yours,

                                              *William M. Pate, Jr.*

                                              William M. Pate, Jr.
                                              Regional Attorney

# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| NATIONAL LABOR RELATIONS BOARD,<br><br>Applicant,<br><br>v.<br><br>BCI COCA-COLA BOTTLING COMPANY,<br><br>Respondent. | Case No.: 08 CV 0055 WQH NLS<br><br>Declaration of Regional Director James F. Small<br><br>Date: February 21, 2008<br><br>Time: 10:30 a.m.<br><br>Judge: Hon. Nita L. Stormes<br><br>Courtroom: F |

I, James F. Small, hereby declare as follows:

1. I am the Regional Director of Region 21 of the National Labor Relations Board ("the Board"). The Board's Region 21 Regional Office is located in Los Angeles, California.

2. There are presently two unfair labor practice charges under investigation before Region 21 of the Board. These charges are: <u>Coca-Cola Bottling Company of San Diego</u>, Case 21-CA-37682, and <u>BCI Coca-Cola Bottling Company of Los Angeles, t/a, Coca-Cola Bottling Company of Southern California</u>, Case 21-CA-37683.

3. As the Regional Director of Region 21, I have the authority and the responsibility to determine whether there is cause to believe that the parties charged in the above unfair labor practice charges have violated the National Labor Relations Act (29 U.S.C. § 151 et seq.), herein called the Act.

4. As of today, no determination on the merits of these charges has been made. Furthermore, no merit determinations can be made without the information sought in the Board's subpoena duces tecum #B-442930.

5. Following the Board's denial of Respondent's Petition to Revoke, I issued an Order on December 5, 2007, directing Respondent's Custodian of Records to appear at the Board's Region 21 office on December 20, 2007.

6. On or about December 13, 2007, I had a telephone conversation with Respondent's counsel, Warren L. Nelson. In that conversation, I authorized the rescheduling of the date for Respondent's Custodian of Records to appear at the Region 21 office, consistent with the schedules of the Board agents involved. I am informed that the date was rescheduled to December 21, 2007, at 9:00 a.m.

7. During my conversation with Mr. Nelson, I only authorized changing the date for Respondent's compliance with the subpoena duces tecum. I did not agree to modify Respondent's duty to comply with the subpoena, and I did not acquiesce to any of Respondent's requests to modify its duty to comply with the subpoena.

In accordance with 28 U.S.C. Sec. 1746, I declare under the penalty of perjury that the foregoing is true and correct to the best of my knowledge and belief.

Executed at Los Angeles, California, on February 12, 2008.

James F. Small
Regional Director, Region 21
National Labor Relations Board