# UNITED STATES DISTRICT COURT

# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| NATIONAL LABOR RELATIONS BOARD,<br><br>                 Plaintiff,<br>v.<br><br>BCI COCA-COLA BOTTLING COMPANY,<br><br>                 Defendant. | Civil No.08cv55 WQH (NLS)<br><br>**REPORT AND RECOMMENDATION FOR ORDER GRANTING PLAINTIFF'S APPLICATION FOR ORDER REQUIRING COMPLIANCE WITH ADMINISTRATIVE SUBPOENA AND REQUIRING SUBMISSION OF PROPOSED PROTECTIVE ORDER**<br><br>**[Doc. No. 1]** |

Plaintiff National Labor Relations Board (the Board) filed an application for an order requiring defendant BCI Coca-Cola Bottling Company (BCI) to comply with an administrative subpoena. BCI opposes. The district judge referred the application to this Court for a report and recommendation pursuant to 28 U.S.C. § 636(b) and Federal Rule of Civil Procedure 72(a). This Court found the matter suitable for decision without oral argument. Having considered the entire record before it, this Court **RECOMMENDS** that the district judge **GRANT** the Board's application.

## REQUEST FOR JUDICIAL NOTICE

The Board asks this Court to take judicial notice of the Rules and Regulations governing the Board's conduct (Rule(s)), as published in 24 Fed. Reg. 9095. Application for Order Requiring Compliance (Application) ¶ 2 [Doc. No. 1-1]. This Court recommends that the district court take judicial notice of the Rules pursuant to 44 U.S.C. § 1507 ("The contents of the Federal Register shall be judicially noticed").

## RELEVANT FACTS

The Board's Application stems from two underlying unfair labor practices charges brought by Teamsters Local No. 683 from San Diego and Teamsters Local No. 952 from Orange (collectively, the Charging Parties) and currently pending before the Board.[1] Application ¶ 3. The Board, through the Region 21 regional office in Los Angeles (Regional Office), is investigating charges that the Coca-Cola Bottling Company of San Diego and defendant BCI (collectively, the Charged Parties) violated the National Labor and Relations Act (the Act), 29 U.S.C. § 161, *et seq*. The Charging Parties accuse the Charged Parties of failing to bargain in good faith with their employees' exclusive collective-bargaining representatives regarding (1) the transfer of bargaining-unit employees to a facility in Oceanside, California; and (2) the effects of opening the Oceanside facility on their bargaining-unit employees working in San Diego, Orange, and Rancho Cucamonga. Application ¶ 3, Ex. 1. The Charging Parties allege that BCI has information relevant to the Board's investigation of these charges. Application ¶ 3. The Board needs the information to help them determine whether they should issue a complaint against either or both of the Charged Parties.[2] Application ¶ 3.

From May through August 2, 2007, BCI responded to the Board's several requests for information and provided some documents to the Board. *See* Warren Decl. Exs. A-H. In addition to the written statements and documents, BCI's Director of Labor Relations participated in an investigative interview at Region 21's offices. Nelson Decl. ¶ 4. Then, on August 7, 2007, the Regional Office issued a subpoena duces tecum to BCI's Custodian of Records (COR) pursuant to Rule § 102.31. Application ¶ 4, Ex. 2. The investigative subpoena[3] required the COR to appear before the Regional Office on August 21, 2007 and give testimony and documents relevant to the alleged unfair labor practices. Application ¶ 4, Ex. 2. BCI filed a petition to revoke the subpoena on August 20, 2007. Application ¶

---

[1] The charges are under *Coca-Cola Bottling Company of San Diego*, Case 21-CA-37682 and *BCI Coca-Cola Bottling Company of Los Angeles, t/a, Coca-Cola Bottling Company of Southern California*, Case 21-CA-37683.

[2] On August 2, 2007, the Board certified Local No. 683 as the collective bargaining representative for the Oceanside facility. Both Charging Parties are participating in collective bargaining for the Oceanside facility. Nelson Decl. ¶ 3.

[3] The Board concedes that it issued an investigative subpoena. An investigative subpoena is one used to gather evidence to determine whether a complaint or compliance specification should issue. Application ¶ 4; Opp'n, p.5.

6, Ex. 4.  BCI objected to the subpoena on the grounds that the subpoena seeks information that is irrelevant, overly burdensome to produce, vague and overbroad in scope, confidential, and protected by the attorney-client privilege.  Application Ex. 4, p.16.  The Regional Office agreed to modify the temporal scope of certain requests in the subpoena.  Application Ex. 5, p.21.  The Board ultimately denied the petition to revoke the modified subpoena on November 20, 2007.  Application Ex. 5, p.21.

On December 5, 2007, the Board's Regional Director ordered the COR to appear at the Regional Office on December 20 to provide the testimony and documents described in the subpoena.  Application Ex. 6, pp.23-24.  The Regional Director and BCI then agreed to reschedule the COR's appearance for December 21.[4]  Application ¶ 7.  But the COR failed to appear that day.  Application Ex. 7, pp.25-31.  Instead, one of BCI's lawyer's, Warren Nelson, appeared–not as the Charged Parties' COR–but as their attorney.  Application Ex. 7, pp.31-51.  He gave some redacted documents to the Board.  Application Ex. 7, pp.31-51.  He had additional responsive documents but withheld them, as well as the originals of the redacted documents, on the basis that they contain proprietary trade secrets.  Application ¶ 8, Ex. 7, pp.46-47.  Mr. Nelson explained that he had no personal knowledge regarding the documents' contents, was not involved in their creation, and was not responsible to maintain them for the Charged Parties.  Application Ex. 7, p.39.

At the December 21 appearance BCI offered the Board the opportunity to conduct an in camera review of all the withheld information, and/or to receive copies of that information upon assurance that the Board would keep the information confidential.  Nelson Decl. ¶ 9.  The Board declined the offers.  Nelson Decl. ¶ 9.  BCI explains that it does not want to turn over any proprietary information absent protective measures because the Charging Parties deal directly, on a regular basis, with BCI's competitors, namely, Southern California Pepsi bottlers.  Coyle Decl. ¶ 3 [Doc. No. 7-8].  The information requested included documents discussing BCI's distribution model in Southern California, which BCI alleges would lead to competitors learning about the volume predictions for its products and its expansion plans.  Coyle Decl. ¶ 4; Opp'n, p.3, n.1.

///

---

[4] BCI says that they only committed to producing documents, not to appearing for a deposition, for the rescheduled appearance on December 21.  Nelson Decl. ¶ 6 [Doc. No. 7-2].

## SUBJECT MATTER JURISDICTION.

District courts have the power to order enforcement of Board-issued subpoenas where the subpoenaed party engages in contumacy or refuses to obey the subpoena. 29 U.S.C. § 161(2). The appropriate district court is in the district within which the inquiry is carried on or where the party engaging in the contumacious conduct is found or resides or transacts business. 29 U.S.C. § 161(2). Here, BCI resides and transacts business within this judicial district. Mem. Ps&As, p.4.

When enforcing an administrative subpoena under the Act, the Court shall treat the Board's application as a dispositive matter. *NLRB v. Cable Car Advertisers, Inc.*, 319 F.Supp. 2d 991, 995-996 (N.D. Cal. 2004). The purpose of commencing the action with an application instead of a complaint is to ensure "the expeditious discharge of the agency's responsibilities." *NLRB v. Interstate Dress Carriers, Inc.*, 610 F.2d 99, 112 (3d Cir. 1979); *see* 29 U.S.C. § 161(2) ("application...order rather than judgment...no formalities of a civil suit"). Here, the Board filed the Application to compel enforcement of its subpoena. Based on the applicable law, this Court recommends finding that the Application is properly before this Court and that this Court has subject matter jurisdiction to issue an order on it.

## DISCUSSION

The Board alleges that BCI's failure to comply with the subpoena constitutes contumacious conduct within the meaning of section 11(2) of the Act. Application ¶ 9. It argues that BCI's conduct has impeded and continues to impede the Board in investigating the unfair labor charges against the Charged Parties, and from carrying out its duties and functions under the Act. Application ¶ 9. BCI argues that the Court should not enforce the subpoena because (1) there are defects in the Board's application; (2) the subpoena is overbroad; and (3) the Board is unwilling to take any steps to ensure BCI's proprietary information will remain confidential. Opp'n, p.2.

**Legal Standard.**

Courts shall conduct a narrow scope of inquiry for an agency subpoena enforcement proceeding. *NLRB v. North Bay Plumbing, Inc.*, 102 F.3d 1005, 1007 (9th Cir. 1996) (finding the Board's investigative subpoenas were not overly broad and affirming their enforcement). When deciding whether to enforce agency subpoenas, courts shall consider whether: (1) Congress granted the authority to investigate; (2) procedural requirements were followed; and (3) the evidence sought is relevant and

material to the investigation. *Id.* (citations omitted) If this three-fold test is satisfied, the Court must enforce the subpoena, unless the objecting party can prove that the information sought is unreasonable because it is unduly burdensome or overly broad. *Id.* at 1008.

**Analysis.**

    **1.    The Board's Authority to Investigate.**

Congress has granted the Board authority to investigate unfair labor charges: "The Board, or any member thereof, shall upon application of any party to such proceedings, forthwith issue to such party subpoenas requiring the attendance and testimony of witnesses or the production of any evidence in such proceeding or investigation." 29 U.S.C. § 161(a). "The language of [the Act] is clear. The Board may issue subpoenas requiring both the production of evidence and testimony during the investigatory stages of an unfair labor practice proceeding." *NLRB v. SEIU, Local 521*, 2008 WL 152176, *2 (N.D. Cal. 2008) (citing *North Bay Plumbing*, 102 F.3d at 1008).

    **2.    Procedural Requirements for the Board's Application.**

        **a.    Procedure When Issuing the Subpoena.**

BCI challenges the procedure the Board followed when issuing the subpoena, and says the Board did not show compliance with the written application requirement. When issuing a subpoena, the Board must complete a written application that includes a statement to the Regional Director detailing the scope and relevance of the information sought. 29 C.F.R. § 102.31(a); Rules, § 1170.1.

BCI says the Board has not shown the written application from Field Examiner Tirza Castellanos to show that it complied with section 102.31. But the Rules provide that the application need not be served on the responding party. 29 C.F.R. § 102.31. Even though not required, the Board did show that it complied with this requirement, as explained in the declaration of William Pate. *See* Pate Declaration, Reply, Ex. 2 [Doc. No. 8]. This Court recommends finding that the Board followed the requisite procedure under 29 C.F.R. § 102.31(a) and properly issued the subpoena.

        **b.    Pre-Complaint Testimony.**

BCI argues that under the Rules, a pre-complaint subpoena can only compel the production of documents, and not testimony. It says that at the pre-complaint stage the Board can hold only an investigatory interview, and not a deposition. BCI says that the Board can hold a deposition later only if

a complaint issues. The Board says that it is not seeking to compel a pre-complaint deposition, but seeks to do an investigatory examination under oath, before a court reporter, as permitted by the Rules.

The Rule specifically says that "[w]itnesses shall be examined orally under oath, except that for good cause shown after the issuance of a complaint, testimony may be taken by deposition." 29 C.F.R. § 102.30. Further, the Rule regulating the general procedures for issuing subpoenas and petitions to revoke them, 29 C.F.R. § 102.31, "does not expressly prohibit the use of pre-complaint subpoenas requiring testimony." *North Bay Plumbing*, 102 F.3d at 1008; *see SEIU*, 2008 WL 152176 (recommending that Respondent's COR be deposed and answer any and all questions relevant and material to the subpoenaed documents). "In fact, section 102.31(e) addresses the rights of 'persons compelled to submit data or evidence in the nonpublic investigative stages of proceedings' to inspect transcripts of their testimony and copy documents produced."

In *North Bay Plumbing*, the Board issued several investigative subpoenas. The subpoenas required the COR to testify and produce documents and also required three North Bay officers to appear and testify. *Id.* at 1007. The Ninth Circuit affirmed the district court's order enforcing the Board's investigative subpoenas and rejected North Bay's procedural and substantive due process arguments. *Id.* at 1009.

Here, the Board seeks to do an investigatory examination under oath and before a court reporter. Section 102.30 permits the Board to conduct such an examination. This oral examination–while under oath and transcribed–is, according to the Rules, distinct from a deposition taken in conjunction with a post-complaint administrative proceeding. Further, the ruling case law requires that such investigative subpoenas, particularly ones that seek the testimony of a COR, must be enforced. For these reasons, this Court recommends finding that the Board's investigative subpoena requiring BCI's COR to appear and provide testimony under oath before a court reporter is proper.

  **3. Scope of the Information Sought.**
    **a. Relevance.**

BCI says that because the Board has received an accurate and representative sampling of the available documents and has refused to inspect remaining documents, any additional production will not change the Board's mind on whether a complaint should issue. In other words, BCI argues that the

subpoena seeks information beyond what is actually needed and is thus intrinsically overbroad.

Information sought through a subpoena is relevant so long as the subpoena "touches a matter under investigation." *Cable Car Advertisers*, 319 F.Supp. 2d at 998. The Board is investigating allegations that BCI failed to bargain in good faith regarding the opening of a new facility and the effects of that decision. The Board subpoenaed eight categories of documents that all relate to BCI's decision to move to the Oceanside facility. *See* Application Ex. 2, pp.9-10. The evidence sought in the subpoena is relevant to the Board's investigation. BCI's disingenuous argument that the Board already has a "representative sampling" of the documents has no impact on the documents' relevance. Because the information sought is not overbroad in scope, this Court recommends finding that the subpoena is proper because it seeks evidence that is relevant and material to the investigation.

### b.    Confidential Information.

BCI argues that if the Court orders compliance with the subpoena, it should ensure the confidentiality of BCI's documents and enter a protective order that limits the Board from disclosing the requested information to anyone other than its own staff. BCI also asks that public electronic access not be provided to the documents contained in Exhibit 7 of the Board's application, which consists of BCI's responses to date to the subpoena. The Board argues that BCI waived its argument for a protective order because it did not raise that objection in its petition to revoke or modify the subpoena. If the Court does, however, require a protective order, the Board requests that it be narrowly limited to affect only the Board's investigation, so that if this matter does proceed to complaint and trial, any limit on public disclosure of documents would be left to an administrative law judge.

The Federal Rules of Civil Procedure apply to proceedings to compel testimony or the production of documents through a subpoena issued by a United States agency under a federal statute. Fed. R. Civ. Proc. 81(a)(5). If deciding to enforce a subpoena, a court can protect the production of confidential information produced in response to the subpoena by use of a protective order. *Cable Car Advertisers,* 319 F.Supp. at 999 (stating that any privacy and/or proprietary concerns may be addressed by producing documents subject to a protective order); *SEIU,* 2008 WL 152176 at *3 (finding that "any confidentiality concerns attendant to the disclosure of some information called for by the subpoenas . . . may be addressed by production subject to a protective order").

BCI has raised legitimate concerns regarding the production of its confidential information and potential for disclosure to its competitors. This Court recommends finding that these issues can be properly addressed through use of a protective order. If this Court enters a protective order, it should be limited to only the Board's investigation, so that if this matter proceeds to a complaint or trial, an administrative law judge familiar with the case can provide prompt decisions regarding the public disclosure of evidence.

Regarding the public filing on this Court's docket of the documents that BCI has already produced, this Court recommends finding that BCI waived its argument that those documents be precluded from public view. BCI redacted those documents and produced them without mentioning any need to protect them from public disclosure. And, at the time BCI produced those documents, it made a conscious decision to withhold other documents on the basis of confidentiality. Therefore, this Court recommends finding no good cause to strike BCI's produced documents from the public record.

### CONCLUSION

Based on the preceding discussion, this Court **RECOMMENDS** that the district court:

1. Take judicial notice of the Rules pursuant to 44 U.S.C. § 1507;
2. Find that it has subject matter jurisdiction to hear this Application, which was properly brought before this Court;
3. Find that the subpoena is procedurally proper; and
5. **GRANT** the Board's application for an order to enforce the subpoena.

This Court **FURTHER RECOMMENDS** that:

1. The parties be compelled to lodge a proposed joint protective order limited to affect only the Board's investigation, within seven days of the district judge's order;
2. BCI be compelled to comply with all the document production required by the subpoena within ten days of the district judge's order; and
3. BCI be compelled to provide its custodian of records to appear before the Board to answer any and all questions, under oath and before a court reporter, relevant and material to the subpoenaed documents, within thirty days of the district judge's order.

///

1  This Report and Recommendation is submitted to the United States district judge assigned to this
2 case pursuant to 28 U.S.C. § 636(b)(1). Any party may file written objections with the Court and serve
3 a copy on all parties on or before ***March 17, 2008***. The document should be captioned "Objections to
4 Report and Recommendation." Any response to the objections shall be filed and served on or before
5 ***March 24, 2008***. Failure to file objections within the specified time may affect the scope of review on
6 appeal. *Baxter v. Sullivan*, 923 F.2d 1391, 1394 (9th Cir. 1991).

7 DATED: March 7, 2008

  Hon. Nita L. Stormes
  U.S. Magistrate Judge